The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIVENDI S.A.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>T-MOBILE USA, INC., T-MOBILE DEUTSCHLAND GMBH, T-MOBILE INTERNATIONAL AG, DEUTSCHE TELEKOM AG, and ZYGMUNT SOLORZ-ZAK,<br><br>　　　　　　Defendants. | No. CV06-1524 JLR<br><br>MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY<br><br>*Note on Motion Calendar:*<br><br>*March 13, 2007* |

## I.    INTRODUCTION

Defendants Deutsche Telekom AG, T-Mobile International AG, T-Mobile Deutschland GmbH, and T-Mobile USA, Inc. (collectively, the "DT Defendants") ask the Court to stay discovery in this action pending resolution of their motion to dismiss. Pursuant to the Court's February 9, 2007 Order, the DT Defendants expect to file that motion to dismiss on or before April 19, 2007.

As Plaintiffs' Second Amended Complaint admits, this case is the latest installment in a long-running dispute among European entities over the ownership of a Polish

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
(CV6-1524 JLR) — 1

SEA 1957504v1 0048172-000239

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699

telecommunications company, Polska Telefonia Cyfrowa sp. z o.o. ("PTC"). Dozens of tribunals across Europe have become embroiled in resolving the conflict among Deutsche Telekom AG (and its German subsidiaries) ("DT"), Vivendi S.A., a French company, and Elektrim S.A., a Polish company, over the ownership of PTC. After close to 8 years of litigation and arbitration in Poland, Austria, the United Kingdom, Switzerland, France, and Germany, Vivendi has now pursued the tactic of asserting claims in this Court under the Racketeer Influenced and Corrupt Organizations provisions of the Organized Crime Control Act of 1970 ("RICO").

Vivendi, which has apparently struggled to find a way to plead a RICO claim, just recently filed its Second Amended Complaint on February 20, 2007. The DT Defendants expect to file a motion to dismiss the Second Amended Complaint on several grounds, including (1) *forum non conveniens*, (2) lack of subject matter jurisdiction, (3) failure to state a claim under RICO, and (4) lack of personal jurisdiction over the German DT Defendants. Having been made aware of the DT Defendants' intentions when the parties held a meet and confer to discuss the First Amended Complaint, Vivendi served, on January 9, 2007, wide-ranging requests for the production of documents on each of the German DT Defendants.

Vivendi's attempt to take discovery is premature and improper. For the following reasons, the DT Defendants respectfully request that the Court enter a protective order staying discovery while the Court considers the DT Defendants' motion to dismiss:

***First***, the DT Defendants' motion will seek dismissal based on the doctrine of *forum non conveniens*, which the DT Defendants will suggest that the Court should address before reaching other grounds for dismissal and which the Court can resolve without discovery. Having initiated and participated in proceedings across Europe relating to this dispute (many

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
(CV6-1524 JLR) — 2

SEA 1957504v1 0048172-000239

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

of which are still ongoing), Vivendi needs no discovery to discuss the facts germane to the *forum non conveniens* motion.

***Second***, at the very least, the Court should stay discovery until the DT Defendants have filed their motion to dismiss. By awaiting the filing of the motion to dismiss, the Court will be able to determine, on the basis of the defenses actually pled, whether the Second Amended Complaint and motion to dismiss have raised any issues that require discovery. Under controlling Ninth Circuit authority, even if the Court elects to reach the DT Defendants' jurisdictional or other defenses before resolving the *forum non conveniens* issue, discovery is likely to be entirely unnecessary.

## II.     FACTUAL BACKGROUND

Vivendi's Second Amended Complaint admits that Vivendi, DT, and Elektrim have litigated this dispute over the ownership of PTC before a multitude of European arbitral tribunals and national courts since 1999. Now, Vivendi seeks to open a new front to rescue its unsuccessful European litigation strategy, by adding a forum in the United States (which has no interest in determining who owns one of Poland's leading telecommunications companies). As reflected by Vivendi's service of discovery requests before it filed its operative complaint and before the DT Defendants have moved to dismiss, Vivendi seeks to use this Court's processes to obtain discovery from the DT Defendants that it has had no right to obtain in the multiple past and pending proceedings abroad.

