HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIVENDI S.A., <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE USA, INC., T-MOBILE DEUTSCHLAND GMBH, T-MOBILE INTERNATIONAL AG, DEUTSCHE TELEKOM AG, AND ZYGMUNT SOLORZ-ZAK, <br><br> Defendants. | NO. CV6-1524 JLR |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Pursuant to this Court's Order Regarding Initial Disclosures, Joint Status Report and Early Settlement dated October 30, 2006 (the "Scheduling Order"), and Minute Order dated February 9, 2007, the parties submit this Joint Status Report. Defendants Deutsche Telekom AG, T-Mobile International AG, T-Mobile Deutschland GmbH, and T-Mobile USA, Inc., (collectively, the "DT Defendants") in joining this Report, do not waive any defenses, including, but not limited to, lack of subject matter jurisdiction and lack of personal jurisdiction.

On December 19, 2006, counsel for all the parties except Defendant Zgymunt Solorz-Zak participated in a Rule 26(f) conference. Plaintiff was represented by Garret Rasmussen and Robert Rohde. The DT Defendants were represented by Roger M. Witten, John V.H. Pierce and

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
cv6-1524 JLR

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

Stephen M. Rummage. The following paragraphs correspond to the paragraph numbers in the Court's Scheduling Order. On those issues upon which the parties could not agree, they have provided separate statements.

### 1. Statement of the Nature and Complexity of the Case

   a.   <u>Plaintiff's Statement</u>

The Second Amended Complaint, which was filed on February 20, 2007 alleges that Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(b) (c) and (d) (the "RICO Act") by engaging in a pattern of racketeering activity, including U.S. wire fraud, to take over and corrupt a leading wireless Polish telephone company, Polska Telefonia Cyfrowa sp. zo.o. ("PTC") and to conduct the affairs of two enterprises – the T-Mobile wireless network and Elektrim S.A. ("Elektrim") in a corrupt manner. The Second Amended Complaint further alleges that the RICO violations have harmed U.S. commerce by, *inter alia*, corrupting the international wireless telephone network operated by the DT Defendants, which covers both the United States and Poland and of which PTC now is a part, and by harming U.S. bondholders of Elektrim, and that the complained of conduct proximately caused plaintiff's injuries.

This is a complex case involving numerous witnesses and transactions, and it involves conduct in both the United States and Europe.

   b.   <u>DT Defendants' Statement</u>

This case involves a longstanding business dispute between a French company plaintiff and German company defendants over control of a Polish telecommunications company, Polska Telefonia Cyfrowa sp. zo.o. ("PTC"). The dispute over PTC has been the subject of numerous lawsuits and arbitrations throughout Europe over the last nearly 8 years. In the Second Amended Complaint, Plaintiff alleges that the DT Defendants violated the Racketeer Influenced and Corrupt Organizations provisions of the Organized Crime Control Act of 1970 ("RICO"), 18

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
cv6-1524 JLR

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

U.S.C. §§ 1962(b), (c) and (d) (the "RICO Act"), by engaging in U.S. wire fraud that constituted racketeering activity, which allegedly led to their acquisition of an interest in PTC. Plaintiff alleges that it was the rightful owner of that interest.

This is a complex dispute involving foreign parties, foreign transactions and conduct, foreign legal systems and foreign public policies. Plaintiff's claims relating to the PTC joint venture have no genuine connection to the United States or U.S. law and do not belong in a U.S. court. Plaintiff has asserted many of these claims in other fora around the world. Many of these proceedings are still pending.

## 2. Statement Regarding Which ADR Method Should be Used.

### a. Plaintiff's Statement

Plaintiff believes that mediation could assist the parties in resolving their dispute.

### b. DT Defendants' Statement

In light of the background described in paragraph 1(b), and because it appears that this Court lacks subject matter jurisdiction, personal jurisdiction over the German defendants, and may be an inappropriate forum for other reasons, the DT Defendants do not believe that mediation would be appropriate.

