1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

VIVENDI, S.A.,

10
                                    Plaintiff,

11                                                          CASE NO. C06-1524JLR
            v.
12                                                          ORDER
      T-MOBILE USA, INC., et al.,
13
                                    Defendants.
14

15

16                              **I.  INTRODUCTION**

17        This matter comes before the court on a motion for a protective order (Dkt. # 26)

18   from Defendants Deutsche Telekom AG, T-Mobile International AG, T-Mobile

19   Deutschland GmbH, and T-Mobile USA, Inc. (collectively, "DT Defendants").  The court

20   has reviewed the parties' briefing and heard oral argument on the motion.  For the reasons

21   stated on the record and as set forth below, the court GRANTS in part and DENIES in

22   part DT Defendants' motion for a protective order (Dkt. # 26).  The court STAYS

23   discovery with limited exceptions as described below.

24

25                              **II.  BACKGROUND**

26        Plaintiff Vivendi, S.A. ("Vivendi"), a French media company, brought this action

27   against DT Defendants and a Polish citizen, Zygmunt Solorz-Zak, alleging that they

28   defrauded Vivendi out of a $2.5 billion dollar investment in a Polish telecommunications

ORDER – 1

company, Polska Telefonia Cyfrowa sp. zo.o. ("PTC"). Vivendi asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(b)-(d).

The parties agreed to extend the deadline for DT Defendants to answer or move to dismiss the complaint to April 19, 2007. See Minute Order of February 9, 2007 (Dkt. # 18). DT Defendants indicated that they intend to file a motion to dismiss the complaint on several grounds, including (1) forum non conveniens, (2) lack of subject matter jurisdiction, (3) failure to state a claim under RICO, and (4) lack of personal jurisdiction over the German entities of DT Defendants. Mot. at 2.

The parties disagree as to whether any discovery should be conducted prior to the court's ruling on DT Defendants' anticipated motion to dismiss. On January 9, 2007, Vivendi served its first requests for production of documents on the German entities of DT Defendants. While Vivendi characterizes these requests as limited to jurisdictional issues, DT Defendants contend that they are not only premature, but "overbroad, overlap with the merits, and cast about for any possible link between German DT Defendants and the United States." Mot. at 7.[1]

On March 2, 2007, DT Defendants moved for a protective order to stay all discovery pending resolution of their motion to dismiss. DT Defendants urge the court to address forum non conveniens before reaching other grounds for dismissal because this issue is dispositive and, as they contend, requires no discovery.

---

[1]DT Defendants provide the following examples of Vivendi's requests: "[a]ll documents concerning Robert Dodson," the CEO of T-Mobile USA; "[a]ll documents concerning both [the German DT Defendants] and T-Mobile USA;" and "[a]ll emails sent to or received from" any person "residing in, domiciled or with a mailing address" in the United States. See Rummage Decl., Exs. B, C, D (RFP Nos. 33, 36, 23) (Dkt. # 27).

ORDER – 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.  ANALYSIS

Upon motion for a protective order, the court may limit the time, place, and manner of discovery, or bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  A party seeking a stay of discovery carries a "heavy burden" of making a "strong showing" why discovery should be denied.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975) (citation omitted).  Courts apply a "case-by-case analysis" in considering whether to stay all discovery pending the outcome of a dispositive motion.  Skellerup Indus. Ltd. v. City of Los Angeles, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (citation omitted).

DT Defendants contend that Vivendi's discovery requests are unnecessary and unduly burdensome in light of their intent to seek dismissal of Vivendi's suit based on forum non conveniens.  They therefore request a protective order staying all discovery pending the court's ruling on this threshold issue.  DT Defendants further submit that the parties' dispute concerning PTC extends back to 1999 and has been litigated before multiple European arbitral tribunals and national courts.  According to DT Defendants, Vivendi, having been involved in these prior proceedings, needs no additional information to discuss facts germane to the question of forum non conveniens.  Vivendi counters that forum non conveniens is a fact-intensive inquiry and that, at a minimum, it should be permitted to conduct limited discovery into facts relevant to the court's forum non coveniens analysis.

The doctrine of forum non conveniens allows a court to decline to exercise its jurisdiction where litigation in the United States would be seriously inconvenient for one of the parties and a more convenient forum is available elsewhere.  Resolution of the forum non conveniens issue should take place at an early stage of litigation before the

ORDER – 3

parties engage in extensive discovery.  See Piper Aircraft Co. v. Reyno 454 U.S. 235, 258 (1981) ("Requiring extensive investigation would defeat the purpose of [a forum non conveniens] motion.").  The United States Supreme Court recently held that courts may "respond at once to a defendant's forum non conveniens plea, and need not take up first any other threshold question," including subject matter jurisdiction or personal jurisdiction.  Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., __ U.S. __, 127 S.Ct. 1184, 1188-89 (2007).  A motion to dismiss for forum non conveniens does not generally warrant detailed development of the case through discovery.  See, e.g., Beekmans v. J.P. Morgan & Co., 945 F.Supp. 90, 95 (S.D.N.Y. 1996).

     Because it may be dispositive in this case, the court intends to address the issue of forum non conveniens before reaching any alternative ground for dismissal.[2]  Under the circumstances, the court finds that permitting Vivendi to engage in extensive discovery would pose an undue burden on DT Defendants.  Vivendi may, however, pursue discovery that is narrowly tailored to the question of forum non conveniens – i.e. the events and evidence in the United States implicated by this dispute.[3]

     By way of further direction to the parties, the court outlines the scope of permissible discovery as follows.  In its most recent submission to the court, Vivendi proposes an amended request for production of documents.  See Supp. Opp'n, Rohde Decl., Ex. A (Second RFP) (Dkt. # 39).  While Vivendi's amended request continues to be overbroad, the court identifies the following requests as appropriately tailored to the question of forum non conveniens: 1(a), 1(d), and 1(e).  The court directs DT Defendants

---

[2]The court therefore does not reach the parties' dispute concerning jurisdictional discovery at this time.

[3]Under the doctrine of forum non conveniens, the court will consider, inter alia, the physical location of evidence and witnesses, and local interest in the controversy.  See Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1947).

ORDER – 4

to respond to or produce materials pursuant to these three requests by May 17, 2007. The court otherwise stays all discovery.

In light of the court's order permitting Vivendi limited discovery, the court strikes the parties' stipulated deadline of April 19, 2007 for DT Defendants to answer or move to dismiss the complaint and sets a new deadline of May 17, 2007.

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part DT Defendants' motion for a protective order (Dkt. # 26).  Vivendi may propound the limited discovery described above.  The court sets a new deadline of May 17, 2007 for DT Defendants to answer or move to dismiss Vivendi's complaint.

Dated this 18th day of April, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 5