HONORABLE JAMES L. ROBART

1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

| | |
|---|---|
| VIVENDI S.A., | ) |
|                   Plaintiff, | )   NO.  CV6-1524 JLR |
| | ) |
|            v. | ) PLAINTIFF'S MOTION TO COMPEL |
| | ) DISCOVERY |
| T-MOBILE USA, INC., T-MOBILE | ) |
| DEUTSCHLAND GMBH, T-MOBILE | ) |
| INTERNATIONAL AG, DEUTSCHE TELEKOM | ) NOTE ON MOTION CALENDAR: |
| AG, AND ZYGMUNT SOLORZ-ZAK, | ) 07/27/07 |
|                Defendants. | ) |
| | ) |

## I. INTRODUCTION

Pursuant to this Court's April 18, 2007 order, Vivendi had expected that the Deutsche

Telekom defendants ("DT") would produce all responsive documents relating to any

communication between T-Mobile USA and any other defendant concerning the acquisition of

PTC, Vivendi, and Solorz, including such documents from the files of those DT individuals who

served both as  directors of T-Mobile, USA Inc., and employees of the German DT defendants.

However, in their response, DT objected to the inclusion of directors in the definition of T-

Mobile USA and instead defined it to include only its "officers and employees." Vivendi

contends that DT's restriction improperly alters the requests approved by the Court, which

included in its definition of T-Mobile USA "all of its present and former directors."   In

subsequent discussions and letters, DT's counsel confirmed that it did not consider T-Mobile

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

USA directors in its definition of T-Mobile USA.  DT stated that it would not produce documents that were exchanged between individuals that it asserts are only German employees and not within the definition of T-Mobile "simply because certain of those German employees also happen to have been members of the T-Mobile USA Board." (DT Letter dated June 27, 2007 attached as Exhibit A)

Vivendi contends that DT's position too narrowly restricts the discovery ordered by the Court.  Because the *forum non conveniens* requires analysis of the local interest in the controversy, *Gulf Oil v. Gilbert*, 330 U. S. 501, 508-09 (1947); *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1182 (9th Cir. 2006), Vivendi believes it is entitled to any documents relating to communications involving the acquisition of PTC, Vivendi, or Solorz exchanged with other DT defendants by DT individuals who served as T-Mobile USA directors and thus represented the interests of that Washington-based company.  Counsels for the parties have been unable to resolve this disagreement.  Accordingly, Vivendi has filed this motion to compel seeking the Court's guidance.

## II. FACTS

Vivendi has identified at least two DT officials who also served during the period of this controversy on the T-Mobile USA Board of Directors.  Rene Obermann, the current CEO and Chair of the Board of Management of DT, has been a director on the T-Mobile USA Board of Directors since January 2003, and is now the Chairman of T-Mobile USA.  Kai-Uwe Ricke, also served as Chairman of DT's Board of Management and served on the T-Mobile USA Board from May 2001 through November 2006.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

### III. ARGUMENT

Vivendi's discovery requests seeks information relevant to its claims, including information that appears reasonably calculated to lead to the discovery of evidence relevant to the *forum non conveniens* issue. Under well-settled corporate law, individuals such as Obermann and Ricke who hold dual corporate responsibilities in a parent-subsidiary situation owe each corporation a coextensive duty of loyalty, *Weinberger v. UOP. Inc.*, 457 A.2d 701, 710 (Del.1983) and they could be expected to communicate directly and with others in the company about issues relevant to both corporations from time to time. Clearly, DT's takeover of PTC, a $2.5 billion wireless company that has subsequently been integrated into the T-Mobile wireless network, is material to T-Mobile USA's business. Nevertheless, DT has decided that because Obermann and Ricke are both German employees of DT who only *happen* to have been members of the T-Mobile USA board, it will not produce documents relating to communications between them in Germany, even if such documents discussed DT's acquisition of PTC with the assistance of Solorz by deceiving Vivendi. More concretely, DT's view of its discovery obligations would exclude direct communications from Obermann to Ricke stating that Obermann was traveling to Seattle to discuss the integration of the PTC company into the T-Mobile global network with Robert Dotson, president and CEO of T-Mobile USA, who also serves on the board of another defendant, T-Mobile International AG. At this stage in the litigation, DT should not be permitted to withhold such communications among other defendants and directors who serve dual roles for defendant companies in both the United States and Europe. Such information may be relevant to deciding the effects this controversy has on identifiable Washington State and U. S. interests.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1    Moreover, Vivendi's request would not be burdensome to DT because DT has already

2    stated that "employees of T-Mobile USA and the German DT Defendants who served as T-

3    Mobile USA board members were not excluded from the DT Defendants' search for responsive

4    documents" (see Exhibit A) and this suggests that DT may already have identified documents

5    that would be responsive to Vivendi's request, absent DT's restrictive interpretation.

6    Accordingly, Vivendi request that the Court permit it access to such discovery that may be

7    relevant to the *forum non conveniens* issue and reject DT's attempt to circumscribe its Rule 26

8

9    obligations.

10

11                              ### III. CONCLUSION

12        For the foregoing reasons, Vivendi respectfully requests that this Court enter an Order

13    substantially in the form attached hereto and grant such other and further relief as may be just.

14

15

16    Dated this 11th day of July 2007.

17                                              Respectfully submitted,

18    Of Counsel

19    ORRICK, HERRINGTON & SUTCLIFFE, LLP     ROHDE & VAN KAMPEN, PLLC

20

21    s/ Garret Rasmussen                      s/ Robert E Rohde
      Garret Rasmussen                         Robert E. Rohde, WSBA # 12809
22    Washington Harbor                        1001 Fourth Avenue, Suite 4050
      3050 K Street, Northwest                 Seattle, WA 98154-1000
23    Washington D.C. 20007-5135               206-386-7353
      Attorneys for Plaintiff Vivendi S.A., and Vivendi   Attorneys for Plaintiff Vivendi S.A., and
24    Holding I. Corp.                         Vivendi Holding I. Corp.

25

MOTION TO COMPEL DISCOVERY- 4
Case No. CV6-1524-JLR

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

**CERTIFICATE OF SERVICE**

1

2    I hereby certify that on July11, 2007, I electronically filed the foregoing with the Clerk of

3    the Court using the CM/ECF system, which will send notifications of such filing to The

4    Honorable James L. Robart, and serve it on all associated counsel.

5    I certify under penalty of perjury under the laws of the State of Washington that the

6    foregoing is true and correct.

7

8

9    Dated this 11th day of July, 2007 at Seattle, Washington.

10

11                                        _s/ Robert E.   Rohde___
                                          Robert E. Rohde, WSBA # 12809
12                                        1001 Fourth Avenue, Suite 4050
                                          Seattle, WA 98154-1000
13                                        206-386-7353
                                          Attorneys for Plaintiff Vivendi S.A., and
14                                        Vivendi Holding I. Corp.

15

16

17

18

19

20

21

22

23

24

25

MOTION TO COMPEL DISCOVERY- 6
Case No. CV6-1524-JLR

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353