# EXHIBIT A

# WILMERHALE

**John vanden Heuvel Pierce**

+1 212 230 8829 (t)
+1 212 230 8888 (f)
john.pierce@wilmerhale.com

June 27, 2007

***BY E-MAIL AND FEDERAL EXPRESS***

Russell D. Duncan
Orrick, Herrington & Sutcliffe LLP
3050 K Street, NW
Washington, DC 20007-5135

Re: *Vivendi, S.A. v. T-Mobile USA, Inc., et al.*, No. CV6-1524 JLR

Dear Russell:

We write in response to your letter of June 22, 2007. In your letter, you state that you "understand that [the DT Defendants] have not reviewed the files of individuals employed by or associated with the DT Defendants who also have served on the Board of Directors of T-Mobile USA, Inc., including without limitation, Mr. Rene Obermann and Mr. Kai-Uwe Ricke." You further indicate that if we do not agree to review these files and produce responsive documents, you intend to file a motion to compel.

Your letter misstates our position and provides no legitimate basis on which to burden the Court with a motion to compel. First, as set forth in the DT Defendants' Responses and Objections to Plaintiff's Second Request for Production of Documents, as Limited By the Court's Order of April 18, 2007 ("Responses"), employees of T-Mobile USA and the German DT Defendants who served as T-Mobile USA board members were not excluded from the DT Defendants' search for responsive documents. We are continuing our efforts to ensure we have identified all documents called for by the Court's Order. To the extent that we become aware of any additional documents, we will produce those that are responsive, non-privileged, and consistent with the general and specific objections set forth in the DT Defendants' Responses.

Second, as dictated by the Court's April 18, 2007 Order, our search was limited to documents constituting "any communication between T-Mobile USA and any of the other Defendants concerning in whole or in part ... the acquisition of PTC; ... Vivendi; [or] Solorz." As discussed, we do not consider responsive to this request documents relating to the acquisition of PTC, Vivendi or Solorz that were exchanged exclusively among employees of the German DT Defendants, and that were never sent to or received from any T-Mobile USA employee, simply because certain of those German employees also happen to have been members of the T-Mobile USA board.

As you are aware, the Court has permitted "discovery that is narrowly tailored to the question of forum non conveniens – i.e. the events and evidence *in the United States* implicated by this

WILMERHALE

Russell D. Duncan
June 27, 2007
Page 2

dispute." Order of Apr. 18, 2007, at 4 (emphasis added). Your apparent request for documents that were exchanged exclusively among European-based employees of the German DT Defendants and that were never sent to or received from any T-Mobile USA employee plainly falls outside of the scope of the Court's Order. Such communications are, by their nature, exclusively foreign, and could have no bearing on "the events and evidence in the United States implicated by this dispute." *Id.*

To read Vivendi's Request to include documents exchanged exclusively among European-based employees of the German DT Defendants that were never sent to or received from any T-Mobile USA employee would convert the "narrowly tailored" discovery permitted by the Court on the forum non conveniens issue into precisely the kind of extensive, full-blown discovery that the Court has already determined would "pose an undue burden on the DT Defendants." *Id.*

In light of the foregoing, we urge you to reconsider your decision to burden the Court with a motion to compel.

Very truly yours,

John V.H. Pierce