The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIVENDI S.A. and VIVENDI HOLDING I CORP., <br><br> Plaintiffs, <br><br> v. <br><br> T-MOBILE USA, INC.; T-MOBILE DEUTSCHLAND GMBH; T-MOBILE INTERNATIONAL AG; DEUTSCHE TELEKOM AG; and ZYGMUNT SOLORZ-ZAK, <br><br> Defendants. | No. CV6-1524 JLR <br><br> **DECLARATION OF ULI KUEHBACHER IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED COMPLAINT** |

I, ULI KUEHBACHER, hereby declare as follows:

1. I am Executive Vice President of Deutsche Telekom AG ("Deutsche Telekom") and, until December 2006, I was General Counsel for T-Mobile International AG. I am also a member of the Supervisory Board of Polska Telefonia Cyfrowa Sp. z o.o. ("PTC"). I submit this declaration in support of the Motion of Deutsche Telekom, T-Mobile Deutschland GmbH, T-Mobile International AG, and T-Mobile USA, Inc. (the "DT Defendants") to Dismiss the Third Amended Complaint. This declaration is based on my personal knowledge or on information that I have obtained for the purpose of preparing this declaration.

DECLARATION OF ULI KUEHBACHER (CV6-1524 JLR) — 1

2.  I am familiar with the organizational structure and business activities of Deutsche Telekom and its subsidiaries—including the DT Defendants—and have knowledge of the dispute surrounding ownership of certain shares in the Polish telecommunications company, PTC, that is the basis of this lawsuit. I am also familiar with the allegations that Vivendi S.A. ("Vivendi") and Vivendi Holding I Corp. ("Vivendi Holding") (collectively, "Plaintiffs") make in their Third Amended Complaint.

## I. THE DT DEFENDANTS' ORGANIZATIONAL STRUCTURE

3.  Deutsche Telekom, T-Mobile International AG, and T-Mobile Deutschland GmbH (the "German DT Defendants") are all organized under the laws of Germany with their principal places of business in Germany. The German DT Defendants are all separate corporate entities that maintain separate books and records.

4.  Deutsche Telekom is the parent company of a group of corporate entities, including the other DT Defendants. Deutsche Telekom owns subsidiaries that provide fixed-line and mobile telecommunications services.

5.  T-Mobile International AG is the general partner of T-Mobile International AG & Co. KG, which is a holding company for the subsidiaries of Deutsche Telekom that provide mobile telecommunications services. T-Mobile International AG is wholly owned by T-Mobile International Holding GmbH. T-Mobile International Holding GmbH is a holding company that is in turn wholly owned by Deutsche Telekom and that is organized under the laws of Germany with its principal place of business in Germany.

6.  T-Mobile International Holding GmbH owns all but one share of T-Mobile International AG & Co. KG, which is also organized under the laws of Germany with its

DECLARATION OF ULI KUEHBACHER (CV6-1524 JLR) — 2

principal place of business in Germany. T-Mobile International AG owns one share of T-Mobile International AG & Co. KG.

7. T-Mobile International AG & Co. KG wholly owns T-Mobile Deutschland GmbH, which was previously known as DeTe Mobil Deutsche Telekom Mobilnet GmbH. T-Mobile International AG & Co. KG also wholly owns T-Mobile Global Holding GmbH, which is organized under the laws of Germany with its principal place of business in Germany.

8. T-Mobile Global Holding GmbH wholly owns T-Mobile USA.

9. T-Mobile Deutschland GmbH provides mobile telecommunications services in Germany. T-Mobile Deutschland GmbH and T-Mobile USA are affiliates and do not have a parent-subsidiary relationship.

10. T-Mobile USA does not hold any stock or other interest in PTC.

## II. GERMAN DT DEFENDANTS' CONTACTS WITH WASHINGTON STATE AND THE UNITED STATES

11. To my knowledge, none of the German DT Defendants is incorporated or registered to do business in the State of Washington, or any other U.S. State.

