The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIVENDI S.A. and<br>VIVENDI HOLDING I CORP.,<br><br>        Plaintiffs,<br><br>        v.<br><br>T-MOBILE USA, INC., T-MOBILE DEUTSCHLAND GMBH, T-MOBILE INTERNATIONAL AG, DEUTSCHE TELEKOM AG, and ZYGMUNT SOLORZ-ZAK,<br><br>        Defendants. | No. CV6-1524 JLR<br><br>**DECLARATION OF PROFESSOR WOJCIECH POPIOLEK IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED COMPLAINT** |

I, PROFESSOR WOJCIECH POPIOLEK, hereby declare as follows:

**Description of qualifications:**

1. I am a Professor of Law at the University of Silesia, Faculty of Law, Department of Civil Law and Private International Law and a member of the Katowice Bar. After completing my law studies in 1972, I received a *doctor iuris* degree from the University of Katowice in 1979 with highest honors. In 1996, I completed my thesis with highest honors. Similar to my doctoral thesis, my "habilitation" thesis (necessary to become a professor) addressed a specific topic of Private International Law. I was admitted to the Bar of Katowice in 1991 and I am still practicing law as a member of a Katowice law firm "POPIOŁEK, ADWOKACI I DORADCY".

2. Currently I hold the position of the Head of the Civil and Private International Law Chair at the Faculty of Law and Administration of the Silesian University in Katowice.

3. Fields of my specialization focus on civil, commercial and private international law. I have authored or co-authored some 8 books and over 80 articles (principally) within these fields.

4. I am an arbitrator of the Court of Arbitration at the Polish Chamber of Commerce in Warsaw, the Arbitral Tribunal at the Polish Bank Association, as well as the Court of Arbitration at the Regional Chamber of Commerce in Katowice.

5. I have worked with the legal team for the Deutsche Telecom defendants in other proceedings related to this dispute on various Polish legal issues arising in those proceedings, including in preparing written and oral submissions to the relevant tribunals.

**Subject matter of the declaration**

6. I have been asked to prepare an opinion about certain aspects of Polish law, in particular the jurisdiction of Polish courts over the defendants and the plaintiffs' claims, the existence of causes of action similar to the claims available under RICO (fraud and conspiracy), and certain aspects of procedure before the Polish courts.

7. I understand that the plaintiffs in this case allege that the defendants are liable for fraud and the plaintiffs seek recovery of the value of the disputed PTC shares.

**Jurisdiction of the Polish courts over the defendants and the claims**

1) Legal regime

8. Questions of jurisdiction are regulated in Poland by two legal instruments, applicable depending on the domicile of the defendant. These are Council Regulation (EC) no 44/2001 of 22 December 2000 on jurisdiction and the recognition and enforcement of judgments in civil and commercial matters (O.J. 2001 L 12/1; hereafter referred to as **Regulation 44**) and the Polish Code of Civil Procedure of 17 November 1964 (Dz. U.[1] no. 43, item 296 with the later changes; hereafter referred to as **CCP**).

a) Regulation 44

9. According to article 2(1) of the Regulation 44: *<Subject to this Regulation, persons domiciled in a Member State shall, whatever their nationality, be sued in the courts of that Member State.>* Moreover, in article 3(1) it is stated: *<Persons domiciled in a Member State may be sued in the courts of another Member State only by virtue of the rules setout in Sections 2 to 7 of this Chapter.>* These provisions define the scope of applicability of the Regulation. It follows that in order to settle the question of jurisdiction over a defendant domiciled (or having its seat) in a Member State of the European Union, the court in a EU Member State has to apply the provisions of the Regulation. The domicile of the plaintiff is irrelevant for that purpose.

An EC Regulation is a binding act of law, directly applicable, which has priority over domestic laws of the EU Member States. Therefore, a court in a EU Member State, in order to establish jurisdiction over a EU defendant will disregard the provisions of its national law and look solely into the provisions of the Regulation 44.

