The Honorable James L. Robart

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| VIVENDI S.A. and VIVENDI HOLDING I CORP., as the Assignee of a U.S. Elektrim Bondholder,<br><br>Plaintiffs,<br><br>vs.<br><br>T-MOBILE USA, INC.; T-MOBILE DEUTSCHLAND GMBH; T-MOBILE INTERNATIONAL AG; DEUTSCHE TELEKOM AG; and ZYGMUNT SOLORZ-ZAK ,<br><br>Defendants. | Case No. CV6-1524 JLR<br><br>**TRANSLATOR ANDRZEJ HILDEBRANDT'S DECLARATION REGARDING TRANSLATION OF ZYGMUNT SOLORZ-ZAK'S DECLARATION FROM POLISH LANGUAGE TO ENGLISH LANGUAGE** |

I, ANDRZEJ HILDEBRANDT, hereby declare as follows:

1. I am a sworn court translator of the English language, duly admitted to the profession in the Republic of Poland and entered on the list of sworn court translators maintained by the Minister of Justice under no TP/2169/06. I have personal knowledge of the matters set forth herein, and if called to testify, I could and would competently testify to the matters set forth below.

2. This Declaration is submitted in connection with Defendant Zygmunt Solorz-Zak's ("Mr. Solorz") Motion to Dismiss Plaintiff VIVENDI S.A. ("Vivendi") and VIVENDI HOLDING I CORP.'s ("VH1") (collectively, "Plaintiffs") Third Amended Complaint ("Motion to Dismiss")

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101
(206) 622-3790

pending in the United States District Court, Western District of Washington at Seattle (the "Seattle Action").

3. I have been a practicing sworn court translator since 1999 with full and unlimited powers to translate and certify documents (including documents from the Polish language to the English language and from the English language to the Polish language). My appointment as a sworn translator has not been suspended or revoked.

4. My other professional duties include the post of lecturer in translation and interpreting at the Institute of Applied Linguistics of the University of Warsaw and senior partner at Institute of Specialised Translations.

5. Attached as Exhibit A to this Declaration is a true and correct copy of DEFENDANT ZYGMUNT SOLORZ-ZAK'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT written in the ***Polish language***. I personally reviewed Exhibit A with Mr. Solorz on November 8, 2007 in Warsaw, Poland and confirmed with Mr. Solorz that he had personal knowledge of the matters set forth therein and that he could and would competently testify to those matters if called to testify. I also confirmed with Mr. Solorz that by his signing Exhibit A, he was declaring under penalty of perjury under the laws of the United States that the matters set forth therein were true and correct.

6. Attached as Exhibit B to this Declaration is a true and correct copy of DEFENDANT ZYGMUNT SOLORZ-ZAK'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT written in the ***English language***. In advance of my November 8, 2007 meeting with Mr. Solorz in Warsaw, Poland, I personally prepared Exhibit B by translating the text of Exhibit A from the Polish language to the English language. I hereby confirm and certify that Exhibit B is a complete and accurate translation of Exhibit A.

7. On November 8, 2007, I personally presented Exhibit A and Exhibit B to Mr. Solorz in Warsaw, Poland, and explained to Mr. Solorz that that I had personally translated Exhibit B from Exhibit A. After I reviewed Exhibit A in detail with Mr. Solorz, I personally witnessed Mr. Solorz

KYL_SF457869

- 2 -

**TRANSLATOR ANDRZEJ HILDEBRANDT'S DECLARATION REGARDING TRANSLATION - Case No. CV6-1524 JLR**

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101
(206) 622-3790

signing Exhibit A. Thereafter, based on my assurance that Exhibit B faithfully translated into the English language the contents of Exhibit A, Mr. Solorz signed Exhibit B and I personally witnessed Mr. Solorz signing Exhibit B.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed in Warsaw, Poland this 8 day of November 2007.

ANDRZEJ HILDEBRANDT

KYL_SF457869

- 3 -

TRANSLATOR ANDRZEJ HILDEBRANDT'S DECLARATION REGARDING TRANSLATION - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101
(206) 622-3790

**EXHIBIT A**

Czcigodny James L. Robart

**SĄD OKRĘGOWY STANÓW ZJEDNOCZONYCH**
**ZACHODNI OKRĘG STANU WASZYNGTON**
**W SEATTLE**

VIVENDI S.A. oraz VIVENDI HOLDING I CORP., jako Cesjonariusz Amerykańskiego Obligatariusza Elektrimu,
Powodowie,

Przeciw

T-MOBILE USA, INC.; T-MOBILE DEUTSCHLAND GMBH; T-MOBILE INTERNATIONAL AG; DEUTSCHE TELEKOM AG; oraz ZYGMUNT SOLORZ-ŻAK,

Pozwani.

