The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIVENDI S.A. and VIVENDI HOLDING I CORP., as the Assignee of a U.S. Elektrim Bondholder,<br><br>Plaintiffs,<br><br>vs.<br><br>T-MOBILE USA, INC.; T-MOBILE DEUTSCHLAND GMBH; T-MOBILE INTERNATIONAL AG; DEUTSCHE TELEKOM AG; and ZYGMUNT SOLORZ-ZAK,<br><br>Defendants. | Case No. CV6-1524 JLR<br><br>NON-PARTY MONIKA HALUPCZAK'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT |

I, MONIKA HALUPCZAK, hereby declare as follows:

1. My native language is Polish, but I do read write and speak English. I have personal knowledge of the matters set forth in herein, and if called to testify, I could and would competently testify to the matters set forth below.

2. This Declaration is submitted in support of Defendant Zygmunt Solorz-Zak's ("Mr. Solorz") Motion to Dismiss Plaintiff VIVENDI S.A. ("Vivendi") and VIVENDI HOLDING I CORP.'s ("Vivendi Holdings") (collectively, "Plaintiffs") Third Amended Complaint ("Motion to Dismiss") pending in the United States District Court, Western District of Washington at Seattle.

3. I am a citizen of the Republic of Poland. I am an attorney licensed under the laws of the Republic of Poland. From 2003 to 2004, I was the Director of Elektrim S.A.'s ("Elektrim") legal

KYL_SF457541 - 1 -

NON-PARTY MONIKA HALUPCZAK'S DECLARATION
IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED
COMPLAINT - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101
(206) 622-3790

department in Warsaw, Poland. My residence is located in Warsaw, Poland and I work in Poland. In my capacity as the Director of Elektrim's legal department, I have met Mr. Solorz.

4. I have reviewed Vivendi's Third Amended Complaint against T-Mobile USA, Inc., T-Mobile Deutschland GMBC, T-Mobile International AG and Deutsche Telekom AG (collectively "DT") and Mr. Solorz which complains of certain matters in regard to Polska Telefonia Cyfrowa sp. zo.o ("PTC") and Elektrim Telekomunikacja sp. zo.o ("Telco"). I note that my name is mentioned twice in the Third Amended Complaint (at paragraph 54 on pages 25-26) as follows:

- "On May 11, 2004, Monika Halupczak of Elektrim emailed David Syed, an attorney representing Vivendi who was then in the United States, stating that Elektrim was prepared to sign a Term Sheet pursuant to which Elektrim and Vivendi would suspend litigation against T-Mobile while exploring a joint sale of their PTC stock to T-Mobile. The Term Sheet is very detailed, proposing specific terms of the transaction. There is no mention in the email of any cooperation, much less collaboration, between T-Mobile and Elektrim. These negotiations created the knowingly false impression that T-Mobile was actually negotiating when in fact it was not.

- On or about May 11, 2004, Ms. Halupczak had a telephone conversation with David Syed regarding the Term Sheet. The discussion was sufficiently detailed to cause Mr. Syed to reasonably believe that Elektrim was acting in good faith and actually negotiating."

5. It is my understanding that the Motion to Dismiss need not, and hence does not, address the supposed "merits" of Plaintiffs' purported "claims" against the Mr. Solorz or the DT defendants. Accordingly, I will not specifically comment on the various allegations in Plaintiffs' Third Amended Complaint, but instead will simply focus on the first sentence of each paragraph block-quoted in Paragraph 4 above, by which two sentences Plaintiffs seek (apparently) to support their contention that personal jurisdiction over Mr. Solorz exists in the United States District Court as a result of my alleged sending of a single e-mail to, and my alleged single telephone conversation with, Vivendi's outside counsel based in Paris, France – David Syed of Orrick, Herrington & Sutcliffe.

6. When I dealt with Mr. Syed in 2004, I knew and understood that he was acting as outside counsel for Vivendi and that his Orrick, Herrington & Sutcliffe office located in Paris, France. Attached hereto as <u>Exhibit A</u> is a true and correct copy of Mr. Syed's profile obtained from Orrick,

KYL_SF457541    - 2 -

NON-PARTY MONIKA HALUPCZAK'S DECLARATION
IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED
COMPLAINT - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101
(206) 622-3790

Herrington & Sutcliffe's website (http://www.orrick.com/lawyers/Bio.asp?ID=130971) which confirms that Mr. Syed is based in Orrick, Herrington & Sutcliffe's Paris, France office.

7. I have checked Elektrim's records and my own personal records, and can confirm the following: On May 11, 2004,

(a) I was physically present in Warsaw, Poland;

(b) to the extent that I was performing legal work related to the disputes between and/or among Vivendi, Elektrim and/or DT in regard to Telco and the PTC shares, I was acting on behalf of Elektrim, and not on behalf of Mr. Solorz personally;

(c) the e-mail referenced in Paragraph 4 above was sent to Vivendi's Paris-based outside counsel David Syed at the following e-mail address which I had previously utilized when I sent Mr. Syed e-mails that, based on my conversations with him: dsyed@orrick.com;

(d) I have no recollection of knowing where Mr. Syed was physically located when he opened my May 11, 2004 e-mail, and did not know if he opened them on a PDA ("Personal Digital Assistant") device such as a Blackberry or Treo while he was travelling outside of France.

(e) my custom and practice when attempting to speak with Mr. Syed by telephone was to call his Paris office at Orrick, Herrington & Sutcliffe, or his mobile cell phone.

(f) I have no recollection of knowing where Mr. Syed was physically located when he and I spoke on May 11, 2004.

