**EXHIBIT 2**



## CERTIFIED TRANSLATION FROM THE POLISH LANGUAGE

*The document has been drawn up on four sheets with seals of the District Court for the Capital City of Warsaw. There is a round official seal with Poland's emblem on each page reading.* The District Court for the Capital City of Warsaw in Warsaw. ---

Court Ref. file No X GU 225/07 ---

**Court Ruling** ---

Dated: 21 August 2007 ---

The Warsaw District Court ---
The Commercial Court, X Commercial Division for Bankruptcy and Reorganization composed of: ---
the Chairperson: Judge Ewa Fiedorowicz ---
Judges: Marcin Krawczyk and Daniel Sobiesiak,---
having examined during a proceeding in camera held on 21st August 2007 in Warsaw, the bankruptcy petition filed by ELEKTRIM SA, a company with its registered office in Warsaw, ---
hereby orders to conduct the following: ---

1. to declare the bankruptcy of ELEKTRIM SA, a company with its registered office in Warsaw, with a possibility of making an arrangement; -
2. to institute self-administration over the assets and liabilities of bankrupt ELEKTRIM SA., with its registered office in Warsaw; ---
3. to appoint Judge Tomasz Solak as a judge-commissionaire; ---
4. to appoint Józef Syski as a court supervisor; ---
5. to summon all the creditors to file their claims within the period of 3 (three) months following the verdict publication in the Court and Commerce Gazette;
6. to summon the creditors entitled to legal, as well as legal and personal claims to any real estate owned by this insolvent company in case these claims have not been disclosed by an entry into the land and mortgage registry, and to file

them within the period of 3 (three) months following the judgment publication in the Court and Commerce Gazette, under the pain of losing the right to these claims at the bankruptcy proceedings. ---

*A stamp reading:* Certified as a true copy of the original by: ---

*/Illegible seal and signature/* ---

### Reasons for the Judgment ---

The Petitioner -- ELEKTRIM SA, a company with its registered office in Warsaw, filed an application for instituting bankruptcy proceedings with the possibility of initiating reorganization proceedings and with the option of the company's self-administration of its assets and liabilities. In the argumentation, the Debtor defined the reasons and circumstances that have lead to its insolvency. It argued that the bankruptcy proceedings, with the possibility of initiating reorganization proceedings, would be more profitable for the creditors of ELEKTRIM SA and to the Debtor itself, since all its assets would be sufficient to cover the costs of the bankruptcy proceedings and to pay the debtor's liabilities, as well as to continue its further business activities. ---

### The Court has established and concluded the following: ---

ELEKTRIM SA, a company with its registered office in Warsaw, is a public limited company in compliance with the Act of 29th July 2005, on public offerings and terms and conditions of financial instruments applied in an organized system of dealings, and on public companies (see: Dz. U. No 123, item 1351). Since 1990, the company has been listed on the Warsaw Stock Exchange SA. At present the company is represented by a two-member board of management, i.e. by Piotr Nurowski and Roman Jarosiński (vol.167v). ELEKTRIM SA is a holding entity with shares invested in numerous capital companies conducting business activities both locally and abroad. The company focuses its business activities mainly on trading in shares and stakes of other business entities. The trade strategy of this company included in particular the companies from the telecommunication sector with high and very high asset values. The investments were financed either from incomes



MADRAK DEC.
EXHIBIT 2, PAGE 2

3

generated from the stock exchange trading, bank loans or from issuance of securities, e.g. bonds. ---

Based on the documents provided by ELEKTRIM SA, i.e. the balance sheet dated 20. July 2007 (col. 118-119), and the listing of creditors (vol. 121 – 122, a detailed listing to be found in vol. 123 – 126), the Court was able to establish that ELEKTRIM SA, with its registered office in Warsaw, has ceased to meet its required liabilities. As for 20th July 2007, the Debtor's liabilities exceeded the amount of PLN 4 578 689 652, including the amount of PLN 556 375 544.82 owed to the State Treasury. ---

Therefore, it shall be concluded that ELEKTRIM SA, with its registered office in Warsaw, is an insolvent Debtor and consequently, it is fully justifiable to proclaim its bankruptcy, based on Article 10, in connection with Article 11.1 of the Act, dated 28 February 2003, on the bankruptcy and reorganization law. The Petitioner has ceased to meet its required liabilities with the delay period exceeding already three months. ---

From the documents attached to the application, i.e. the up-to-date listing and the Debtor's written statement (vol. 7 and vol. 165), it can be concluded that the ELEKTRIM SA assets mainly consist of: shares and stakes in other companies, land, buildings and constructions, as well as technical equipment, means of transport, office equipment, office and electric fittings (see: a detailed listing, vol. 18, vol. 19 – 117). According to the listing presented by the Petitioner, the total value of the Debtor's assets amounts to PLN 1 885 758 755 (vol. 18). The content of the documents mentioned herein also confirms that the ELEKTRIM SA assets shall be sufficient to cover the costs of the bankruptcy proceedings. ---

