HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| VIVENDI S.A. and VIVENDI HOLDING I CORP.<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC., T-MOBILE DEUTSCHLAND GMBH, T-MOBILE INTERNATIONAL AG, DEUTSCHE TELEKOM AG, AND ZYGMUNT SOLORZ-ZAK,<br><br>Defendants. | ) | NO. CV6-1524 JLR<br><br>DECLARATION OF GEORGE E. BUSHNELL III |

I, GEORGE E. BUSHNELL III, hereby declare as follows:

I, George E. Bushnell III, depose and say upon my own personal knowledge as follows:

1. I am President of Vivendi Holding I Corp. ("VH1"). VH1 is a U.S. corporation organized and existing under the laws of the State of Delaware.

2. On June 1, 2007, VH1 brought suit in Miami against the Trustee for negligently withdrawing its bankruptcy petition and aiding and abetting Elektrim's fraud with respect to the PTC shares. VH1 also sued Elektrim for fraud. The complaint was amended on June 7, 2007. A copy of the amended complaint is attached as Exhibit A.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

3.   On June 8, 2007, at the request of the Trustee and Elektrim the English court, in an ex parte proceeding, issued an "anti-suit injunction" enjoining VH1 from pursuing its Miami action. The English court extended that injunction in a decision issued on October 12, 2007.

4.   The English court reasoned that the Miami suit against the Trustee was "vexatious" because it was a "collateral attack" on a decision that the same English court had issued in an earlier proceeding between the Trustee and two Elektrim bondholders seeking the English court's direction as to whether the Trustee could pay out funds that it had received from Elektrim. In that earlier proceeding the English court had ruled that the funds were not subject to any proprietary claim from Vivendi SA and that the Trustee could distribute them. The English court further stated that VH1 was subject to a "representation order" in that first proceeding and thus was bound by the actions of the two bondholders even though VH1 was not a party to that action. The English court then concluded that VH1's claims should have been raised in the earlier proceeding. A copy of the English decision is attached as Exhibit B. VH1 intends to appeal that decision.

5.   In its October 12, 2007 decision, the English court also held that the Trustee's conduct could not be challenged as long as the Trustee was acting at the direction of 30% of the bondholders. The English court further held that the Trustee had no "duty to give advice (either legal or commercial) to the bondholders" of the risks associated with accepting any proceeds of the sale of PTC shares and with the withdrawal of the bankruptcy petition.

6.   In its October 12, 2007 decision, the English Court further held that the Trustee had acted in accordance with the governing Trust Deed when it agreed to withdraw its

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160262299.1
604816-20085 GGR/ GGR

bankruptcy petition against Elektrim because it was acting at the direction of 30% of the bondholders.

7. The English Court further held that VH1 could not pursue an action for fraud against Elektrim because the Trust Deed provided that only the Trustee "shall be entitled to proceed directly against [Elektrim Finance] or [Elektrim] to enforce the performance of any of the provisions of these present unless the Trustee having become bound as aforesaid [by direction of 30% of the bondholders] to make proceedings fails to do so within a reasonable time and such failure is continuing." According to the English Court, VH1 "must trust the trustee" even though VH1 had initially alleged that the Trustee aided and abetted Elektrim's fraud.

8. On October 12, 2007, the English Court denied VH1's application for permission to appeal the court's decision.

9. On November 2, 2007, VH1 applied to the Court of Appeal for permission to appeal.

10. If ultimately granted permission to appeal, VH1's appeal will argue that the English lower court misapplied the "vexatious or oppressive" standard under English law that is necessary to justify an anti-suit injunction and instead improperly reached a decision on the merits without holding an evidentiary hearing to resolve factual disputes.

11. On June 29, 2007, Elektrim asked the English Court to enjoin VH1 from pursuing this case. The English Court declined to do so. See Exhibit C.

12. Among the documents that VH1 received upon the assignment of GM's claims is a June 21, 2006 memorandum from the bondholders' attorney to "certain holders of Elektrim

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160262299.1
604816-20085 GGR/ GGR

bonds" including GM (through Everest) opining that "[i]f the Call Option was validly exercised and the PTC Shares transferred to DT prior to the date on which bankruptcy was declared, the PTC Shares will not form part of the bankruptcy estate." A copy of that document is attached as Exhibit D.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 21, 2007.

_____
George E. Bushnell III

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160262299.1
604816-20085 GGR/ GGR