HONORABLE JAMES L. ROBART

1

2

3

4

5

6           UNITED STATES DISTRICT COURT
7          WESTERN DISTRICT OF WASHINGTON
                    AT SEATTLE

8   VIVENDI S.A.                          )
9              Plaintiff,                 )   NO.  CV6-1524 JLR
                                          )
10             v.                         )   DECLARATION OF
                                          )   DAVID SYED
11  T-MOBILE USA, INC., T-MOBILE          )
    DEUTSCHLAND GMBH, T-MOBILE            )
12  INTERNATIONAL AG, DEUTSCHE TELEKOM    )
    AG, AND ZYGMUNT SOLORZ-ZAK,           )
13                                        )
                                          )
14             Defendants.                )

15

16      I, DAWOOD (DAVID) SYED, hereby declare as follows:

17      1.    I am a partner in the Paris office of Orrick, Herrington & Sutcliffe LLP.  I am an

18  Irish citizen and a member of the Paris bar.

19      2.    I have overseen all of the litigation on behalf of Vivendi S.A. ("Vivendi") in the

20  United States and Europe related to Vivendi's disputed ownership interest in Polska Telefonia

21  Cyfrowa Sp. z o.o. ("PTC") since 1999.  I submit this declaration in support of Vivendi's

22

23  Opposition to DT Defendants' Motion to Dismiss the Second Amended Complaint.  I state the

24  following based upon personal knowledge.

25

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

3.    I am familiar with all past and current judicial and arbitral proceedings in the United States and Europe related to the disputed PTC Shares involving Deutsche Telekom AG, T-Mobile International AG, T-Mobile Deutschland and T-Mobile USA (collectively "DT Defendants"), Zygmunt Solorz-Zak ("Solorz"), and Elektrim S.A. ("Elektrim"). I am also familiar with the allegations in Vivendi's Second Amended Complaint.

4.    No court decision or arbitral award binding on Telco or Vivendi exists ordering Vivendi to relinquish the disputed PTC Shares. No court or arbitral tribunal has ever sanctioned what amounts to Defendants' theft of those shares.

5.    Vivendi's efforts to recover its shares in PTC or to ensure Defendants respect the legal environment in Europe have been frustrated by Defendants' systematic failure to honor judicial or arbitral decisions, as well as Elektrim's lack of assets due to systematic asset stripping. In addition, due to the complex nature and international scope of Defendants' conspiracy to wrest control of Vivendi's shares of PTC away from Vivendi through a pattern of racketeering activity, Vivendi has been unable to assert a claim against all co-conspirators in a single European forum at the same time. Instead, Vivendi has been forced to seek relief before various European courts and arbitral tribunals through a series of fragmented, piecemeal claims brought against discrete defendants related to discrete aspects of T-Mobile's overall conspiracy. These cases also have been hampered by much more limited discovery than is available in the Ninth Circuit.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

6.    This case is the only case relating to the PTC Shares that brings all of the Defendants together in a single action that encompasses all aspects of Defendants' conspiracy. Thus, this Court is uniquely positioned to resolve this dispute.

7.    No other court or arbitral tribunal has been able to assert jurisdiction concurrently over the German DT Defendants, T-Mobile USA, Elektrim and Solorz.   In fact, the instant action is the first civil action in which T-Mobile USA and Solorz have been named as defendants.

8.    To be sure, Elektrim is not a party to this action, but Solorz is, and Solorz is the individual who controlled and corrupted Elektrim in order to generate personal benefit and self-enrichment through his racketeering activity and the stripping of Elektrim's assets.

9.    Despite the fact that he is a Polish citizen, Solorz has evaded service in a criminal proceeding in Poland brought by Vivendi related to the asset stripping of Elektrim.

10.    After initially resisting service in the instant action for many months, Solorz has been properly served pursuant to the terms of the Hague Convention. Thus, this action represents the only proceeding anywhere in the world in which service upon Solorz has actually been accomplished.

11.    Attached hereto as Exhibit A is a true and correct copy of T-Mobile International's most recent Corporate Brochure, which states in relevant part that T-Mobile International has developed from a "loose association of individual country mobile operators" into "an integrated and coordinated brand-a single body committed to delivering a consistent and pleasurable level of service across the globe," available at www.t-mobile.net/MEDIA/9217,0.pdf at 1 (last visited

July 15, 2007). The Corporate Brochure further states that "[a]pproximately 100.3 million customers in Europe and the USA opt for T-Mobile and recognize the value of being served by *the global T-Mobile family*." Id. (emphasis added).

