# EXHIBIT E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

40 BANK STREET
CANARY WHARF
LONDON E14 5DS

TEL (020) 7519-7000
FAX (020) 7519 7070
www.skadden.com

AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

19 October 2005

Elektrim S.A.
Panska 77/79
Warsaw 00834
Poland

Attn:  Members of the Supervisory Board
       Members of the Management Board
       Mr. Michal Wojtaszek

cc:    Mr. Jerzy Modrzejewski
       Mr. Marcin Olechowski

[Stamp: Elektrim S.A. 2005-10-21 KANCELARIA GŁÓWNA]

## FOR IMMEDIATE ATTENTION

The Law Debenture Trust Corporation p.l.c. (the "Trustee") -v- (1) Elektrim Finance B.V. (2) Elektrim S.A. and (3) Concord Trust

Appeal Number A3/2005/2148

Gentlemen:

1. I attach a copy of a letter faxed to us on October 18 by Simmons & Simmons who are counsel for the Trustee in the English proceedings referenced above. We act for Elektrim in connection with the proceedings.

2. You are each encouraged to read and consider the Letter at once and carefully. I am writing to you from the standpoint that the facts set out in the Letter will in the main be confirmed as true—in particular the various filings and records that the letter alleges have been made by Elektrim in Polish courts, which I have assumed are incontrovertible records. To the extent that the facts set out in the Letter are not accurate, it is essential that we receive a written clarification (by mark up or otherwise of the Letter) not later than the close of business Thursday, 20 October 2005.



[Stamp: ODPIS / ZA ZGODNOŚĆ / Z ORYGINAŁEM / Konrad Grotowski / radca prawny]

Supervisory Board
Management Board
Elektrim S.A.
19 October 2005
Page 2

3. In light of the actions by Elektrim that are outlined in the Letter, and absent an entirely satisfactory answer by the date set out above, we are ceasing to act for Elektrim.

4. Our submissions to the courts in England on behalf of Elektrim have been premised on Elektrim's assurances that the shares in PTC would not be transferred other than in connection with a redemption in 18 months. In addition and most recently, we have been advised, and understood, that the PTC shares were secured by a series of court orders in Poland. The Letter outlines conduct that is on its face an effort to put in place and execute transactions that transfer all of Elektrim's principal assets to entities controlled by a single Elektrim shareholder at allegedly fraudulent values.

5. The Letter outlines court filings and other steps taken over a period of many months. We also note that for a substantial part of this period we were advised that a Polish bankruptcy court had appointed an interim trustee empowered to review all material transactions by the Elektrim group. The allegations in the Letter are accordingly of even greater concern.

6. In their totality the Letter outlines what may very well be an ongoing fraud on Elektrim, including its creditors, stockholders and employees. Without any doubt these actions utterly contradict what has been said to us and, importantly, the premises on which we have made submissions in the courts of England. This conduct is also completely at odds with our longstanding advice that Elektrim seek to use every opportunity to settle its enormous and multiple litigation cases on the available terms and as soon as possible.

7. We have never, and we cannot now, advise as to matters of Polish law. From an international perspective, however, I would call the following to your attention:

   a. Board members and officers independent of the principal stockholder should retain separate, outside Polish counsel at once;

   b. The following should be taken up and considered with outside Polish counsel and other authorities at once:
      1. A complete freeze should be put in place on the transfer of any assets of the Elektrim group, including on any act or step to prepare for the transfer of any asset;
      2. Any structures put in place to dispose of assets upon a bankruptcy filing should be terminated and reversed, including the transactions outlined in the Letter.

ODPIS
za zgodność z oryginałem poświadczam

Konrad Grotowski
radca prawny

ZA ZGODNOŚĆ
Z ORYGINAŁEM

Supervisory Board
Management Board
Elektrim S.A.
19 October 2005
Page 3

    3. The company should file immediately for protection in bankruptcy and seek to have a panel of independent trustees appointed to oversee and protect the assets of the group;

    4. The transfer of the PAK asset—alleged to have occurred at less than fair value and which has not been properly explained to us since it was revealed by counsel for the Trustee in August—should be challenged in bankruptcy.

The foregoing are among the actions one would normally expect to be carefully considered and implemented with respect to any such company outside of Poland and we urge you to address them now.

8. Simmons & Simmons are seeking on behalf of Law Debenture to expedite the hearing of this appeal to the first week of November. Having regard for all the circumstances set out in the Letter, we believe that the matter should either be expedited and heard at once or that the appeal should be withdrawn and the matter not heard at all. Simmons & Simmons are also seeking security from Elektrim for Law Debenture's costs of the appeal, failing which they will apply to the court for such security from Elektrim. Again having regard for the facts set out in the Letter, it now seems in the best interest of the company for the appeal to be withdrawn—leaving the present order and judgement in place, as that order in any event provides for further proceedings if appropriate.

9. We may apply to the court to withdraw from the record either with or without your consent. We request that you consent to termination of our retainer/engagement letter and your appointment of alternate counsel by written reply not later than Thursday 20 October 2005. Under the circumstances and absent your consent, we shall consider ourselves free to take such steps as we may deem necessary in connection with these matters on and after Friday 21 October 2005.

10. We are providing a copy of this letter to the MWG firm, who is your principal outside counsel and to SKS who has acted for you in connection with certain other litigation matters.

We await your answers as set out above.

Very truly yours,

Hunter Baker