HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

VIVENDI S.A. and VIVENDI HOLDING I CORP.    )
                                            )    NO. CV6-1524 JLR
9                Plaintiffs,                 )
                                            )
10                     v.                    )    DECLARATION OF WOJCIECH
                                            )    KOZLOWSKI
11    T-MOBILE USA, INC., T-MOBILE           )
      DEUTSCHLAND GMBH, T-MOBILE             )
12    INTERNATIONAL AG, DEUTSCHE TELEKOM     )
      AG, AND ZYGMUNT SOLORZ-ZAK,            )
13                                           )
                Defendants.                  )
14

15

16

17    I, Wojciech Kozlowski, depose and say upon my own personal knowledge as follows:

18

19    1.    On 17 July 2007 I submitted a declaration in support of the Third Amended Complaint

20          brought before the United States District Court, Western District of Washington, Seattle, by

21          the Plaintiffs, Vivendi S.A. and Vivendi Holding I Corp. (hereinafter, the "Plaintiffs")

22          against T-Mobile U.S.A. Inc., T-Mobile Deutschland G.mbH., T-Mobile International

23          A.G., Deutsche Telekom A.G. and Zygmunt Solorz-Żak (hereinafter, the "Defendants"),

24          and against the Defendants' Motion to Dismiss. I hereby submit this declaration as my

25

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1

1  reply to the declaration filed on 19 December 2007 by Professor Wojciech Popiołek on

2  behalf and in support of the Defendants.

3

4  **I.    JURISDICTION OF POLISH COURTS: ARTICLE 1103 OF CCP**

5  2.    In his opinion, Prof. Popiołek indicates Article 1103 of the CCP as the legal basis of

6  personal jurisdiction of Polish courts over non-Polish entities and explains that pursuant to

7  that Article, "Polish courts have jurisdiction over any tortfeasor who is alleged to have

8  carried out a tort on Polish territory".[1] This statement calls for a correction.

9

10  **I.1    Possible links allowing the Polish court to claim jurisdiction over T-Mobile U.S.A.**

11

12  3.    I agree that Article 1103 should be applied by the Polish court to establish if it has

13  jurisdiction to hear the case where T-Mobile USA is named a defendant. Specifically, the

14  court should apply Article 1103(3) which reads as follows: "Actions other than actions

15  named in the preceding title hereof [which title refers to cases where Polish courts,

16  according to Polish law, enjoy exclusive subject matter jurisdiction, and which is not

17  applicable to the case at issue] which are to be reviewed by trial, are subject to domestic [i.e.,

18  Polish] jurisdiction, if ... the action pertains to ... an obligation that <u>has arisen</u> or <u>is to be</u>

19  <u>executed</u> in Poland." (emphasis added). Hence, there are two subject matter connections

20  which may allow the court to establish its jurisdiction over T-Mobile U.S.: (i) the place

21  where the obligation was to be executed; OR (ii) the place where the obligation

22  "originated".

23

24

25

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1

4.   The place of execution of a claim (*locus executionis*) is characteristic for contractual relationships and generally does not apply to tort claims. Even if one was to accept that this link can in fact be applied by the court to the obligation to redress arising from the defendant's alleged liability in tort, the place where such obligation should be executed is determined by default rules of the applicable substantive law. Should the court decide, for example, that defendants' liability in tort is governed by Polish substantive law, then, provided that the remedy awarded by the court would be money, the place of execution of the obligation to pay would be in the country where the plaintiff has his registered seat (Article 454 of the Polish Civil Code). To my knowledge, none of the Plaintiff's has his registered seat in Poland, therefore, assuming that the link of *locus executionis* is applicable to tort claims, which I doubt, its application would not allow the court to find that it has jurisdiction to hear the case against T-Mobile U.S.

5.   The second, and last, possible colligation which the court in Poland would need to consider is whether the claim of plaintiffs arising from the alleged racketeering activity of defendants originated in Poland. Again, to answer that question, the court needs to decide first which substantive law governs the obligation of the tortfeasor to make good the damage caused to the harmed party, because that law would decide when the obligation arises.

6.   Therefore, the court in Poland, in order to decide the procedural issue of whether it has jurisdiction over T-Mobile U.S., would need first to determine which substantive law is

(...continued)
[1] *See* Popiołek's Repy Decl., § 3.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1

1    applicable to the claim of the Plaintiffs. By application of that law the court would be able

2    to determine if the obligation "has arisen" in Poland.