As the Court would expect, the DT Defendants disagree vehemently with the misleading and incomplete characterizations of material events set forth in Vivendi's Second Amended Complaint. Nevertheless, the facts relevant to this motion for a protective order can be taken largely from Vivendi's pleading.

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
(CV6-1524 JLR) — 3

SEA 1957504v1 0048172-000239

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

### A. The Dispute Over PTC

DT, Elektrim, and several other investors founded PTC in 1995. (*See* Second Amended Complaint ("Compl.") ¶¶ 28-30.) PTC's original shareholders entered into a Shareholders Agreement and Deed of Formation that contained express protections preventing third parties from entering into the joint venture and otherwise guaranteeing the rights of the original PTC shareholders. (*See id.* ¶¶ 29 (Shareholders Agreement), 38 (Deed of Formation).) These protections included express prohibitions against any transfer of PTC shares without the unanimous consent of PTC's existing shareholders, and a Call Option that could be exercised over a shareholder's PTC shares in the event it committed a serious, intentional breach of the parties' agreements. (*See id.* ¶ 29 (discussing Call Option).)

From 1999 through 2001, Vivendi and Elektrim entered into a series of agreements to establish a joint venture called Elektrim Telekomunikacja Sp.zo.o ("Telco"), which the two companies would jointly own and which would, according to their plan, ultimately hold the entirety of Elektrim's 48% shareholding in PTC. (*Id.* ¶ 36.) To implement this strategy, Vivendi and Telco paid Elektrim (ultimately, more than 1 billion euros) to induce Elektrim to transfer its 48% direct PTC shareholding to Telco. (*See id.*) As the Second Amended Complaint implies, Vivendi and Telco purported to enter into this transaction without obtaining DT's approval and without obtaining the required approval from PTC's corporate bodies.

In response to these deliberate breaches of the PTC Shareholders Agreement and Deed of Formation, DT pursued claims against Telco and Elektrim in arbitration in Vienna, Austria (the "Vienna arbitration"), pursuant to arbitration clauses contained in the PTC Shareholders Agreement and Deed of Formation. (*See id.* ¶ 44.) In the Vienna arbitration, DT sought

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
(CV6-1524 JLR) — 4

SEA 1957504v1 0048172-000239

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

declarations that the purported Telco transfer was ineffective, that Elektrim continued to own the 48% PTC shareholding, and that Elektrim had committed a material default of its obligations under the joint venture agreements, entitling DT to exercise the Call Option over Elektrim's PTC shares.

After more than four years of arbitral proceedings, the tribunal in the Vienna arbitration unanimously issued an award in DT's favor in November 2004. (*See id.* ¶ 57.) The award declared that the purported transfer of Elektrim's PTC shares to Telco pursuant to Elektrim's agreements with Vivendi was deliberately wrongful and ineffective as a matter of Polish law. (*See id.*) The award also held that Elektrim remained the owner of the 48% PTC shareholding at all material times. (*Id.*) The tribunal ruled that Elektrim had materially breached its joint venture obligations to DT and that, if it failed to restore the status quo of the PTC shareholders within two months, Elektrim would be in material default under the Shareholders Agreement, entitling DT to exercise its Call Option. (*Id.*) The arbitral tribunal also declared that it did not have jurisdiction over DT's claims against Telco because, in light of the ineffectiveness of the attempted Telco transfer, Telco had never become a PTC shareholder. (*See id.*)

Despite the November 2004 award, Vivendi and Telco have continued their efforts to interfere with the PTC joint venture and DT's contractual rights by, among other things, filing multiple new proceedings in Poland, Austria, the United Kingdom, France, and Germany. (*See id.* ¶¶ 61-62, 70, 79 (proceedings in Poland); 118 (proceedings in Austria); 90 (proceedings in the United Kingdom).) In their motion to dismiss, the DT Defendant will provide more detail concerning these proceedings, which involve efforts by Vivendi to frustrate the November 2004 award and to interfere with DT's rights as a PTC shareholder.

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
(CV6-1524 JLR) — 5

SEA 1957504v1 0048172-000239

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699

For purposes of this motion, it suffices to note that Vivendi obviously would not have filed this lawsuit in Seattle -- over 5,000 miles from Warsaw -- if it had enjoyed any success in the multiple arbitrations and litigations in Europe concerning the ownership of PTC.