## 3. Timing of ADR

### a. Plaintiff's Statement

The ADR should take place as soon as possible.

### b. DT Defendants' Statement

For the reasons stated above, the DT Defendants do not believe that mediation could assist the parties in resolving this dispute.

## 4. Joining Additional Parties

The parties agree that the deadline for adding additional parties should be six months after all parties have filed answers (if any).

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
cv6-1524 JLR

## 5. Discovery Plan

### a. Plaintiff's Statement

Counsel for the DT Defendants has indicated that the non-U.S. DT Defendants will be filing motions to dismiss based on personal jurisdiction and subject matter jurisdiction as well as other issues. Because Plaintiff is not now aware of all of the U.S. conduct of the non-U.S. DT Defendants, Plaintiff served on January 9, 2006, document requests on the DT Defendants limited to jurisdictional issues.

Plaintiff is today making Rule 26(a) initial disclosures to the DT Defendants.

Plaintiff proposes that discovery be staged, with the initial phase limited to issues relating to jurisdictional issues. The initial phase would last until July 31, 2007. The second phase of discovery would be merits discovery. Plaintiff anticipates that merits discovery will take at least one year but not more than two years.

Given the complexity of this case, no initial limit should be imposed on depositions, document requests, or interrogatories.

### b. DT Defendants' Statement

The Court should determine whether it is the appropriate forum and whether it has jurisdiction over this dispute and these parties before Plaintiff should be permitted to seek discovery. Because this dispute is between French and German companies about control over a Polish company and has already been the subject of numerous proceedings throughout Europe, the DT Defendants intend to file a motion to dismiss on multiple grounds, including *forum non conveniens*, lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. By agreement of the parties, the DT Defendants expect to file the motion on or before April 19, 2007.

On January 9, 2007, Plaintiff served wide-ranging requests for production of documents directed to each of the three German DT Defendants. Such discovery is premature and

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
cv6-1524 JLR

unwarranted. As set forth in the DT Defendants' motion for a protective order, the DT Defendants respectfully request that the Court stay all discovery until the Court has decided the DT Defendants' motion to dismiss. The DT Defendants will suggest that it would be appropriate and efficient for the Court to consider their *forum non conveniens* arguments first, in advance of its consideration of their jurisdictional and merits-based grounds for dismissal. No discovery is necessary in order to decide the *forum non conveniens* issue. Moreover, even if the Court were to address the jurisdictional issues first, the DT Defendants do not believe that any discovery would be necessary or appropriate. Accordingly, no discovery – jurisdictional or otherwise – should be necessary in order for the Court to decide the forthcoming motion to dismiss.

Although it is premature to discuss the limits that should be placed on any merits-related discovery, the DT Defendants reserve their rights to request such limits in the event that any merits-related discovery proceeds.

In light of the circumstances described above, the DT Defendants do not believe that Initial Disclosures are appropriate in this case and therefore object to such disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**6. Discovery Cut-Off**

a. Plaintiff's Statement

First-stage discovery should be completed by July 31, 2007. It is too early to set a discovery cut-off with respect to second-stage discovery.

b. DT Defendants' Statement

As outlined in paragraph 5, the DT Defendants will ask the Court to stay all discovery pending resolution of their motion to dismiss. It is not possible at this time to set a cut-off date for any discovery that may take place in the event that the DT Defendants' motion for a protective order or motion to dismiss is not granted.

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
cv6-1524 JLR

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

### 7. Involvement of Magistrate Judge

The Parties do not consent to the referral of this case to a Magistrate Judge.

### 8. Bifurcation

#### a. Plaintiff's Statement

Plaintiff proposes bifurcation of discovery, with discovery on jurisdiction continuing until July 31, 2007 and merits discovery starting on August 1, 2007, and continuing at least a year. There is no need to bifurcate the issues relating to liability and damages.