12. To my knowledge, none of the German DT Defendants owns or rents any property in the State of Washington, or any other U.S. state.

13. To my knowledge, the German DT Defendants do not sell their telecommunications products or services in the State of Washington, or any U.S. State.

14. To my knowledge, the German DT Defendants do not advertise their telecommunications products or services in the State of Washington, or any U.S. State.

DECLARATION OF ULI KUEHBACHER (CV6-1524 JLR) — 3

### III. THE GERMAN DT DEFENDANTS' RELATIONSHIP WITH T-MOBILE USA

15. Like each of the German DT Defendants, T-Mobile USA is a separate corporate entity. To my knowledge, T-Mobile USA and the German DT Defendants do not hold joint boards of directors' meetings, and they file separate tax returns.

16. While certain members of the German DT Defendants' boards of directors (called "supervisory boards") sit on T-Mobile USA's board, they do so as T-Mobile USA directors and not as representatives of the German DT Defendants.

17. T-Mobile USA operates a separate wireless telecommunications network from that of the German DT Defendants. The wireless devices sold by the German DT Defendants and T-Mobile USA operate using a Global System of Mobile Communications ("GSM") technology platform. European and U.S. GSM frequencies are different, however, and thus the GSM networks on which the German DT Defendants' and T-Mobile USA's products and services operate are separate and distinct.

### IV. LITIGATION CONCERNING THE DISPUTED PTC SHARES

18. Over the last eight years, Vivendi, Elektrim S.A. ("Elektrim"), Telco (a joint venture between Vivendi and Elektrim), and Deutsche Telekom (and certain of its German subsidiaries) have been involved in numerous arbitral and national court proceedings in Europe concerning the ownership of certain shares in PTC originally held by Elektrim. These proceedings have taken place in Poland, Austria, France, Germany, the United Kingdom, and Switzerland. T-Mobile USA has not been a party to any of these proceedings. Many of these proceedings are still ongoing.

19. As described in paragraph 60 of the Third Amended Complaint, on November 26, 2004, an arbitral tribunal in Vienna, Austria issued an award finding, among other things,

DECLARATION OF ULI KUEHBACHER (CV6-1524 JLR) — 4

that the attempted transfer by Elektrim of its shares in PTC to Telco was ineffective and that Elektrim remained the owner of the disputed shares at all material times ("the November 2004 Award").

A.     **Proceedings in Poland**

20.    On or about December 16, 2004, Elektrim filed an action in Poland seeking recognition of the November 2004 Award. On February 2, 2005, the Warsaw Regional Court issued a decision recognizing the November 2004 Award. An English translation of that decision is attached hereto as Exhibit A.

21.    Telco appealed the Warsaw Regional Court's decision to the Appellate Court in Warsaw, 1st Civil Division. On March 29, 2006, the Appellate Court dismissed the appeal. An English translation of the Appellate Court's decision is attached hereto as Exhibit B.

22.    Telco appealed the court of appeals's decision to the Supreme Court of Poland. On January 18, 2007, the Polish Supreme Court vacated the lower-court decisions confirming the November 2004 Award on procedural grounds. The Supreme Court remanded the case to the Warsaw Regional Court where the recognition proceedings have now recommenced. An English translation of the Supreme Court decision is attached as Exhibit C.

23.    In addition to the recognition proceedings related to the November 2004 Award, Vivendi and Telco have also filed more than a dozen legal proceedings in Poland relating to the PTC dispute. Some, but not all, of the actions that Vivendi and Telco have filed in Poland are described below.

      a.    Following the November 2004 Award, Telco filed suit in Warsaw Regional Court seeking a declaration that it was the owner of the PTC shares. During those proceedings, Telco made an *ex parte* application requesting that PTC be

DECLARATION OF ULI KUEHBACHER (CV6-1524 JLR) — 5

enjoined from making any changes to PTC's internal share register. An English translation of Telco's Request for Interim Measures in that action is attached hereto as Exhibit D.