As a result, the Polish court will apply the provisions of Regulation 44 so as to establish jurisdiction with respect to the claims against all defendants domiciled in the EU.

b) Polish Code of Civil Procedure

10. On the other hand, according to article 4(1) of the Regulation 44: *<If the defendant is not domiciled in a Member State, the jurisdiction of the courts of each Member State shall, subject to Articles 22 and 23* [not applicable here], *be determined by the law of that Member State.>* It follows that jurisdiction over non-EU defendants is left to national law. In Poland the rules on jurisdiction over a foreign, non-EU defendant are contained in Part IV of the CCP (*<The provisions concerning the international civil procedure>*).

As a result, the Polish court will apply the provisions of the CCP in order to establish jurisdiction over a defendant, having its domicile (seat) in the US (such as T-Mobile USA Inc.).

2) Claims against the European defendants (T-Mobile Deutschland Gmbh, T-Mobile International AG, Deutsche Telekom AG and Mr Zygmunt Solorz-Zak) – jurisdiction under Regulation 44.

11. The jurisdiction of a Polish court over a tort claim may under Regulation 44 be based on two legal grounds.

Firstly, according to the general rule the tortfeasor may be sued in the country of his domicile/seat [article 2(1)].

Secondly, it is provided in article 5(3) that <*in matters relating to tort, delict or quasi-delict*> – a tortfeasor may be sued - < *in the courts for the place where the harmful event occurred or may occur*>. According to the interpretation given by the European Court of Justice, the place where the harmful event occurred should be understood as both the place where the damage occurred and the place of the event giving rise to it (Case 21/76 Handelskwekerij G. J. Bier BV v. Mines de potasse d'Alsace SA, ECR, 1976, p. 1735). As a result, the defendant may be sued, at the option of the plaintiff, either in the courts for the place where the damage occurred or in the courts for the place of the event which gave rise to it. Depending of the nature of the tort or delict alleged, this may include several different jurisdictions.

12. I understand that Mr Zygmunt Solorz – Zak is domiciled in Poland and that plaintiffs allege that events giving rise to their claims took place at least in part in Poland. It follows that the European defendants (T-Mobile Deutschland Gmbh, T-Mobile International AG, Deutsche Telekom AG and Mr Zygmunt Solorz-Zak) may be sued in Poland based on:

- the general rule contained in article 2(1) of the Regulation 44, which provides for jurisdiction over a defendant in the state where it has its domicile/seat (Mr Solorz - Zak),
- article 5(3) of the Regulation 44, which provides for jurisdiction over a defendant in the state where the event giving rise to the damage has been carried out or where the damage has occurred,

13. It should be added that Regulation 44 contains a provision, which introduces an additional basis for the jurisdiction of the court with respect to related actions against various defendants. According to article 6(1): *"A person domiciled in a Member State may also be sued: 1. where he is one of a number of defendants, in the courts for the place where any one of them is domiciled, provided the claims are so closely connected that it is expedient to hear and determine them together to avoid the risk of irreconcilable judgments resulting from separate proceedings"*. Based on the domicile of Mr Zygmunt Solorz – Zak in Poland, the German Deutsche Telekom defendants may also be subject to jurisdiction in Poland under Article 6 (1).

DECLARATION OF PROFESSOR WOJCIECH POPIOLEK (CV6-1524 JLR)                                            4

3) Claims against T-Mobile USA Inc. – jurisdiction under Polish CCP

14. The jurisdiction of the Polish courts over monetary claims is governed by article 1103 of CCP. According to this provision the court may exercise its jurisdiction over a defendant:

- if the defendant was present, had its domicile or seat in Poland at the time the suit was served on the defendant,
- if the defendant has property or proprietary rights in Poland,
- if the dispute concerns an object located in Poland, (...) or an obligation, which has arisen or is to be performed in Poland.

The first basis relates to situations where the defendant has been present - at least temporarily - in Poland and the suit was served on the defendant during that time. This relies on the personal relationship of the defendant with the forum.