Sprawa Nr CV6-1524 JLR

**OŚWIADCZENIE POZWANEGO ZYGMUNTA SOLORZA-ŻAKA NA POPARCIE WNIOSKU O ODDALENIE TRZECIEGO POPRAWIONEGO POZWU**

JA, ZYGMUNT SOLORZ-ŻAK, niniejszym oświadczam, co następuje:

1. Moim językiem ojczystym jest język polski. Nie mówię po angielsku, nie piszę ani nie czytam w tym języku. Po przeczytaniu i zatwierdzeniu stwierdzeń zawartych w niniejszym Oświadczeniu, które zostały spisane w języku polskim, zatwierdziłem polską wersję niniejszego Oświadczenia. Następnie przedstawiono mi tłumaczenie na język angielski polskiej wersji niniejszego Oświadczenia. Złożyłem swój podpis pod obiema wersjami językowymi niniejszego Oświadczenia, polską i angielską, w oparciu o poświadczenie dokonane przez tłumacza przysięgłego języka polskiego, iż angielska wersja językowa niniejszego Oświadczenia wiernie przedstawia moje oświadczenie złożone pod przysięgą w polskiej wersji językowej niniejszego Oświadczenia. Posiadam osobistą wiedzę na temat spraw wyszczególnionych w polskiej wersji językowej

KYL_SF457776

- 1 -

DEFENDANT ZYGMUNT SOLORZ-ZAK'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101

HILDERBRANDT DEC.
EXHIBIT A, PAGE 1

niniejszego Oświadczenia oraz, jeśli zostanę wezwany do złożenia zeznań, jestem w stanie i będę składał zeznania (w języku polskim) w zakresie wyszczególnionych poniżej spraw.

2. Niniejsze Oświadczenie zostaje złożone na poparcie Wniosku złożonego przez Pozwanego Zygmunta Solorza-Żaka o oddalenie Trzeciego Poprawionego Pozwu Powodów VIVENDI S.A. ("Vivendi") oraz VIVENDI HOLDING I CORP.'s ("VH1") (łącznie zwanych „Powodami") („Wniosek o Oddalenie") złożonego w Sądzie Okręgowym Stanów Zjednoczonych, Zachodni Okręg stanu Waszyngton w Seattle. Nigdy nie przebywałem w stanie Waszyngton ani nie miałem żadnych kontaktów osobistych lub biznesowym z nikim kto, wedle mojej wiedzy, był w jakikolwiek sposób powiązany ze stanem Waszyngton lub z niego pochodził.

3. Jestem obywatelem Rzeczpospolitej Polskiej. Mieszkam w Warszawie, w Polsce.

4. Nie posiadam ani nie wynajmuję, jak również nigdy nie posiadałem ani nie wynajmowałem nieruchomości w Stanach Zjednoczonych. Nie posiadam ani nigdy nie posiadałem, pośrednio ani bezpośrednio, udziałów w żadnej amerykańskiej spółce. Nie posiadam i nigdy nie posiadałem rachunku bankowego ani rachunku papierów wartościowych w Stanach Zjednoczonych.

5. Nigdy nie składałem deklaracji podatkowej w Stanach Zjednoczonych. Nigdy nie wniosłem sprawy w żadnym sądzie stanowym ani federalnym w Stanach Zjednoczonych. Za wyjątkiem pozwu złożonego przez Vivendi S.A. w Sądzie Okręgowym Stanów Zjednoczonych, Zachodni Okręg stanu Waszyngton w Seattle, nigdy nie byłem pozwanym w żadnym sądzie stanowym ani federalnym w Stanach Zjednoczonych.

6. Nigdy nie podróżowałem do Stanów Zjednoczonych w interesach ani nigdy nie prowadziłem interesów w imieniu jakiegokolwiek podmiotu ani w swoim własnym w trakcie pobytu w Stanach Zjednoczonych. Zatem w czasie pobytu w Stanach Zjednoczonych nigdy nie używałem amerykańskich linii telefonicznych ani poczty amerykańskiej w celu prowadzenia jakichkolwiek interesów w Stanach Zjednoczonych.