8. To my knowledge, Elektrim documents relating to the disputes between and/or among Vivendi, Elektrim and/or DT in regard to Telco and the PTC shares are located in Poland, except to the extent that copies of certain of such documents may have been given to Elektrim's legal representatives in different European countries in connection with litigation that has been ongoing in one forum or another since 1999.

9. While I was the Director of Elektrim's legal department, all of the legal work performed by Elektrim's legal department pertaining to the disputes between and/or among Vivendi, Elektrim and/or DT in regard to Telco and the PTC shares related to (1) European transactions, (2) European business disputes, and (3) European arbitration and court proceedings. None of that work

KYL_SF457541 - 3 -
NON-PARTY MONIKA HALUPCZAK'S DECLARATION
IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED
COMPLAINT - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101
(206) 622-3790

pertaining to the disputes between and/or among Vivendi, Elektrim and/or DT in regard to Telco and the PTC shares related to (1) any United States transactions, (2) any United States business disputes, or (3) any United States arbitrations/court proceedings.

10. To my knowledge, Elektrim-related witnesses who could offer relevant testimony pertaining to the disputes between and/or among Vivendi, Elektrim and/or DT in regard to Telco and the PTC shares reside in Poland. No such witnesses are in the United States. Although I do not believe that it would be appropriate for me or any other attorney in Elektrim's law department to have to testify in any proceeding pertaining to the disputes between and/or among Vivendi, Elektrim and/or DT in regard to Telco and the PTC shares in view of, at a minimum, the attorney-client privilege, it would be extremely inconvenient, disruptive, costly and unfair to Elektrim attorneys to have to do so in the United States. The extreme inconvenience, disruption, cost and unfairness of having Polish attorneys appear in an action in the United States to testify about matters that they may have worked on in Poland related to (1) European transactions, (2) European business disputes, and (3) European arbitration and court proceedings, is especially apparent given the absence of any connection between the United States and the disputes between and/or among Vivendi, Elektrim and/or DT in regard to Telco and the PTC shares.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed in Warsaw, Poland this 31 day of October 2007.

_____
MONIKA HALUPCZAK

KYL_SF457541

- 4 -

**NON-PARTY MONIKA HALUPCZAK'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT** - Case No. CV6-1524 JLR

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WA 98101
(206) 622-3790



**EXHIBIT A**

LAWYERS
Lawyer Search
Lawyers by Office
Lawyers by Practice Area



### David Syed
Partner
European Finance
Global Finance
Paris Office

+33 1 5353 7500
dsyed@orrick.com

**Related Practice Areas**
- European Finance
- Global Finance
- Structured Finance
- Corporate Transactions (Tax)

**Education**
- LL.B., with honors, Université de Reims, 1985
- LL.M., with honors, University of Exeter, 1987

**Honors**
- Recognized as a Best Banking Lawyer Under 40 by the European Counsel
- Recognized as a leading global lawyer in Chamber's Global Guide to the Leading Global Lawyers, 2004

**Languages**
- English
- French
- Spanish

David Syed, a partner in the Paris office, is the managing partner for Europe and a member of the Executive Committee. As a partner in the European Finance Group, his practice focuses on complex financings and significant restructurings. He also has extensive experience in international contracts, corporate transactions, and cross border transactions.

Before joining the firm, Mr. Syed was a partner with Watson, Farley & Williams from 1992 to 2002. He spent four years as an in-house lawyer in the International contracts department at Renault in Paris, followed by two years as an associate and partner at Baker & McKenzie in Paris.

Mr. Syed's presentations and publications are outlined in the listing below.

**Admitted in**
- Paris

**Memberships**
- Paris Bar Association

**Publications**
- Author, "France: update of the inbound and outbound leasing market," *Asset Finance International*, September 2001
- Author, "Lease to Pickle service contract et droit public français," *Décideurs juridiques et Financiers*, September 2000
- "French PPP legislation: an opportunity for the financing of public investments," *Project Finance Legal Advisers Review* 2004/2005

**Speeches & Programs**
- "The French Inbound/Domestic Leasing Market," European Structured Finance Conference, October 2003, Paris
- "New Horizons for European Financers," U.S. Cross Border Leasing Market New Developments Conference, Orrick, May 2003, Paris
- "Challenges and Opportunities in European Telecom QTE Transactions," EFE Conference, May 2003, Paris
- Chairman, Big Ticket Leasing Convention, Structured Finance Conference, March 2003, London
- "French Leasing Market Recent Developments," U.S. Cross Border Leasing and Structured Finance Conference, April 2003, New York
- "State of the Cross-Border Leasing Market in 2002 and Preview of 2003," "US and European Perspective," European Structured Finance Conference, October 2002
- "Le Regain d'Intérêt du Leasing Fiscal Français - Les Nouvelles Tendances des Financements Structurés," Conférence EFE, June 2002
- "French Inbound Leasing Market - Recent Developments," U.S. Cross Border Leasing and Structured Finance Conference, April 2002, New York
- Chairman, Big Ticket Leasing Convention, Structured Finance Conference, March 2002, London
- "Challengers and Opportunities in Financing European Telecom," Structured Finance Institute, October 2001, Paris

Print-friendly
Contact Us

©2007, Orrick, Herrington & Sutcliffe LLP. All rights reserved.
ATTORNEY ADVERTISING - Notice | Terms of Use Agreement | Privacy Policy

Secure Login | Site Map |



http://www.orrick.com/lawyers/Bio.asp?ID=130971                              6/22/2007

HALUPCZAK DEC.
EXHIBIT A, PAGE 1