The Court took into consideration the content of the Debtor's application regarding the conduct of the bankruptcy proceedings. In compliance with Article 14.1 of the bankruptcy and reorganization law, the Court orders the bankruptcy of the Petitioner with the possibility of compounding its creditors provided it is confirmed



MADRAK DEC.
EXHIBIT 2, PAGE 3

that as a result of such arrangement the claims of the creditors will be met to a higher degree than as a result of the bankruptcy proceedings. ---

According to the Court's judgment, the Debtor made it highly possible that due to arrangements with creditors the claims of the creditors will be met to a higher degree. By compounding the creditors and meeting the creditors' claims, on the terms and conditions defined in these arrangements, the claims of the ELEKTRIM SA creditors shall be secured. Furthermore, such a procedure of the bankruptcy proceedings provides the Debtor with a chance to continue with its business activities. Despite the insolvency problem, the Debtor is still operating on the market, but what is even more significant, it owns considerable assets which can be used to meet its liabilities. However, the existing debt cannot be repaid by ELEKTRIM SA from the financial assets generated by the company's business activities. Hence, meeting the creditors' claims, by means of arrangements with creditors, shall be effected by disposal of ELEKTRIM's assets. In its appeal, the Debtor presented some proposals of arrangements with creditors, methods and financing sources for this arrangements, as well as the operational risk and feasibility analysis. According to the Court's judgment, concluding and executing the arrangements with creditors is possible, although complex and long-lasting, however, providing the Debtor undertakes some diligent attempts to comply with these requirements, also in cooperation with all its creditors. ---

Furthermore, due to the character and size of business activities undertaken by the Debtor, the Court decides to leave the management of the company assets to ELEKTRIM SA. The Court shared the same opinion with the Petitioner regarding this form of assets administration. ---

The stabilization of the ELEKTRIM SA corporate structure, a coherent management system and the trust placed by the investors in the persons managing the company, shall strengthen its position and image on the market. It shall also be emphasized that by way of self-administration, the bankrupt company is entitled to perform acts characteristic of a regular board of management. Each decision that exceeds the operational capacity of a regular board of management requires the



...
...
...
...

5

consent of the court supervisor. Consequently, the Court is entitled *ex officio* to dismiss a self-administering board of management and to appoint an administrator in case the bankrupt, even unintentionally, breaks the law regarding the self-administration regulations or if self-administering will not provide guarantees for the performance of arrangement with creditors (see: Article 76.1 the bankruptcy and reorganization law). The persons managing and acting on behalf of ELEKTRIM SA are therefore required to undertake co-operation in a diligent manner with the entities conducting the bankruptcy proceedings. ---

Taking into account the above considerations the decision is made as decreed in the conclusion of the judgment based on Article 10 in conjunction with Article 11.1 of the bankruptcy and reorganization Act. ---

*A stamp reading:* Certified as a true copy of the original by: ---
*/Illegible seal and signature/* ---

---

I, the undersigned, Krystyna Sachmacińska, sworn translator of the English language registered under No. TP/1920/06 on the List of Sworn Translators kept by the Minister of Justice of the Republic of Poland, certify that this is a true and correct translation of an original document drawn up in the Polish language.
Warsaw, 27th August 2007.
Repertory No 157 / 2007.

Sygn. akt X GU 225/07

## POSTANOWIENIE

Dnia 21 sierpnia 2007 roku

Sąd Rejonowy dla miasta stołecznego Warszawy w Warszawie
Sąd Gospodarczy, X Wydział Gospodarczy dla spraw upadłościowych i naprawczych
w składzie następującym:

    Przewodnicząca: ASR Ewa Fiedorowicz

    Sędziowie: SSR Marcin Krawczyk, SSR Daniel Sobiesiak

po rozpoznaniu w dniu 21 sierpnia 2007 r. w Warszawie
na posiedzeniu niejawnym
sprawy z wniosku dłużnika Elektrim Spółki Akcyjnej z siedzibą w Warszawie
o ogłoszenie upadłości

p o s t a n a w i a :

1. głosić upadłość Elektrim Spółki Akcyjnej z siedzibą w Warszawie z możliwością zawarcia układu,
2. ustanowić zarząd własny upadłego Elektrim Spółki Akcyjnej z siedzibą w Warszawie nad całością jego majątku,
3. wyznaczyć sędziego - komisarza w osobie SSR Tomasza Solaka,
4. wyznaczyć nadzorcę sądowego w osobie Józefa Syski,
5. wezwać wierzycieli upadłego do zgłaszania wierzytelności w terminie 3 (trzech) miesięcy od dnia ukazania się obwieszczenia w Monitorze Sądowym i Gospodarczym,
6. wezwać wierzycieli, którym przysługują prawa oraz prawa i roszczenia osobiste ciążące na nieruchomościach należących do upadłego, jeżeli nie zostały ujawnione przez wpis w księdze wieczystej, do ich zgłoszenia w terminie 3 (trzech) miesięcy od dnia ukazania się obwieszczenia o wezwaniu w Monitorze Sądowym i Gospodarczym, pod rygorem utraty prawa powoływania się na nie w postępowaniu upadłościowym.



MADRAK DEC.
EXHIBIT 2, PAGE 6