12.    Attached hereto as Exhibit B is a true and correct copy of a press release from T-Mobile International AG's website which states that T-Mobile USA "provided the highest customer growth" for the T-Mobile International network in the first quarter of 2007, available at http://www.t-mobile-international.com/CDA/07-05-10_tmo_strong_revenue,20,,newsid-5546,en.html (last visited July 15, 2007).

13.    Attached hereto as Exhibit C is a true and correct copy of an excerpt from Deutsche Telekom AG's Form 20-F submission filed with the United States Securities & Exchange Commission on March 1, 2007, which lists Deutsche Telekom AG's registered agent in the United States as Deutsche Telekom, Inc., 600 Lexington Avenue, New York, NY 10022, available at: http://www.sec.gov/Archives/edgar/data/946770/000119312507044408/d20f.htm (last visited July 15, 2007).

14.    Attached hereto as Exhibit D is a true and correct copy of an excerpt from Deutsche Telekom AG's Form 20-F submission filed with the United States Securities & Exchange Commission on March 1, 2007, which explicitly acknowledges the public duties imposed upon Deutsche Telekom AG when it became a Commercial Mobile Radio Service operator in the United States, available at: http://www.sec.gov/Archives/edgar/data/946770/000119312507044408/d20f.htm (last visited July 15, 2007).

15.    Although the German DT Defendants claim it is burdensome for them to litigate in the U.S., they have been, and continue to be, involved in numerous cases in a variety of U.S. jurisdictions.  As such, there is no particular added burden for the German DT Defendants to litigate this case here.  Attached hereto as Exhibit E are true and correct copy of Case Summaries from the Federal Judiciary's Case Management/Electronic Case Files System evidencing Deutsche Telekom AG's and T-Mobile International AG's participation in two cases currently pending in US district courts: *FotomoMedia Technologies, LLC v. Alltel Communications, Inc. et al*. (Case No. 2:07-CV-00256-TJW), available at https://ecf.txed.uscourts.gov/cgi-bin/qrySummary.pl?103772) (last visited July 15, 2007), and *St. Clair Intellectual Property Consultants, Inc. v. LG Electronics, Inc. et al*. (Case No. 1:06-CV-00404-JJF), available at https://ecf.ded.uscourts.gov/cgi-bin/qrySummary.pl?36762) (last visited July 15, 2007).

16.    Attached hereto as Exhibit F are true and correct copies of documents available at the website for FreeMove Alliance, which advertises itself in the United States as a legally incorporated entity established by four of Europe's leading mobile operators, including T-Mobile, that provides international mobile services throughout Europe, South America, and the United States, available at http://www.freemovealliance.com (last visited July 15-16, 2007).

17.    Attached hereto as Exhibit G is a true and correct copy of a press release issued by T-Mobile International on November 13, 2003, available at http://www.t-mobile.com/company/InvestorRelations.aspx?tp=Abt_Tab_InvestorRelations&ViewArchive=Yes (last visited July 15, 2007).

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

18.    Attached hereto as Exhibit H is a true and correct copy of a press release issued by T-Mobile USA on May 10, 2007, available at http://www.t-mobile.com/company/ InvestorRelations.aspx?tp=Abt_Tab_InvestorRelations&ViewArchive=Yes (last visited July 15, 2007).

19.    Attached hereto as Exhibit I are true and correct copies of a press release, available at http://www.t-venture.de/en/topnews/070529_PM_TOVF_JAJAH_engl (last visited July 16, 2007), and a news article announcing an investment in California based internet telephony company JAJAH by T-Online Venture Fund, which is managed by the corporate venture capital entity of Deutsche Telekom, on May 29, 2007.

20.    Attached hereto as Exhibit J are true and correct copies of press accounts evidencing instances of business travel to the United States by present or former officers and directors of Deutsche Telekom.

21.    To this day, the official Polish share registry refuses to recognize T-Mobile as the owner of the disputed PTC Shares.

22.    Vivendi served process on the registered agent of T-Mobile USA, whose counsel then accepted service for all the other T-Mobile Defendants.

23.    France does not have a cause of action that is substantially equivalent to that provided by the U.S. RICO Act.  French law also does not provide for depositions and interrogatories and other pretrial discovery.  This also makes France an unsatisfactory venue to try the claims raised by Vivendi's U.S. RICO case.

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

2  United States of America that the foregoing is true and correct.

3    Executed on July 16, 2007.

4

5

6

7

8    David Syed

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353