3    7.    It follows that the proposition that Polish courts would have jurisdiction over a tort case if

4    only "any tortfeasor is alleged to have carried out a tort on Polish territory" is too hasty,

5    since it tacitly assumes that the fact of "carrying out" a tort in Poland according to the

6

7    substantive law governing the Plaintiffs' claim vis-à-vis the Defendants should imply that

8    such claim "has arisen" in Poland.

9

**I.2    Substantive law applicable to the Plaintiff's claim, as recognized by Polish law**

10

11    8.    I agree that criteria for finding the law which the Polish law recognizes as applicable to the

12    obligations which do not arise out of legal acts, such as obligations having its source in tort,

13    are indicated in Article 31 § 1 of the Polish Private International Law. The cited paragraph,

14    somewhat similarly to Article 1103(3) of the CCP, points to law of the country in which

15    "the event being the source of the obligation had occurred".

16

17    9.    Professor Popiołek maintains that the cited article 31 § 1 of the Polish Private International

18    Law "does not give clear priority to the law of the state where the tort has been committed,

19    as opposed to the law of the state where the damage occurred."[2] and that "prevalent

20    opinion" suggests that if "the tort is connected with many territories, the judge should be

21    given freedom to determine the applicable law according to the circumstances o the

22

23    particular case". What Professor Popiołek is really saying, is that in the causal chain giving

24    rise to a claim, Polish private international law dives deference only, or primarily, to the

25

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1   last link, i.e., the fact that the damage that the plaintiff wants redressed did occur. However,

2   it is not what the law says. The quoted paragraph points to the law of the country in which

3   "the event being the source of the obligation had occurred".

10. The expression "the source of obligation" has a specific legal meaning. Polish civil law,

    like any other civil law, traditionally distinguishes between obligations which have their

    source in contract and those to which tort is source.[3] Perhaps this legal meaning could be

    best conveyed by saying that in many of its decisions the Polish Supreme Court, when

    pointing to the "source of the obligation" which is considered within the case, means the

    tort causing the damage giving rise to the defendant's liability rather than the damage

    itself.[4] It is, therefore, fallacious to say, as Professor Popiołek seems to do, that article 31 §

    1 of the Polish Private International Law refers to the country where the damage occurred

    rather than the country where the tort was committed.

11. It is true that the discussed Article 31 § 3 is worded in an open way. Therefore, I am aware

    of some legal theories -- to which Professor Popiołek apparently refers to as the "prevalent

    opinion" -- which insist that in the event where tort and damage resulting from it are

    connection to many territories Article 31 § 1 should be interpreted in such a way so as to

---

(...continued)

[2] *See* Popiołek's Repy Decl., § 6.

[3] The other categories, which are not relevant here, but which should be mentioned to better explain the language of Article 31 § 1 of the Polish private international law, according to Polish jurisprudence, encompass the obligations which have their source in unjust enrichment and the ones which originate directly from law. *See, e.g.,* decision of the Polish Supreme Court of July 11, 2002 in case no. IV CKN 1060/00.

[4] *See, e.g.,* resolution of the Polish Supreme Court of March 3, 2004 in case no. III CZP 2/04; decision of the Polish Supreme Court of April 13, 2006 in case no. IV KK 40/06; decision of the Polish Supreme Court of December 19, 2003 in case no. III CK 155/02; decision of the Polish Supreme Court of July 11, 2002 in case no. IV CKN 1060/00; decision of the Polish Supreme Court of July 9, 2000 in case no. IV CKN 1159/00, etc.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1

1   allow the judge to select one of potentially applicable laws. What Professor Popiołek does

2   not mention, however, is that even those controversial theories do not contend that the

3   judge should have full discretion in choosing the law, but rather, that he should apply the

4   law which is in the closest relation to the obligation giving rise to the plaintiff's claim. To

5   establish that an act of racketeering committed by defendants from Germany, the United

6   States and Poland against the Plaintiffs having their respective seats in France and the

7   United States has the most tight relation with Polish law would require, in my opinion,

8

9   more than just the fact that the shares of Polska Telefonia Cyfrowa Sp. z o.o. (PTC) are

10  shares of a Polish company. After all, if a Russian citizen stole a Toyota from a Polish

11  citizen, nobody would argue that the case should be litigated in Japan.