### B.    The Proceedings to Date

Vivendi filed this action on October 23, 2006.  Vivendi has made clear that it brought this case in part to attempt to obtain discovery in the United States that it would not have any right to obtain in the many litigations and arbitrations in which it is involved in Europe.  Indeed, during the press conference Vivendi organized to announce the filing of its RICO complaint in this Court, Vivendi's counsel stated:

> At this juncture, nobody has yet been put under oath from DT or from Elektrim in any of the arbitrations or any of the courtroom procedures in Europe.  Let me repeat that—to date, nobody from DT or Elektrim, including Mr. Solorz, has been put under oath or ordered by a court to produce documents or hard drives or evidence.  In a U.S. court, if this case is allowed to proceed, we will intend to put those individuals under oath and to ask a court to issue a subpoena or to allow us to seek documents under the court's supervision as provided for by United States rules of civil proceedings.

(Final Transcript of Vivendi Press Conference, at 9 (Oct. 24, 2006), attached as Ex. A to Declaration of Stephen M. Rummage ("Rummage Decl.").)

On December 19, 2006, counsel for Vivendi and the DT Defendants participated in a Rule 26(f) discovery planning conference.  (Rummage Decl. ¶ 2.)  During the conference, the DT Defendants explained that they intended to bring a motion to dismiss based on, among other things, the inconvenience of a Seattle forum to these French, German, and Polish parties, the failure to state a RICO claim, and the lack of personal jurisdiction over the German DT Defendants.  (*Id.* ¶ 3.)  Vivendi's counsel suggested that it should be allowed discovery in anticipation of the motion to dismiss; the DT Defendants' counsel disagreed.

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
(CV6-1524 JLR) — 6

SEA 1957504v1 0048172-000239

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699

(*Id.* ¶ 4.) After receiving word that Vivendi finally had served the remaining defendant, Mr. Solorz, the parties decided to put off the filing of their Joint Status Report and discovery plan. (*Id.* ¶ 5.) As a result, the parties never presented to the Court their disagreement as to the sequencing of discovery, as contemplated by Rule 26(f).

On January 9, however, Vivendi served its First Requests for Production of Documents on the German DT Defendants. Although supposedly limited to jurisdictional issues, Vivendi's requests are overbroad, overlap with the merits and cast about for any possible link between the German DT Defendants and the United States. For example, Vivendi asks for "[a]ll documents concerning Robert Dodson," the CEO of Defendant T-Mobile USA; "[a]ll documents concerning both [the German DT Defendants] and T-Mobile USA"; and "[a]ll emails sent to or received from" any person "residing in, domiciled or with a mailing address" in the United States. (*See* Rummage Decl., Exs. B, C & D (Requests for Production, Nos. 33, 36, 23).)[1]

### III.    ARGUMENT

"A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion." *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); *see also* Fed. R. Civ. P. 26(c) (permitting any order that justice requires to protect a party from undue burden or expense).

Courts have acknowledged that requests for protective orders have particular force when a litigant directs discovery at a foreign adversary, such as the German DT Defendants. "American courts, in supervising pretrial proceedings, should exercise special vigilance to

---

[1] As these examples show, the discovery requests have deficiencies far beyond their prematurity. Accordingly, in the event the court denies this motion for a protective order, the DT Defendants respectfully request that they be afforded 30 days from the date of the Court's order in which to serve their responses and objections to Vivendi's requests for production.

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
(CV6-1524 JLR) — 7

SEA 1957504v1 0048172-000239

protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 546 (1987). In particular, U.S. courts have refused to allow the federal discovery rules to be used as a means to obtain evidence from foreign parties that the litigants would have no right to obtain in overseas fora. *See Ente Nazionale Idrocarburi v. Prudential Secs. Group, Inc.*, 744 F. Supp. 450, 458 (S.D.N.Y. 1990) (disapproving Italian plaintiff's "blatant attempt at forum shopping" by bringing "suit in federal court here to exploit our liberal discovery procedures"); *Societe Nationale Pour la Recherche, la Production, le Transport, la Transformation et la Commercialisation des Hydrocarbures v. Gen. Tire & Rubber Co.*, 430 F. Supp. 1332, 1334-35 (S.D.N.Y. 1977) (holding that failure to stay a suit in favor of parallel arbitration would only encourage baseless suits by foreign plaintiffs to use the U.S. courts to obtain discovery for foreign proceedings); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262 n.12 (2004) ("Most civil-law systems lack procedures analogous to the pretrial discovery regime operative under the Federal Rules of Civil Procedure.").