#### b. DT Defendants' Statement

As outlined in paragraph 5, the DT Defendants contend that all discovery should be stayed pending resolution of DT Defendants' motion to dismiss. Based on the allegations in the Second Amended Complaint, the DT Defendants currently see no need to bifurcate the issues relating to liability and damages.

### 9. Pretrial Statements and Pretrial Order

There is no reason to dispense with the pretrial statements and pretrial order contemplated by Local Rules CR 16(e).

### 10. Suggestions for Shortening or Simplifying Case

At this time the parties have no suggestions for shortening or simplifying the case other than those set forth in other paragraphs of this Joint Report.

### 11. The Date the Case Will be Ready for Trial

The parties are not now in a position to propose a date for trial. Among other things, the Court must first determine whether it is an appropriate forum and has jurisdiction over the subject matter and the German DT Defendants.

### 12. Jury Trial

The trial will be a jury trial.

### 13. Number of Trial Days

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

The parties are not now in a position to propose the number of trial days.

### 14. The Identity of Trial Counsel

Trial counsel for the Plaintiff will be Lanny J. Davis, Garret G. Rasmussen, and Robert Rohde. Messrs. Rasmussen and Davis are partners at Orrick, Herrington, & Sutcliffe, 3050 K St., Washington D.C. 20007. Mr. Davis telephone number is 202-339-8442. Mr. Rasmussen's telephone number is 202-339-8481. Mr. Rohde is a member of Rohde & Van Kampen, PLLC 1001 Fourth Ave., Suite 4050, Seattle, Washington.

Trial counsel for the DT Defendants will be Roger M. Witten, John V.H. Pierce, and Stephen M. Rummage. Messrs. Witten and Pierce are members of Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022. Mr. Witten's telephone number is 212 230 8850. Mr. Pierce's telephone number is 212-230-8829. Mr. Rummage is a member of Davis Wright Tremaine LLP, 2600 Century Square, 1501 Fourth Avenue, Seattle, Washington 98101. Mr. Rummage's telephone number is 206-628-7755.

Trial counsel for Defendant Solorz-Zak is unknown.

### 15. Service on Mr. Solorz-Zak

#### a. Plaintiff's Statement

On November 13, 2006, Plaintiff transmitted the translated complaint to the Central Authority in Poland for service on Mr. Solorz-Zak in accordance with the Hague Convention. Service is being carried out by the District Court for Warszawa Praga-Poludnie on the basis of a request of the Polish Ministry of Justice which is the central authority for the purpose of service in Poland according to the Hague Convention. The Polish officials were unsuccessful in serving Mr. Solorz-Zak at his business address and are now trying to serve process at his home address. We understand from the Central Authority that service may take several additional weeks.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
cv6-1524 JLR

Plaintiff's counsel has been contacted by a California law firm that stated it might be representing Mr. Solorz. However, it is plaintiff's understanding that the firm has not yet been retained.

On February 14, 2006, Mr. Solorz-Zak sent a letter to Vivendi's Chief Executive Officer referring to this case and demanding that Vivendi drop him from the case.

**16. Scheduling Conference**

No scheduling conference is required prior to the entry of a scheduling order.

DATED this 2nd day of March 2007

Respectfully submitted,

        ROHDE & VAN KAMPEN, PLLC

        By: /s/ Robert E. Rohde
        Robert E. Rohde, WSBA #12809
        1001 Fourth Avenue, Suite 4050
        Seattle, WA 98154-1000
        206-386-7353
        *Attorneys for Plaintiff Vivendi S.A.*
        (206) 386-7353
        (206) 405-2825 (FAX)

        DAVIS WRIGHT TREMAINE LLP

        By: /s/ Stephen M. Rummage
        Stephen M. Rummage, WSBA #11168
        WSBA #11168
        Davis Wright Tremaine LLP
        2600 Century Square
        1501 Fourth Avenue
        Seattle, WA 98101-1688
        (206) 628-7755
        (206) 628-7699
        *Attorneys for Defendants T-Mobile USA, Telekom AG*

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
cv6-1524 JLR