    b.    On June 20, 2006, after the Warsaw Regional Court issued the *ex parte* injunction, the Warsaw Appellate Court reversed, holding that the November 2004 Award barred Telco's claim to the shares. An English translation of the Appellate Court's decision is attached hereto as Exhibit E. Telco continues to seek a declaration from the Polish courts that it is the owner of the PTC shares.

    c.    Vivendi (or Telco) has also initiated many additional proceedings in Poland, including, but not limited to, proceedings: to declare invalid T-Mobile Deutschland GmbH's acquisition of the PTC shares; to list Telco as the owner of the disputed PTC shares in the National Court Register, the official Polish registry of shareholders; to prohibit PTC from distributing profits; to prohibit Elektrim's representatives on the PTC Management and Supervisory Boards from acting on behalf of PTC; to prohibit T-Mobile Deutschland GmbH and Elektrim from exercising shareholder rights with regard to the disputed PTC shares; to restrain Elektrim from transferring or taking any action with regard to the disputed shares; to order Elektrim to return the PTC shares or their value to Telco; for damages against PTC Supervisory Board and Management Board members and PTC shareholders; and to prohibit Elektrim from transferring funds to its creditors.

**B.     Proceedings in Austria**

24.     Vivendi, through Telco, sought to annul the November 2004 Award in Austria. On December 20, 2005, the Commercial Court in Vienna partially annulled the November

DECLARATION OF ULI KUEHBACHER (CV6-1524 JLR) — 6

2004 Award. On October 10, 2006, the Higher Regional Court of Vienna reversed the Commercial Court's partial annulment and dismissed Telco's action. Telco was ordered to pay the costs and attorney's fees of the other parties to the appeal proceedings, including T-Mobile Deutschland GmbH. An English translation of this decision is attached hereto as Exhibit F.

25.   On December 18, 2006, the Austrian Supreme Court issued a decision affirming the appellate court's dismissal of the annulment action and order for Telco to pay costs and attorney's fees. An English translation of the Supreme Court's decision is attached hereto as Exhibit G.

**C.   Proceedings in France**

26.   On or about April 26, 2005, Vivendi served Deutsche Telekom and T-Mobile International AG & Co. KG with a civil summons to appear before the Commercial Court of Paris. An English translation of the Summons is attached hereto as Exhibit H.

27.   Vivendi alleges that the defendants violated French law by breaking off settlement talks in 2003 and 2004 in bad faith and colluding with Elektrim. Among other things, Vivendi seeks damages in the amount of its alleged investment in PTC (1,881,601,161 euros). An English translation of Vivendi's brief submitted to the French court is attached hereto as Exhibit I.

**D.   Proceedings in Germany**

28.   Vivendi filed suit in Hamburg, Germany, requesting that the court prohibit Deutsche Telekom from making any statements to the effect that it owns the PTC shares. The Hamburg Regional Court rejected Vivendi's claim in a decision dated November 7, 2006. An English translation of that decision is attached hereto as Exhibit J.

DECLARATION OF ULI KUEHBACHER (CV6-1524 JLR) — 7

### E. Proceedings in Switzerland

29. In April 2006, Vivendi commenced another arbitration, this time before the International Court of Arbitration of the International Chamber of Commerce in a proceeding sited in Geneva, Switzerland. The respondents in that arbitration are, among others, Deutsche Telekom, T-Mobile International AG & Co. KG, T-Mobile Deutschland GmbH, Elektrim, and PTC. In the Swiss arbitration, Vivendi claims to be the owner of the disputed PTC shares based on a purported oral agreement. Vivendi seeks specific performance of that agreement and/or damages. Again, Vivendi claims that it is entitled to regain the disputed PTC shares or its lost investment.