The second basis allows the Polish court to hear a dispute with respect to a defendant, if he has any kind of property (movables or immovables) or proprietary rights (e.g. shares in a Polish company) located on Polish territory.

Finally, the Polish court can exercise jurisdiction over a defendant if the dispute between the parties concerns an obligation which has arisen or is to be performed in Poland. In particular, this refers also to a tort which has been committed in Poland. If a tort has been carried out on the Polish territory, Polish courts have jurisdiction over the claims against the tortfeasor (against any person who is alleged to have committed a tort in Poland).

15. It follows, that in the case in question, T-Mobile USA Inc. could be sued before the Polish courts, because I understand that plaintiffs alleged that the tort, or at least a part of the defendants' activity, has been carried out on the Polish territory.

4) Joining the actions against all the defendants before one court in the Polish procedural law

16. Under Polish procedural law, joint and several liability under substantive rules of the Civil Code (see below) allows the claimant to file a suit against all defendants before one court (article 72 of the CCP). Joining the claims against all the defendants is not

obligatory but is a choice for the plaintiff.

Nevertheless, article 72 of CCP is not an independent basis for the jurisdiction itself. It allows the plaintiff to bring claims only against these defendants with respect to which the Polish courts already have jurisdiction according to the rules explained above.

17. It follows, that a Polish court may – according to art. 72 of CCP – hear the joined claims against all the European defendants (T-Mobile Deutschland Gmbh, T-Mobile International AG, Deutsche Telekom AG and Mr. Zygmunt Solorz-Zak) and the American defendant (T-Mobile USA), if in relation to each of them it has a jurisdiction. With respect to the defendants domiciled in Europe this may be established under the rules of Regulation 44 and in relation to the American defendant – under the provisions of the CCP (see above).

**II. The torts in Polish law**

1)   Types of tort claims

18. Polish law does not know special types of tortious claims like the RICO statute. There is no particular legislation aimed to combat behavior which in the US is fought against by the instruments contained in RICO. There exists only a broad concept of a tort (delict). The law provides for claims in order to remedy the damage caused by the tort.

2)   The general rule

19. According to the most important, general provision of the Polish Civil Code [hereafter referred to as **PCC**] (article 415): <*A person who has of its own fault caused a damage to another shall compensate it*>. Article 415 of the PCC covers all types of behavior of a physical or legal person (both action and failure to act). Irrespective of the nature of the conduct of the tortfeasor, if the conditions set in article 415 are satisfied (see below), the person who has committed the tort is liable to compensate for a damage. Clearly, article 415 of the PCC would cover behavior such as the alleged conspiring to steal shares of a company from another.

3) The conditions for the liability of the tortfeasor under article 415 of the PCC

20. According to article 415 of the PCC there are three conditions which have to be satisfied in order to establish the liability of a tortfeasor:
- damage caused to another,
- a causal link between the action of the tortfeasor and the damage,
- the illegality of tortfeasor's action and the fault on his part.

The two first conditions do not require further explanation. It is sufficient to note that the concepts are understood similarly as in other major legal systems, with minor differences. The third condition merits a short explanation. The conduct of the tortfeasor has to be illegal and the tortfeasor must be at fault. The behavior is illegal if it violates the general rules existing in the legal order, which should be obeyed by everyone. The illegality under art. 415 of the PCC exists if by his action the tortfeasor breaches the rules of law or the so called "rules of social conduct" (which are the rules of behavior addressed to everyone in the society). A breach of the duty of reasonable care owed towards other members of the society constitutes an illegal action under article 415 of the PCC.

Next, the tortfeasor is liable under article 415 only if he can be shown to be at fault. Normally, the defendant is liable irrespective of the degree and the type of his fault. There is an intentional fault if the tortfeasor intends to infringe the rules existing in the legal order (*dolus directus*) or if, foreseeing the possibility of such an infringement, he accepts the consequences (*dolus eventualis*). Unintentional fault can take the form of carelessness (conscious negligence) or negligence (unconscious negligence). In both cases the fault means that the tortfeasor has not acted with a proper diligence in his behavior. The fault in the civil law, as well as its degrees, always may and should be associated with the criteria of diligence - with objective standards of conduct. The greater the diligence required from the defendant, the lesser degree of fault is required in order to make him liable.