7. Podróżowałem do Stanów Zjednoczonych mniej niż sześć razy, a za każdym razem, gdy przyjeżdżałem do Stanów Zjednoczonych, było to jedynie w celach urlopowych. Najdłuższy z tych wyjazdów urlopowych trwał około dwóch tygodni, a większość wyjazdów trwała krócej.

KYL_SF457776

2 .

DEFENDANT ZYGMUNT SOLORZ-ZAK'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101

HILDERBRANDT DEC.
EXHIBIT A, PAGE 2

8.  Jak rozumiem, Wniosek o Oddalenie nie musi zawierać, a zatem nie zawiera, mojego ustosunkowania się do domniemanej "zasadności" rzekomych "roszczeń" Powodów względem mnie. Co za tym idzie, nie będę również szczegółowo odnosił się do licznych nieprawdziwych i niedokładnych zarzutów zawartych w Trzecim Poprawionym Pozwie Powodów, wobec czego jedynie przedłożę w ograniczonym zakresie informacje zawarte poniżej dotyczące moich stosunków biznesowych z Elektrimem.

9.  Elektrim jest polską spółką z głównym miejscem prowadzenia działalności w Warszawie, w Polsce. Struktura ładu korporacyjnego Elektrimu, tak jak i innych polskich spółek, składa się z dwóch elementów: Zarządu i Rady Nadzorczej. Na mocy prawa polskiego Zarząd spółki zawiaduje jej codzienną działalnością oraz reprezentuje spółkę w postępowaniach sądowych, a Rada Nadzorcza spółki nadzoruje pracę Zarządu.

10.  Od roku 2003 jestem Przewodniczącym Rady Nadzorczej Elektrimu. Nie jestem i nigdy nie byłem członkiem Zarządu Elektrimu. Moje obowiązki jako Przewodniczącego Rady Nadzorczej Elektrimu koncentrowały się w minionych latach w Europie i nigdy nie prowadziłem żadnych interesów w Stanach Zjednoczonych, ani także nie polecałem innym osobom związanym z Elektrimem prowadzić interesy w Stanach Zjednoczonych.

11.  Jestem w sposób ogólny świadom spraw sądowych toczących się w Polsce, Austrii, Niemczech, Francji, Szwajcarii oraz Wielkiej Brytanii w związku ze sporami pomiędzy Vivendi, VH1, Elektrim oraz T-Mobile Deutschland GMBH, T-Mobile International AG i Deutsche Telekom AG (łącznie zwanych „DT") w odniesieniu do udziałów Elektrim Telekomunikacja sp. z o.o („Telco") oraz Polskiej Telefonii Cyfrowej sp. z o.o. („PTC"). Niektóre z tych sporów, a zwłaszcza własność spornych udziałów PTC, mają zostać rozstrzygnięte na gruncie prawa polskiego, natomiast inne spory, w tym roszczenia dotyczące obligacji Elektrim Finance B.V., podlegają prawu angielskiemu. Żaden ze sporów toczących się w Europie nie podlega prawu Stanów Zjednoczonych.

12.  Moje wszystkie osobiste dokumenty biznesowe dotyczące interesów znajdują się w Polsce. Wedle mojej wiedzy dokumenty Elektrimu odnoszące się do sporów pomiędzy Vivendi, VH1, Elektrimem oraz DT dotyczących udziałów Telco oraz PTC znajdują się w Polsce, za wyjątkiem

KYL_SF457776                                 3 -

DEFENDANT ZYGMUNT SOLORZ-ZAK'S DECLARATION
IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED
COMPLAINT - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101

HILDERBRANDT DEC.
EXHIBIT A, PAGE 3

sytuacji, w których kopie niektórych z tych dokumentów mogły zostać przekazane pełnomocnikom prawnym Elektrimu w różnych państwach europejskich w związku z procesami sądowymi toczącymi się przed różnymi sądami od 1999 r. Według mojej wiedzy żadne dokumenty Elektrimu nie znajdują się ani w Stanach Zjednoczonych ogólnie, ani w szczególności w stanie Waszyngton.