12  12.  To the extent that I am informed about the facts of the case, and as far as Polish private

13  international law is concerned, I would venture the opinion that the applicable law is either

14  law of the United States (because this is where I understand the act racketeering is allege to

15  have taken place) or the Republic of Austria (because the proceedings before the Vienna

16

17  Arbitral Tribunal were of pivotal importance for the control of PTC being taken over by the

18  Defendants and their affiliates), rather than Poland.

19

20  **I.3    Jurisdiction of Polish courts under assumption that Polish law governs**

21  13.  Assuming that the Polish court decides that the claim of the Plaintiffs and the obligation of

22  the Defendants take source in an event (i.e., tort) which occurred in Poland and, thus, that

23  Polish substantive law should apply in the case (which is far from certain, but still not quite

24

25  improbable), the court would need to establish whether the obligation itself "has arisen" in

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1

1   Poland. According to Polish civil law, the claim of the Plaintiffs arises out of the damage

2   allegedly caused to them by the Defendants. Therefore, the obligation of the Defendants

3   could be said to have arisen in Poland only if the court asserts that the damage was done in

4   Poland.

5   14.  Again, this is far from clear where the damage took place. Surely the reason for the damage

6       was the assumption of control over PTC by the companies from T-Mobile group. But, to

7       my best knowledge, neither Vivendi S.A. nor Vivendi Holding I Corp. holds or held shares

8       in PTC; the shares were controlled by another Polish company which in turn was controlled

9       by Vivendi S.A. which in turn is controlling Vivendi Holding I Corp. According to Polish

10      law, an argument could be made that in the chain of causality, the damage to Vivendi was

11      caused by the loss of control over the PTC shares *by* the subsidiary directly controlling the

12      shares, OR by the loss of value of shares *in* the subsidiary directly controlled by Vivendi,

13      because of the loss of the value of the shares of the company who lost control over PTC

14      shares. The difference is clear: in case the first theory is accepted, the damage to Vivendi

15      took place in Poland; in the second instance, it occured in France.

16  15.  Therefore, to find that "T-Mobile USA could be sued in the Polish courts, because the tort,

17      or at least a part of the defendants' activity, is alleged to have been carried out on Polish

18      territory",[5] as Professor Popiołek did, is a *non sequitur*. Although such an eventuality may

19      not be excluded completely, it is not sure either. Moreover, in my opinion it would require

---

[5] *See* Popiołek's Repy Decl., § 4.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1

1   a significant amount of determination from the court to – through a multi-level legal

2   reasoning – assume jurisdiction over T-Mobile U.S.A.

### I.4   Jurisdiction of Polish courts must arise from proven facts

16.   Professor Popiołek's view that T-Mobile USA could be sued in the Polish courts, because

the tort "is alleged to have been carried out on Polish territory" is misleading, because it

implies that the court's jurisdiction over the defendant depends on the facts alleged by the

plaintiff. Should it really be the case, it would suffice for any plaintiff to merely allege that

there exist any link between his claim and the territory of Poland which the CCP should

recognizes as a basis for Polish jurisdiction. Even if disproved in the course of the case,

Polish court would retain its jurisdiction because of the *perpetuatio fori* principle,

expressed in Article 1097 of the CCP (which provides that the domestic jurisdiction

existing at the commencement of the proceeding continues, even when the ground thereto

ceases to exist in the course of the case being reviewed).

17.   In reality, allegation of the fact never justifies territorial jurisdiction of Polish courts. Polish

courts may adjudicate the case only if the factual circumstance recognized as basis for their

jurisdiction is proven to actually take place. In the event the circumstance relevant for

jurisdiction is disproved or remains unproved, the claim must be dismissed or, if already

concluded by a decision, the decision must be vacated on the ground of nullity of the

previously completed proceeding.[6]

---

[6] *See* decision of the Polish Supreme Court of August 27, 1982 in case no. II 214/82 *and* decision of the Polish Supreme Court of February 27 1979 in case no. III CRN 306/79.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1

18. However, it should be noted that onus regarding the fact which justifies jurisdiction of Polish courts is on the plaintiff. Therefore, if T-Mobile U.S.A. brings up the defense of the *forum non conveniens*, which I imagine it would, were the case ever to be filed in a Polish court, the Plaintiffs would be required to make a persuasive argument against themselves, i.e., convince the Polish court that in fact T-Mobile U.S.A. is subject to the court's jurisdiction. The court is not deemed to have jurisdiction over a defendant with its seat abroad unless and until proven otherwise; the opposite is true: the court does not have jurisdiction over a defendant with its seat abroad as long as not proven to have it. In a doubtful case, and certainly this case *is* doubtful, the defendant would receive the benefit of the court's doubt, i.e. in my opinion the motion to dismiss on the grounds of lack of jurisdiction would be granted.