    **A.    Because the Threshold Issue of *Forum Non Conveniens* Does Not Require Discovery, the Court Should Grant a Stay.**

The DT Defendants expect to demonstrate in their motion to dismiss that this Court is the wrong forum in which to decide this dispute. The doctrine of *forum non conveniens* exists precisely for cases such as this, in which many alternative fora have considered, or are considering, the same and similar issues, and in which the balance of private and public interest factors weighs overwhelmingly in favor of dismissal. *See Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991).

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY (CV6-1524 JLR) — 8

SEA 1957504v1 0048172-000239

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

As the DT Defendants will show in their motion, Vivendi cannot contest the availability of alternative fora. The parties have presented their dispute over PTC to courts and arbitral tribunals in Poland, Austria, the United Kingdom, Switzerland, France, and Germany. In addition, the private and public factors to be weighed in the *forum non conveniens* analysis strongly favor dismissal: Vivendi's claims arise out of a dispute between competing companies in the European telecommunications industry over control of a Polish company; the alleged collusion between the DT Defendants and Elektrim allegedly was centered abroad and involved legal proceedings in Poland and Austria; all of the relevant parties, witnesses, and evidence are located outside the United States; procuring the attendance of nonparty witnesses will be difficult, and even the appearance of party witnesses, virtually all of whom reside abroad, will be unnecessarily costly; and resolution of this matter can be reached elsewhere more expeditiously and inexpensively. Further, while the State of Washington and the United States have no interest in this foreign conflict, Poland (where PTC is based and the relevant arbitral award must be enforced), Austria (the location of the Vienna arbitration and the venue for Vivendi's unsuccessful efforts to annul the award), Germany, and France all have significant interests in regulating the conduct alleged in the Amended Complaint.

Courts routinely have held that no discovery is necessary to make the determinations relevant to a *forum non conveniens* motion. *See, e.g.*, *Beekmans v. J.P. Morgan & Co.*, 945 F. Supp. 90, 95 (S.D.N.Y. 1996) ("A motion to dismiss for forum non conveniens does not call for a detailed development of the entire case through discovery . . . ." (citing *Fitzgerald v. Texaco, Inc.*, 521 F.2d 448, 451 n.3 (2d Cir. 1975))). Rather, "[m]otions to dismiss for forum non conveniens may be decided on the basis of affidavits." *Transunion Corp. v. PepsiCo,*

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
(CV6-1524 JLR) — 9

SEA 1957504v1 0048172-000239

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

*Inc.*, 811 F.2d 127, 130 (2d Cir. 1987). As the Supreme Court has recognized in the *forum non conveniens* context, "[r]equiring extensive investigation would defeat the purpose of [the] motion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981).

### B. At a Minimum, the Court Should Stay Discovery Until It Has Reviewed the Motion to Dismiss.

This motion does not require the Court to decide now whether it will decide the *forum non conveniens* issue at the threshold. If the Court has reservations about deciding the *forum non conveniens* issue first and deferring discovery pending resolution of that issue, the DT Defendants urge the Court to enter a stay of discovery until the DT Defendants have filed their dispositive motions, subject to reassessment at that time. In that way, the parties need not plunge headlong into burdensome discovery that may be mooted once the motion has framed the issues. Once the motion has been filed, the Court may have at least two additional reasons to defer discovery:

*First*, we do not currently believe that discovery will be necessary or appropriate with respect to the German DT Defendants' motion to dismiss for lack of personal jurisdiction. Under Ninth Circuit law, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995); *see also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (relying on *Terracom* and affirming denial of jurisdictional discovery where such discovery was not necessary to resolve motion to dismiss); *Skydive Arizona, Inc. v. Quattrochi*, No. CV 05-2656-PHX-MHM, 2006 WL 2460595, at *6 (D. Ariz. Aug. 22, 2006) (denying jurisdictional discovery where it was clear such discovery would be "wholly speculative"). Vivendi's attenuated jurisdictional allegations with respect to the German DT

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
(CV6-1524 JLR) — 10

SEA 1957504v1 0048172-000239

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

Defendants—such as the assertion that press releases issued by "T-Mobile" in Europe were "upon information and belief ... carried over U.S. wires to the U.S. bondholders of" Elektrim, a Polish company (Compl. ¶ 133)—invite caution in subjecting those companies to jurisdiction in a forum thousands of miles away from their home country.