## V. LOCATION OF RELEVANT DOCUMENTS AND WITNESSES

30. To my knowledge, the DT Defendants' documents and witnesses relevant to this lawsuit, which I understand accuses the DT Defendants of violating U.S. law during and after the Second and Third Vienna Arbitrations (as defined in Plaintiffs' complaint), are located outside the United States.

31. To my knowledge, all of the documents possessed by any DT Defendant that are relevant to discussions with Vivendi to settle the PTC dispute are located in Germany and Poland. To my knowledge, no such documents would be located in the United States because T-Mobile USA had no involvement in the settlement discussions that form the basis of this lawsuit.

32. To my knowledge, all of the documents possessed by any DT Defendant that are relevant to the Second and Third Vienna Arbitrations are located in Germany and Poland. To my knowledge, no such documents would be located in the United States because T-

DECLARATION OF ULI KUEHBACHER (CV6-1524 JLR) — 8

Mobile USA had no involvement in the Second or Third Vienna Arbitrations or any of the legal proceedings regarding ownership of the PTC shares.

33. To my knowledge, all of the documents possessed by any DT Defendant that would concern Elektrim or Mr. Solorz Zak, if they existed, would be located in Germany and Poland. To my knowledge, no such documents would be located in the United States because T-Mobile USA had no involvement in the PTC dispute.

34. To my knowledge, all of the documents possessed by any DT Defendant regarding the three press releases that Plaintiffs allege in this lawsuit were misleading would be in Germany, where the press releases were drafted and released.

35. To my knowledge, all of the witnesses likely to have knowledge of any settlement communications with Vivendi, the Second and Third Vienna Arbitrations, communications with Elektrim or Solorz, and the press releases identified by Plaintiffs in their complaint would be located in Germany, Poland, or elsewhere in Europe, but not in the United States.

36. If this case were to be tried before this Court, the DT Defendants' witnesses would need to travel to Seattle from Germany, Poland and elsewhere in Europe.

37. I understand that Plaintiffs base their complaint in part on communications allegedly made by Mr. Peter Golob to representatives of Vivendi. Mr. Golob was never, and is not now, an employee of any of the DT Defendants, though he has acted as an independent consultant in the past. To my knowledge, he currently resides in London, England.

38. I understand that Plaintiffs also base their complaint in part on a communication allegedly made by Mr. Thomas Winkler, former CFO of T-Mobile International AG, to representatives of Vivendi. As of January 31, 2007, Mr. Winkler is no

DECLARATION OF ULI KUEHBACHER (CV6-1524 JLR) — 9

longer the CFO of T-Mobile International AG. To my knowledge, he currently resides in London, England.

39.   I understand that Plaintiffs also base their complaint in part on a communication allegedly made by Mr. Kai-Uwe Ricke, the former CEO of Deutsche Telekom, to Mr. Jean-Bernard Levy, the CEO of Vivendi. Mr. Ricke is no longer an officer or employee of Deutsche Telekom. To my knowledge, he currently resides in Bonn, Germany.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 25th day of September, 2007.

_____
Uli Kuehbacher

DECLARATION OF ULI KUEHBACHER (CV6-1524 JLR) — 10

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2007, I filed this Declaration of Uli Kuehbacher in Support of Motion to Dismiss the Second Amended Complaint on the CM/ECF system, which will send notification of such filing to the following persons:

Robert E. Rohde:   brohde@rohdelaw.com

Lanny J. Davis:   ldavis@orrick.com

Garrett Rasmussen:   grasmussen@orrick.com

DATED this 26th day of September, 2007.

    Davis Wright Tremaine LLP
    Attorneys for Defendants

By: */s/ Steven P. Caplow*
    Steven P. Caplow, WSBA #19843
    Davis Wright Tremaine LLP
    2600 Century Square
    1501 Fourth Avenue
    Seattle, WA 98101-1688
    Telephone: (206) 628-7513
    Fax: (206) 628-7699
    E-mail: stevencaplow@dwt.com

DECLARATION OF ULI KUEHBACHER (CV6-1524 JLR)