It should also be mentioned that according to article 416 of the PCC a legal person is liable for the committed tort if the fault can be attributed to the legal person's governing body.

It follows that in order to succeed on the claim before the Polish court, the plaintiffs would have to show that the conditions stated above are satisfied (the plaintiffs suffered damage, the actions of the defendants have caused this damage, the intentional or unintentional fault can be attributed to the defendants).

3) The recovery under Polish tort law

21. Under Polish law, an injured party is entitled to recovery in the amount equal to the damage caused (the principle of full compensation). There is no provision in the Polish law which would allow the claimant to ask for the compensation exceeding the damage, because of the existence of extraordinary circumstances or particularly high degree of the tortfeasor's fault. There is no provision similar to that existing under RICO which would permit the plaintiff to claim three times the damages.

**III. Joint and several liability under Polish law**

1) Joint and several liability in torts

22. According to article 441(1) of the PCC: "*if multiple persons are liable for the damage caused by a tortious act, their liability is joint and several*". Multiple persons may be liable for the same act when for example the tort was committed by several persons jointly, or it was committed by one person, who has however been induced by another or who has assisted in the performance of a tort, or who has consciously taken advantage of the damage caused to another (article 422 of the PCC).

2) Nature of the joint and several liability

23. Joint and several liability under Polish law means that the plaintiff may claim the whole or a part of the compensation from all of the tortfeasors jointly, or from each of them separately – according to his choice, and satisfaction of the claim by any of them releases others from the liability (article 366(1) of the PCC). Until the plaintiff is fully satisfied, all the tortfeasors remain liable (article 366(2) of the PCC).
The joint and several liability of the tortfeasors is advantageous for the plaintiff, who can claim compensation in its full amount from any of them.

24. On the procedural level, joint and several liability implies that the plaintiff may sue – according to his choice - all of the tortfeasors jointly, or each of them separately.

3) The potential joint and several liability of the defendants

25. Under Polish law, Vivendi S.A. and Vivendi Holding may attempt a claim against any person, whom they allege to be a torfeasor, or one of the tortfeasors, or that has induced a tortfeasor to commit a tort, has helped in a performance of a tort, or has consciously taken advantage of the damage caused to another. If it can be established that the defendants (T-Mobile Deutschland Gmbh, T-Mobile International AG, Deutsche Telekom AG, Mr Zygmunt Solorz-Zak and T-Mobile USA) carried out or participated in any action which can be classified as a tort – whether committed individually or jointly (art. 415 of the PCC), inducement, help or profiting with respect to a tort of another (art. 422 of the PCC), their liability for the damage caused would be joint and several.

**IV. Defendants' alleged fraudulent inducement of US Bondholders to support withdrawal of Elektrim's bankruptcy petition**

1) The claim of Vivendi Holding

26. In addition to the plaintiffs' allegations that the defendants conspired to steal the PTC shares, Vivendi Holding – as an assignee of GM's Elektrim bonds - also alleges that the defendants fraudulently induced Elektrim's US Bondholders (GM and its agent Everest) to support withdrawal of Elektrim's bankruptcy petition. Vivendi Holding asserts that but for the misleading statements of the defendants, GM and its agent Everest would not have supported this withdrawal. According to the plaintiff, such an inducement constituted both the racketeering activity involving wire fraud under RICO, and a common law fraud.