13. Trzeci Poprawiony Pozew Powodów wskazuje, poza mną, tylko dwie osoby rzekomo powiązane z Elektrimem: Monikę Halupczak oraz doktora Marcina Olechowskiego. Zarówno pani Halupczak jak i doktor Olechowski są obywatelami polskimi mieszkającymi w Polsce. Pani Halupczak jest byłym dyrektorem działu prawnego Elektrimu w Warszawie, w Polsce. Dr Olechowski jest prawnikiem prawa polskiego pracującym dla polskiej kancelarii Sołtysiński Kawecki & Szlezak („SK&S") w Warszawie, w Polsce, występującej w roli zewnętrznego doradcy Elektrimu. Według mojej wiedzy świadkowie związani z Elektrimem, którzy mogliby złożyć istotne zeznania odnoszące się do sporu pomiędzy Vivendi, VH1, Elektrimem oraz DT dotyczącego udziałów Telco oraz PTC, przebywają w Polsce. Żadni tacy świadkowie nie przebywają w Stanach Zjednoczonych. Według mojego osądu wymaganie, aby obywatele polscy nie będący stroną sporu stawili się w Stanach Zjednoczonych w celu złożenia zeznań dotyczących spraw, nad którymi mogli pracować w Polsce, a odnoszących się do (1) transakcji europejskich, (2) europejskich sporów gospodarczych, oraz (3) europejskich postępowań arbitrażowych i sądowych, byłoby niezwykle uciążliwe, kłopotliwe, kosztowne i niesprawiedliwe.

14. Ponieważ mieszkam i pracuję w Polsce, oraz ponieważ odwiedziłem Stany Zjednoczone mniej niż sześć razy, i to jedynie w celach urlopowych, pozwolenie na nadanie biegu sprawie założonej przez Powodów w Wysokim Sądzie i zmuszenie mnie do uczestniczenia w postępowaniu sądowym w Stanach Zjednoczonych, w dodatku w stanie Waszyngton, w którym nigdy w życiu nie byłem, będzie dla mnie bardzo kłopotliwe i uciążliwe. Dodatkowo konieczność stawiennictwa w procesie w Stanach Zjednoczonych, który powiela procesy sądowe od lat toczące się w Europie, będzie dla mnie również niezwykle kłopotliwe i uniemożliwi mi wypełnianie moich obowiązków biznesowych wobec Elektrimu i innych podmiotów gospodarczych, w które jestem zaangażowany w Polsce.

KYL_SF457776

4 -

DEFENDANT ZYGMUNT SOLORZ-ZAK'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101

HILDERBRANDT DEC.
EXHIBIT A, PAGE 4

15. Dodatkowo, ponieważ nie mówię ani nie piszę po angielsku i nie rozumiem tego języka, musiałbym zatrudnić tłumacza, by uczestniczył ze mną w rozprawach sądowych w Stanach Zjednoczonych, co wiązałoby się z poważnymi wydatkami i uciążliwością. Zmuszanie mnie do uczestnictwa w zagranicznym procesie sądowym w Stanach Zjednoczonych byłoby nie tylko niezwykle niepraktyczne, kłopotliwe i niesprawiedliwe względem mnie, biorąc pod uwagę okoliczność, że spory pomiędzy Vivendi, VH1, Elektrimem oraz DT w odniesieniu do udziałów Telco oraz PTC powstały w Europie i w Europie toczą się obecnie w ich sprawie postępowania sądowe, ale taki zagraniczny proces mógłby być wobec mnie również niezwykle krzywdzący z następujących powodów: (1) przysięgli stanu Waszyngton mogą negatywnie odbierać fakt znacznego wydłużenia postępowania spowodowany tym, że ze względu na mnie rozprawy musiałyby być tłumaczone, a także (2) przysięgli stanu Waszyngton mogą negatywnie odbierać fakt wydawania (i być może trwonienia) pieniędzy z ich podatków w związku ze sporem, który nie jest w żaden sposób związany ze Stanami Zjednoczonymi, nie mówiąc już o stanie Waszyngton.

Świadom odpowiedzialności za składanie fałszywych zeznań na mocy prawa Stanów Zjednoczonych oświadczam, iż powyższe informacje są prawdziwe i że Oświadczenie niniejsze złożono w Warszawie, w Polsce, dnia 8 listopada 2007.

ZYGMUNT SOLORZ-ŻAK

KYL_SF457776

5

DEFENDANT ZYGMUNT SOLORZ-ZAK'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101

HILDERBRANDT DEC.
EXHIBIT A, PAGE 5

# **EXHIBIT B**



Andrzej Hildebrandt, M.A.