19. Polish judges are not elected, but appointed for life by the President. However, a judge's rise in the judicial hierarchy depends mainly on how his work is perceived by the judges of higher courts. At the same time, Polish judiciary is governed by bureaucracy; one of many forms of that bureaucracy are court statistics, which decide about the evaluation of the whole court and individual judges, thus influencing the judge's chances for a raise or promotion. A high number of the cases disposed of is a reason for pride, whereas a high number of protracted proceedings is bad news. Apart from efficiency, another very important factor taken into account when evaluating a judge is quality of his decision-making, measured by the number of cases that have been reversed or modified. A decision which is changed or reversed on appeal happens to every judge; after all, some points of

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

law are controversial and the court of appeals enjoys the privilege of the last word in such cases. However, what judges believe should not happen is to have a decision vacated because of nullity of the proceeding. Nullity can happen only in the rare cases where the proceedings were touched by a qualified defect, a perversion of justice.[7] Deciding a case without having a jurisdiction is one of those qualified defects. Therefore, no reasonable judge would take a risk of extending the court's jurisdiction over a party whose status is seriously in doubt. On the other hand, a case dismissed on a motion to dismiss on the grounds of lack of jurisdiction is a case disposed of, just like a case decided after a few years of a tiresome trial, only without the risk of protraction. Therefore, every reasonable judge would dismiss the case when the defense of the *forum non conveniens* is raised and the decision has a good chance to stand after appellate review.

20.    Therefore, I assess the chances that a Polish court accepts the case at issue as remote.

## II.    SUITABILITY OF POLISH CIVIL PROCEDURE FOR PROVING CONSPIRACY

21.    Professor Popiołek maintains that, although undeniably different from its American equivalent, Polish Civil Procedure can effectively be used in order to prove conspiracy in a tort dispute.[8] I respectfully disagree with Professor Popiołek.

22.    It is my understanding that what is relevant here is not only a theoretical existence of a remedy or tools to prove that such remedy should be granted, but its real availability. In

---

[7] For example, deciding a case despite *res iudicata*, or party's nonexistence; deciding in violation of the party's right of due process or the right to counsel, etc.
[8] *See* Popiołek's Repy Decl., § 8.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1

1  other words, apart from "the law on the books" it is also relevant how the "law in action"

2  looks like.If this understanding is correct, I would like to point out several issues which I

3  find relevant for evaluation of suitability of the Polish civil procedure for the complex

4  cases, such as those brought under RICO rules.

5

6  **II.1  Generally: procedure is not stable**

7  23.  I would like to observe that one of the basic conditions allowing for an effective control of

8  litigation, especially in the role of plaintiff, is stability of the system. Since the beginning of

9  the year 2000, the CCP was changed by exactly **ninety-six** amending bills,[9] out of which c.

10

11  **twenty** should be classified as introducing general amendments of material importance to

12  the procedure as a whole. Whereas in case of the substantive law the principle of *lex retro*

13  *non agit* is prevalent, it is generally not the case for the amendments of the procedure.[10]

14  Needless to say, a sudden change of procedural standards can frustrate any litigation

15  strategy, and the chances for that are the greater, the more complex the case.

16

17  24.  Therefore, I am of the opinion that the Polish civil procedure is not suitable for any

18  complex and predictably long litigation, such as the case at issue seem to be.

19

20  **II.2  Generally: judiciary and procedure unfit for complex litigation**

21

22

23  [9] *See* the list of amended bills appended hereto.