In any event, until the DT Defendants file their motion to dismiss (and supporting declarations), it would be premature to decide what discovery, if any, the Court should permit of the German DT Defendants to resolve the motion. Vivendi is "not entitled to jurisdictional discovery as a matter of course." *Tropos Networks Inc. v. IPCO LLC*, No. C 05-04281 JSW, 2006 WL 1305233, at *2 (N.D. Cal. May 11, 2006) (denying jurisdictional discovery where plaintiff offered only "bare allegations as to what jurisdictional discovery 'may' show"). Rather, Vivendi must first make a "showing that any sworn testimony presented by defendants is disputed" and must "point[] out the existence of any facts that, if shown, would warrant the exercise of personal jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. C 02-1486 PJH, 2005 WL 2988715, at *9 (N.D. Cal. Nov. 7, 2005) (rejecting claim that plaintiffs "are entitled to jurisdictional discovery as a matter of course prior to the grant of defendants' motion to dismiss" and denying discovery where plaintiffs made no showing that defendants' sworn statements were disputed).

***Second***, the Second Amended Complaint purports to state causes of action for alleged violations of Sections 1962(b), (c) and (d) of RICO, and the DT Defendants expect to move to dismiss for failure to state a claim and lack of subject matter jurisdiction. The Ninth Circuit consistently has upheld stays of discovery pending motions to dismiss RICO claims. *See Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1110-11 (9th Cir. 2003) (affirming district court order that RICO plaintiff "not entitled to discovery" prior to motion to dismiss); *Jarvis v.*

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
(CV6-1524 JLR) — 11

SEA 1957504v1 0048172-000239

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

*Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (same).  Further, like *forum non conveniens*, the Court's subject matter jurisdiction can be resolved, and the claim dismissed, without discovery.  *See Terracom*, 49 F.3d at 562.  Finally, while courts ordinarily address personal jurisdiction before resolving motions to dismiss under Fed. R. Civ. P. 12(b)(6), the DT Defendants do not expect to challenge personal jurisdiction over T-Mobile USA, whose motion to dismiss the RICO claims therefore could be resolved without jurisdictional discovery.

## CONCLUSION

For the foregoing reasons, the DT Defendants respectfully request that the Court enter a protective order staying discovery in this action pending the resolution of the DT Defendants' forthcoming motion to dismiss.

DATED this 2nd day of March, 2007.

Davis Wright Tremaine LLP
Attorneys for Defendants
T-Mobile USA, Inc., T-Mobile Deutschland GmbH, T-Mobile International AG, and Deutsch Telekom AG

By */s/ Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168
Steven P. Caplow, WSBA #19843
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101-1688
Telephone: (206) 628-7755
Fax: (206) 628-7699
E-mail: steverummage@dwt.com
E-mail: stevencaplow@dwt.com

*Of Counsel:*

Roger M. Witten
John V.H. Pierce
WILMER CUTLER PICKERING HALE
  and DORR LLP
399 Park Avenue
New York, NY  10022
Telephone:  212-230-8800

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
(CV6-1524 JLR) — 12

SEA 1957504v1 0048172-000239

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699

# CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007, I electronically filed the foregoing Motion for a Protective Order to Stay Discovery with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Robert E. Rohde:    brohde@rohdelaw.com

    Lanny J. Davis:    ldavis@orrick.com

DATED this 2nd day of March, 2007.

    Davis Wright Tremaine LLP
    Attorneys for Defendants T-Mobile USA, Inc., T-Mobile Deutschland GmbH, T-Mobile International AG, and Deutsch Telekom AG

By */s/ Stephen M. Rummage*
    Steven P. Caplow, WSBA #19843
    Davis Wright Tremaine LLP
    2600 Century Square
    1501 Fourth Avenue
    Seattle, WA 98101-1688
    Telephone: (206) 628-7755
    Fax: (206) 628-7699
    E-mail: steverummage@dwt.com

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY
(CV6-1524 JLR) — 13

SEA 1957504v1 0048172-000239

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699