2) Legal regime of the bankruptcy proceedings in Poland

27. In order to describe the legal background of the bankruptcy proceedings in Poland it is necessary to explain a few principles of the Polish bankruptcy law.

a) The law applicable to the bankruptcy procedure before the Polish court

28. According to the well established rule of *"lex loci concursus"* the bankruptcy conducted in the Polish bankruptcy court is subject to Polish law. In Poland the

bankruptcy proceedings are regulated in the Bankruptcy and Corporate Recovery Act of 28 February 2003 (Dz.U. no. 60, item 535, hereafter referred to as **BL**).

b) The rights of the foreign creditors

29. According to art. 380(1) of the BL: <*Subject to points 2 and 3 of this article, the creditor having its domicile or seat in a country other than Poland enjoys in the bankruptcy proceedings the same rights, which the law grants to the national creditors.*>
Article 380(2) of the BL in turn states that: <*If the creditor having its domicile or seat in a country other than Poland has not nominated a legal representative in the territory of Poland the creditor is obliged to nominate a representative for delivery of documents in Poland*>. Finally according to article 380(3) of the BL: <*The tax claims and other public duties, the social security charges, as well as financial penalties, which are not of a civil law character, imposed by the foreign courts or administration bodies outside Poland cannot be satisfied in the bankruptcy proceedings conducted on the Polish territory*>.

30. It follows that – subject to the mentioned exceptions - it is a general principle of Polish law that foreign creditors possess the same rights in the bankruptcy as creditors based in Poland.

c) The jurisdiction of the Polish bankruptcy courts

31. The jurisdiction of the Polish bankruptcy court may be exclusive or not exclusive. According to article 382(1) of the BL the Polish court has exclusive jurisdiction over bankruptcy matters, if the main center of the interests of the debtor is located in Poland. The Polish court has also non-exclusive jurisdiction if the debtor exercises in Poland a commercial activity or has its domicile, seat or assets located in Poland [article 382(2) of the BL]".

d) The scope of application of the Polish bankruptcy law

32. It follows from the above that, in order to assess the circumstances justifying the withdrawal of a petition for bankruptcy and the closure of the proceedings without declaring bankruptcy, the court will apply Polish law. If the main center of the company's interests is located in Poland, the Polish court has exclusive jurisdiction to proceed with

the bankruptcy proceedings. The same applies to all rights which GM/Everest could assert in the bankruptcy proceedings, what they would obtain if the bankruptcy would have been declared, and what influence it could have had on the earlier transactions of the defendants.

3) The claim of Vivendi Holding as a tort

a) A tort from article 415 of the PCC

33. An allegation that GM/Everest was fraudulently induced to support withdrawal of Elektrim's bankruptcy petition, because it was misled as to the circumstances relevant to the decision to continue or withdraw from the bankruptcy proceedings, will under Polish law be classified as a tort under article 415 of the PCC (see above).

b) The jurisdiction of the Polish courts

34. The question of jurisdiction was already discussed above. Vivendi Holding – a US based company – is eligible to sue the defendants under the same rules which apply to Vivendi S.A. (as both under the Regulation 44 and CCP, the domicile of the plaintiff is irrelevant). A tort action, alleging a fraudulent inducement, may both under article 5(3) of the Regulation 44 and under article 1103 of the CCP, be brought in the court of the place where an event giving rise to the damage is alleged to have occurred (here in Poland). Consequently, with respect to the European defendants (T-Mobile Deutschland Gmbh, T-Mobile International AG, Deutsche Telekom AG and Mr Zygmunt Solorz-Zak) Polish courts would have jurisdiction under Regulation 44, and with respect to the American defendant – T-Mobile USA, Polish courts would have jurisdiction under the Polish CCP (see above).

c) The joint and several liability of the defendants

35. As the alleged fraudulent inducement committed by the defendants may constitute a tort under Polish law, article 441 of the PCC is applicable. Therefore, the eventual liability of the defendants will be joint and several.

**V. Selected aspects of procedure before the Polish courts**

1) Principle of non-discrimination against foreign parties before the Polish court

36. The Polish civil procedural law is based upon the principle of equality of rights of foreigners and Polish nationals. This rule, even though not expressly provided in the Polish CCP is a consequence of article 8 of the Polish Private International Law of 12 November 1965 (Dz.U. No. 46, item 290 with the later changes; hereafter referred to as "**PIL**") according to which: <*foreigners may have rights and duties in Poland equal to those of Polish citizens, unless the law provides otherwise.*> It is commonly accepted that the equality of substantial rights of the foreigners and Polish nationals under Polish law implies granting the foreigners the possibility of exercising their rights before the Polish courts equal to that of the Polish citizens.