Sworn court translator of the English language
Quendi Language Services, www.quendi.pl, tel. +48 501 792 065, e-mail: ahildebrandt@quendi.pl

***********************Translation from the Polish original******************

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIVENDI S.A. and VIVENDI HOLDING I CORP., as the Assignee of a U.S. Elektrim Bondholder,<br><br>Plaintiffs,<br><br>vs.<br><br>T-MOBILE USA, INC.; T-MOBILE DEUTSCHLAND GMBH; T-MOBILE INTERNATIONAL AG; DEUTSCHE TELEKOM AG; and ZYGMUNT SOLORZ-ZAK,<br><br>Defendants. | Case No. CV6-1524 JLR<br><br>**DEFENDANT ZYGMUNT SOLORZ-ZAK'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT** |

I, ZYGMUNT SOLORZ-ZAK, hereby declare as follows:

1. My native language is Polish. I do not read, write, or speak English. After I read and confirmed the accuracy of the statements set forth in this Declaration that were written in the Polish language, I approved the Polish language version of this Declaration. Thereafter, I was presented with an English translation of the Polish language version of this Declaration. I have affixed my signature to both the Polish and English language versions of this Declaration upon the representation by a certified Polish language translator that the English language version of this Declaration faithfully sets

KYL_SF457776

- 1 -

DEFENDANT ZYGMUNT SOLORZ-ZAK'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101
(206) 622-3790

HILDERBRANDT DEC.
EXHIBIT B, PAGE 1

forth what I state under oath in the Polish language version of this Declaration. I have personal knowledge of the matters set forth in the Polish language version of this Declaration, and if called to testify, I could and would competently testify (in Polish) to the matters set forth below.

2. This Declaration is submitted in support of Defendant Zygmunt Solorz-Zak's Motion to Dismiss Plaintiffs VIVENDI S.A.("Vivendi") and VIVENDI HOLDING I CORP.'s ("VH1") (collectively, "Plaintiffs") Third Amended Complaint ("Motion to Dismiss") pending in the United States District Court, Western District of Washington at Seattle. I have never set foot in the State of Washington or had any personal or business dealings in with anyone who, to my knowledge, was in any way associated with or from the State of Washington.

3. I am a citizen of the Republic of Poland. My residence is located in Warsaw, Poland.

4. I do not own or rent, and have never owed or rented, any real property in the United States. I do not own, and never have owned, either directly or indirectly, any interest in any United States company. I do not have, and have never had, a bank account or securities account in the United States.

5. I have never filed a tax return in the United States. I have never filed a lawsuit in any state or federal court in the United States. Other than in the lawsuit filed by Vivendi S.A. in the United States District Court, Western District of Washington at Seattle, I have never been a defendant in any state or federal court in the United States.

6. I have never traveled to the United States for business nor have I ever conducted any business on behalf of any entity or on my own behalf while I was in the United States. Thus, while in the United States, I have never used the U.S. phone lines or the U.S. mails to conduct any business in the United States.

7. I have traveled to the United States on less than six occasions, and each time that I came to the United States, it was only for holidays. The longest of these holiday visits was approximately two weeks and most holiday visits were shorter in duration.

8. It is my understanding that the Motion to Dismiss need not, and hence does not, address the supposed "merits" of Plaintiffs' purported "claims" against me. Accordingly, I will not

KYL_SF457776

- 2 -

DEFENDANT ZYGMUNT SOLORZ-ZAK'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101
(206) 622-3790

HILDERBRANDT DEC.
EXHIBIT B, PAGE 2

specifically comment on the numerous false and inaccurate allegations in Plaintiffs' Third Amended Complaint, but instead will simply provide the limited information set forth below concerning my business relationship with Elektrim.

9. Elektrim is a Polish company with its principal place of business in Warsaw, Poland. The corporate governance structure of Elektrim, like that of other Polish companies, consists of two components: a Management Board and a Supervisory Board. Under Polish law, a company's Management Board controls the day-to-day business operations of the company and represents the company in legal proceedings, whereas a company's Supervisory Board supervises the Management Board.

10. I am, and since 2003 have been, the Chairman of Elektrim's Supervisory Board. I am not, and never have been, a member of Elektrim's Management Board. My responsibilities as Chairman of Elektrim's Supervisory Board of Elektrim have been over the years discharged in Europe and I have never conducted any business whatsoever in the United States, or directed others associated with Elektrim to conduct business in the United States.