24  [10] The most famous incident pertained to the amendment of formal requirements for the writ of extraordinary appeal (which is a petition for review of a given case by the Supreme Court). The Supreme Court for formal grounds denied *certiorari* to hundreds of claimants who failed to comply with the newly introduced rules, even though they came into force *after* the writ was filed, but

25  *before* its review by the Court.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1

25.  Prof. Popiołek observes that the Polish procedure gives a more active role to a judge. This is only partially true.

26.  In December of 2007, a Global Class Actions Conference was held at the Centre for Socio-Legal Studies of the Oxford University in cooperation with the Stanford Law School. Poland was represented by dr. Magdalena Sengayen, affiliated with Oxford University. In her report about the state of the Polish system of justice, the author states:

*"A significant problem was noted by academic writers in the attitudes of the judiciary (lower levels of judiciary in particular): lack of confidence and flexibility in interpreting the plethora of new laws and even the old laws in the new reality. Another is the lack of confidence of ordinary citizens in the justice system. An effective and efficient justice system requires well-resourced courts, as well as good quality judges commanding public respect, and the situation is still not satisfactory in Poland. Group litigation, which entails greater judicial control of litigation including wide judicial discretion to make management decisions, may be problematic to conduct in these conditions."*[11]

*"The Code of Civil Procedure is still seen by the judiciary and academics as overly formalistic, and civil procedure as very complex and inaccessible."*[12]

*"In Polish court practice ... the role of the judge is often seen as being one of a passive observer in a purely adversarial procedure. ... At present, judges were observed to sometimes avoid taking initiative in the course of the proceedings, to steer clear from encouraging settlement between parties, or from simplifying, shortening proceedings. The impression of some scholars is also that in even the simplest of matters the judges refuse to take a decision based upon their own common sense, experience and opinion, and refer to experts for their views. ... In some way relieved of their duty to*

---

[11] See Magdalena Sengayen, *National Report for the Global Class Actions Conference at the Centre for Socio-Legal Studies, Oxford University, December 2007. Poland – legal system in transition* [hereinafter, "Report"], available at: http://www.law.stanford.edu/display/images/dynamic/events_media/Poland_National_Report.pdf, at 6.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1

*actively lead the proceedings, the judges are not willing to risk taking initiative in making many vital*

*decisions during the proceedings – even the simplest and most obvious facts often require*

*confirmation by experts. This leads to increased costs and length of civil proceedings ... . This*

*approach makes judicial case management and case control, so crucial in managing group litigation,*

*very difficult.*

*Overall, what is striking about the Polish court procedure is its length, often disproportionate to the*

*degree of complexity of the issues involved, let alone the value of the case."[13]*

## II.3   No tools for effective case management

27.   It is my understanding that in the United States a judge has a broad discretion in managing
the case. For example, to my modest knowledge of the subject, Rule 16 of the Federal
Rules of Civil Procedure authorizes the court to require the parties to participate in a
pretrial conference to consider the orderly administration of the case. Even if a judge does
not take the initiative to set the conference, a party who perceives a need to organize the
schedule of pretrial actions and commit his opponent to court-ordered deadlines can obtain
assistance from the court.

28.   Under Articles 207 and 208 of the Polish CCP, the court may undertake certain preparatory
actions before the first hearing. In particular, she can order that the defendant file a reply to
the statement of claims and that parties exchange further communications (Article 207 § 2
of the CCP); she can issue a subpoena ordering attendance of parties, witnesses and expert
witnesses to be heard during the trial (Article 208 §1.1, 3 and 4); she can order production

(...continued)
[12] *Id.* at 8.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  of documents from a third party (Article 208 § 1.2). However, except from the order that

2  the defendant file a reply and that counsels be present at the hearing, rarely does the court

3  exercise its powers.

4  29.  Further, I understand that during pretrial conference(s), which may even take the form of a

5  conference call, the court and the attorneys have a chance to discuss such procedural issues

6  as they see important for the case (service; jurisdiction; schedule for discovery;

7  consolidation or separation; joinder; etc.).

8

9  30.  In the practice of Polish courts it is unimaginable that a judge calls parties or their

10  attorneys. It is also not practiced (although procedurally conceivable) that a judge sets an

11  informal meeting with the counsels to both parties to discuss the course of the proceedings

12  in advance. On the contrary, such issues are usually discussed not earlier than during the

13  first hearing (although it is quite often that parties raise formal defenses and objections in

14  writing before).

15

16  31.  I also believe that under the Federal Rules of Civil Procedure in complex cases the judge,

17  either by himself or in coordination with parties, formulates a discovery plan and schedules

18  dates for evidence motions and limits to the evidence collection.