2) An open catalogue of evidence

37. Under the CCP the parties may present any kind of evidence in order to support their case, if the evidence is essential for the settlement of the dispute in question. By virtue of article 309 of the CCP a so-called opened catalogue of evidence has been introduced. This enables the court to accept types of evidence, other than the ones expressly regulated in the CCP, provided however that the suitable regulations of the CCP regarding the manner of taking of evidence are not violated[iii].

3) Witness testimony

38. Polish procedural law expressly accepts witness testimony made under oath subject to eventual criminal law penalty. Under the CCP, such testimony made for the purpose of litigation proceedings must be given in oral form. This does not however exclude the possibility of accepting written witness statements as evidence. Under the Polish procedural law, statements of a witness in writing are considered as documentary evidence as defined in articles 244-257 of the CCP and not witness testimony, which is regulated in articles 258-277 thereof. Such a qualification however does not generally influence the probative force of the evidence, the evaluation of which is performed by the court in accordance with the principle of free evaluation of evidence[iv].

4) The principle of non-discrimination of foreign evidence

39. Furthermore, the CCP does not differentiate between means of evidence or discriminate against them in terms of their probative force, depending upon whether they are of a national or foreign origin. Also, private and official foreign documents enjoy the same probative force as Polish ones, the only exception from this rule being provided in article 1138 of the CCP[v].

5) Judicial assistance in taking of evidence

40. If it proves necessary to take evidence abroad, a Polish court may obtain such evidence by means of judicial assistance in civil or commercial matters rendered by courts and other authorities of foreign countries, as well as diplomatic officers, consular agents or commissioners. The national regulation of judicial assistance has been provided for in articles 1130-1136 of the CCP, but in the vast majority of cases the legal basis for rendering such assistance is now governed by international law. Two such laws ought to be mentioned here. First, as far as judicial assistance involving the taking of evidence in between member countries of the European Community is concerned, the European Council Regulation No. 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters applies. Second, if Polish Courts would seek judicial assistance in the taking of evidence within the territory of the United States of America, such assistance would be based on the provisions of the Hague Convention on the taking of evidence abroad in civil or commercial matters, concluded on 18 March 1970, to which the United States, as well as Poland are parties. Both of the mentioned international legal acts clearly define a limited catalogue of grounds justifying the refusal of judicial assistance with respect to taking of evidence. Generally speaking, in litigation before an EU court the EU Regulation is considered to provide a more efficient means of taking evidence than the Hague Convention.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct,

Executed this 25 of September, 2007

Wojciech Popiołek

_____

[i] Official Journal.
[ii] Poland is also bound by the Council Regulation (EC) No. 1346/2000 of 29 May 2000 on insolvency proceedings (O.J. 2000, L160/1). According to article 3(1) of this Regulation: <1. The courts of the Member State within the territory of which the centre of a debtor's main interests is situated shall have jurisdiction to open insolvency proceedings. In the case of a company or legal person, the place of the registered office shall be presumed to be the centre of its main interests in the absence of proof to the contrary.>
[iii] Article 309 of the CCP: <The manner, in which evidence is taken using means of evidence other than those mentioned in the preceding articles, shall be determined by the court according to their character and in accordance with the regulations on evidence applied per analogiam>.
[iv] Article 233 of the CCP: <§ 1. The Court evaluates the credibility and probative force of evidence according to its own opinion, on the basis of a comprehensive evaluation of the collected material. § 2. On the same basis the Court shall evaluate, what significance ought to be given to the party's denial to present evidence or to the obstacles created by it impeding the taking of evidence in violation of the Court's decision>"
[v] According to this regulation, <if [an official] document refers to the transfer of a property right over an immovable located in Poland, then it should be subject to authentication by a diplomatic office or a consular agency. Same refers to [an official] document, which arouses doubts as to its authenticity.>