11. I am generally aware of the European litigation that is ongoing in Austria, Poland, Germany, France, Switzerland and Great Britain relating to the disputes between and/or among Vivendi, VH1, Elektrim and/or T-Mobile Deutschland GMBH, T-Mobile International AG and Deutsche Telekom AG (collectively, "DT") in regard to Elektrim Telekomunikacja sp. z o.o ("Telco") and the Polska Telefonia Cyfrowa sp. zo.o. ("PTC") shares. Certain of those disputes, and in particular ownership of the disputed PTC shares, are to be resolved under Polish law, whereas other disputes, including claims pertaining to Elektrim Finance N.V. bonds, are governed by English law. None of the underlying disputes in Europe is governed by United States law.

12. My personal business papers are all located in Poland. To my knowledge, Elektrim documents relating to the disputes between and/or among Vivendi, VH1, Elektrim and/or DT in regard to Telco and the PTC shares are located in Poland, except to the extent that copies of certain of such documents may have been given to Elektrim's legal representatives in different European countries in connection with litigation that has been ongoing in one forum or another since 1999. To my

KYL_SF457776
- 3 -
DEFENDANT ZYGMUNT SOLORZ-ZAK'S DECLARATION
IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED
COMPLAINT - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101
(206) 622-3790

HILDERBRANDT DEC.
EXHIBIT B, PAGE 3

knowledge, no Elektrim documents are located in the United States, generally, or in the State of Washington, specifically.

13. Plaintiffs' Third Amended Complaint identifies only two persons purportedly associated with Elektrim other than myself: Monika Halupczak and Dr. Marcin Olechowski. Both Ms. Halupczak and Dr. Olechowski are Polish citizens who reside in Poland. Ms. Halupczak is the former Director of Elektrim's legal department in Warsaw, Poland. Dr. Olechowski is a lawyer under Polish law with the Polish law firm Soltysinski Kawecki & Szlezak ("SK&S") in Warsaw, Poland which has acted as outside counsel for Elektrim. To my knowledge, Elektrim-related witnesses who could offer relevant testimony pertaining to the dispute between and/or among Vivendi, VH1, Elektrim and/or DT in regard to Telco and the PTC shares reside in Poland. No such witnesses are in the United States. In my judgment, requiring non-party Polish citizens to appear in the United States to testify about matters that they may have worked on in Poland related to (1) European transactions, (2) European business disputes, and (3) European arbitration and court proceedings, would be extremely inconvenient, disruptive, costly and unfair.

14. Because I live and work in Poland and because I have only visited the United States less than six times and have done so only for vacations, allowing Plaintiffs' lawsuit to proceed in this Honorable Court and forcing me to participate in legal proceedings in the United States – and in the State of Washington where I have never in my life been – will present significant burdens and inconvenience for me. In addition, having to defend a lawsuit in the United States that is duplicative of legal proceedings that have been pending and ongoing for years in Europe will also be extremely disruptive for me and will prevent me from fulfilling my business responsibilities to Elektrim and to other business entities with which I am involved in Poland.

15. Additionally, because I do not speak, read or understand English, I would have to engage a translator to attend court hearings in the United States with me at substantial expense and inconvenience. Not only would forcing me to participate in a foreign trial in the United States be extremely impractical, inconvenient and unfair to me given the fact that the disputes between and/or among Vivendi, VH1, Elektrim and/or DT in regard to Telco and the PTC shares arose in Europe and

KYL_SF457776

- 4 -

DEFENDANT ZYGMUNT SOLORZ-ZAK'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT - Case No. CV6-1524 JLR

KERSALL YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101
(206) 622-3790

HILDERBRANDT DEC.
EXHIBIT B, PAGE 4

are currently being litigated in Europe, such a foreign trial could extremely prejudicial to me for the following reasons: (1) Washington State jurors may resent the trial being substantially prolonged as a result of my needing a translator to follow the proceedings; and (2) Washington State jurors my resent the fact that their tax dollars are being used (and perhaps wasted) in connection with a dispute that has no nexus to the United States, let alone the State of Washington.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed in Warsaw, Poland this 8 day of November 2007.

ZYGMUNT SOLORZ-ZAK

******************************end of the Polish text*************************

I, Andrzej Hildebrandt, sworn court translator of the English language, entered into the List of Sworn Translators maintained by the Minister of Justice under no TP/2169/06, hereby attest and certify the compliance of the above translation with the original, presented to me in the Polish language, in witness hereof I affix my stamp and hand this 8th day of November, 2007.

R/D no. 922/2007

Andrzej Hildebrandt, M.A

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101

HILDERBRANDT DEC.
EXHIBIT B, PAGE 5