19

20

21  32.  Save for the lack of pre-trial discovery, in Poland no such thing as a schedule for evidence

22  collection exists. Evidence is collected quite spontaneously; it is not rare that witnesses

23

24  _____
   (...continued)
25  [13] *Id.* at 34-37.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1

1    called for one hearing must attend again, because a recess is ordered because of some

2    formal reasons or, because of clear schedule, the hearing time ends.

3
4    **II.4  No effective enforcement of court orders**

5    33.  If court orders are to be respected, there must be effective incentives to ensure compliance.

6         Two primary sanctions for violations of pretrial orders have developed: first, dismissal of

7         the plaintiffs action for failure to prosecute, or default when the defendant is the violator,

8
9         and second, imposition of fines or taxing of costs caused by the disobedience.

10   34.  Both types of the above sanctions exist also in Polish procedure. However, apart from

11        dismissal for failure to give evidence and default decisions issued when the defendant fails

12        to submit a reply when ordered *and* to appear on the first hearing without prior notice to the

13        court, enforcement of other orders is close to nonexistent.

14   35.  In particular, if a third party fails to produce a document as per court's order, the court may

15        impose a fine up to PLN 1,000 (Articles 251 and 163 of the CCP).[14] The fine may be

16        imposed only once and the court has no tool to forcefully take the relevant document away

17        from the third party who is in its possession. If the subpoenaed witness fails to appear, or

18        refuses to testify without a reason, the court may administer a fine up to PLN 1,000 and if

19
20        need be, impose the fine for the second time and order that the witness be forcefully

21        brought before the court (Article 274 § 1 and Article 276 § 2 of the CCP). However, if the

22        witness fined appears before the court within a week or at the closest hearing set by the

23        court, he can give reasons for his failure to appear as ordered, in which case the court may

24

25

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1    take back the fine (Article 275 of the CCP). In some extreme situations, for example, when

2    a witness refuses to testify, the court may order that the witness be confined for a period not

3    longer than one week (Article 276 § 2 of the CCP).

4  36.  All of the above remedies are a good example of the "law on the books" that simply does

5    not work. A fine in the amount of PLN 1,000 is not able to deter many violators in Poland. I

6    can imagine that an officer of a company accused of a fraud and conspiracy, if faced with

7    the alternative of giving testimony which could be potentially harmful for that company and

8

9    paying less than $400 would quickly ask for the bill. The same can be said of a party

10    ordered to produce a document. Orders to forcibly bring a witness happen extremely rarely

11    and would not be enforceable against witnesses residing permanently outside of Poland.

12    Orders to arrest a witness never happen.

13

14  37.  Moreover, even when the "law on the books" is concerned, the court has no tools

15    whatsoever to coerce production or testimony from a party on the motion of the adversary.

16    If a party chooses not to produce, it simply cannot be punished otherwise than by

17    displeasing the judge.

18

19  **II.5  Interlocutory appeals**

20  38.  Polish procedure gives each party the right to appeal against many of the interlocutory

21    decisions and orders of the court. For example, a party may appeal against: decision to

22    grant or deny the motion to dismiss on the ground of lack of jurisdiction or other formal

23

24

25  (...continued)
    [14] 1 USD = c. 2.45 PLN.

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1

1    defenses; decision to deny the motion to exempt from costs; decision to deny the motion to

2    free counsel; decision to dismiss or to accept an opposition against permissive intervention;

3    order imposing fine or enforcing subpoena; decision to stay the proceedings or to

4    commence the proceedings previously stayed; decision to deny the motion to exclude a

5    judge; decision to refuse acceptance of an appeal (Article 394 of the CCP).

6
7    39.    Most of the appeals, even if manifestly frivolous, stay the proceedings until such time that

8           the appeal is reviewed by the upper court. Therefore, many appeals are filed by a party who

9           has no real interest in winning the appeal, but aims to frustrate the trial. For example, an

10          affluent defendant may file a petition for exemption from costs or for a fee counsel. Such

11          motion would surely be denied, but it is appealable. A party who wishes to frustrate the

12          taking of evidence may ignore court's orders and appeal against each fine. Such

13          possibilities are plenty.
14

15   40.    For the above reasons I continue to believe that, as stated in my previous declaration of July

16          17, 2007, Polish procedure is not suitable for proving a case based on alleged conspiracy.

17

18   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United

19   States of America that the foregoing is true and correct.

20

21

22   Executed this 17 day of January 2008.

23

24                                                            Wojciech Kozłowski, Mag. Jur.

25

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

OHS East:160370907.1