The Honorable James L. Robart

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VIVENDI S.A., and VIVENDI HOLDING I CORP., as the Assignee of a U.S. Elektrim Bondholder,<br><br>        Plaintiffs,<br><br> vs.<br><br>T-MOBILE USA, INC., T-MOBILE DEUTSCHLAND GMBH, T-MOBILE INTERNATIONAL AG, DEUTSCHE TELEKOM AG, and ZYGMUNT SOLORZ-ZAK,<br><br>        Defendants. | Case No. CV06-1524 JLR<br><br>**ZYGMUNT SOLORZ-ZAK'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS VIVENDI S.A. AND VIVENDI HOLDING I CORP.'S THIRD AMENDED COMPLAINT**   [FRCP 12(b) & 9(b)]<br><br>Note for Motion Calendar:<br><br>Friday, February 15, 2008<br><br>*ORAL ARGUMENT REQUESTED* |

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc.

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 1

II. MOTION TO STRIKE INADMISSIBLE EVIDENCE ......................................... 4

III. THE TAC SHOULD BE DISMISSED ON *FORUM NON CONVENIENS* GROUNDS ................................................................................................................ 4

    A. Plaintiffs Concede That An Adequate Alternative Forum Exists ............. 5

    B. Plaintiffs' U.S. Suit Against Mr. Solorz Is Oppressive And Vexatious ................. 5

IV. THIS COURT LACKS PERSONAL JURISDICTION OVER MR. SOLORZ ............................................................................................................. 6

    A. Plaintiffs Have Not Met Their Burden Of Establishing Personal Jurisdiction .................................................................................................. 6

    B. Plaintiffs' Conspiracy Jurisdiction Theory Does Not Withstand Scrutiny ............. 7

        1. This Court Has Considered – And Rejected – Conspiracy Jurisdiction ................................................................................ 7

        2. Conspiracy Jurisdiction Does Not Exist In The Ninth Circuit ................................................................................................... 8

        3. Conspiracy Jurisdiction Requires Overt Acts Within The Forum State ............................................................................................ 8

V. VIVENDI LACKS STANDING TO SUE ............................................................. 11

VI. THE COURT LACKS RICO SUBJECT MATTER JURISDICTION ............. 11

VII. PLAINTIFFS' RICO CLAIMS FAIL AS A MATTER OF LAW ..................... 12

VIII. VH1'S COMMON LAW FRAUD CLAIM SHOULD BE DISMISSED ......... 12

IX. PLAINTIFFS HAVE NOT SATISFIED RULE 9(B)'S REQUIREMENTS ..... 12

X. CONCLUSION ...................................................................................................... 12

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - i

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

# TABLE OF AUTHORITIES

## Cases

*AGS Intern. Services S.A. v. Newmont USA, Ltd.*
  346 F. Supp. 2d 64 (D.D.C. 2004) .................................................................. 10

*Allen v. Russian Federation*,
  522 F. Supp. 2d 167 (D.D.C. 2007) ........................................................... 10, 11

*Allstate Life Ins. Co. v. Linter Group Ltd.*,
  782 F. Supp. 215 (S.D.N.Y. 1992) .................................................................. 10

*American Copper & Brass, Inc. v. Mueller Europe, Ltd.*,
  452 F. Supp. 2d 821 (W.D. Tenn. 2006) ......................................................... 10

*Arkansas Blue Cross and Blue Shield v. Philip Morris, Inc.*
  1999 WL 202928 (N.D. Ill. Mar. 31, 1999) .................................................... 10

*Automatic Radio Manufacturing Co. v. Hazeltine Research, Inc.*,
  339 U.S. 827, 70 S. Ct. 894 (1950) ................................................................... 4

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
  223 F.3d 1082 (9th Cir. 2000) ................................................................... 7

*Brown v. Kerkhoff*,
  504 F. Supp. 2d 464 (S.D. Iowa Aug. 23, 2007) ......................................... 8, 10

*Capri Trading Corp. v. Bank Bumiputra Malaysia Berhad*,
  812 F. Supp. 1041 (N.D. Cal. 1993) ................................................................. 5

*Carmen v. San Francisco Unified Sch. Dist.*,
  237 F.3d 1026 (9th Cir. 2001) ................................................................... 4

*Chirila v. Conforte*,
  47 Fed. Appx. 838 (9th Cir. 2002) ........................................................... 10

*Cleary v. Philip Morris, Inc.*,
  726 N.E. 2d 770 (Ill. App. Ct. 2000) .............................................................. 10

*Cleft of the Rock Found. v. Wilson*,
  992 F. Supp. 574 (E.D.N.Y. 1998) ............................................................. 9, 10

*Compass Mktg, Inc. v. Schering-Plough Corp.*,
  438 F. Supp. 2d 592 (D. Md. 2006) ................................................................ 10

*Condos v. Conforte*,
  596 F. Supp. 197 (D.C. Nev. 1984) .................................................................. 4

*Davis v. A & J Electronics*,
  792 F.2d 74 (7th Cir. 1986) ..................................................................... 10

*Dodson Int'l Parts, Inc. v. Altendorf*,
  181 F. Supp. 2d 1248 (D. Kan. 2001) ............................................................. 10

*Easter v. Am. W. Fin.*,
  381 F.3d 948 (9th Cir. 2004) ..................................................................... 9

*FC Investment Group v. IFX Markets, Ltd.*,
  479 F. Supp. 2d 30 (D.D.C. 2007) .................................................................. 10

*Fiberglass Insulators, Inc. v. Dupuy*,
  856 F.2d 652 (4th Cir. 1988) ..................................................................... 3

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - ii -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

*Flintkote Co. v. General Acc. Assur. Co.*,
  410 F. Supp. 2d 875 (N.D. Cal. 2006) ............................................................ 4

*Gemini Enterprises, Inc. v. WFMY Television Corp.*,
  470 F. Supp. 559 (M.D. N.C. 1979) ............................................................ 10

*Gen Ads, LLC v. Breitbart*,
  435 F. Supp. 2d 1116 (W.D. Wash. 2006) .................................................... 9

*General Steel Domestic Sales v. Suthers*,
  2007 WL 704477 (E.D. Cal. Mar. 2, 2007) ............................................. 8, 10

*Gilstrap v. Radianz Ltd.*,
  443 F. Supp. 2d 474 (S.D.N.Y 2006) ............................................................ 6

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
  284 F.3d 1114 (9th Cir. 2002) ........................................................................ 7

*Greater Newburyport Clamshell Alliance v. Public Service Co. of N.H.*,
  1983 WL 489274 (D. Mass. May 25, 1983) ............................................... 10

*Hancock v. Hitt*,
  1998 WL 345392 (N.D. Cal. June 9, 1998) ................................................... 4

*Hewitt v. Hewitt*,
  78 Wn. App. 447 (1995) ............................................................................. 10

*H.J. Inc. v. N.W. Bell Telephone Co.*,
  492 U.S. 229 (1989) .................................................................................... 12

*Holmes v. Secs. Investor Protection Corp.*,
  503 U.S. 258 (1992) .................................................................................... 12

*Imagineering, Inc. v. Kiewit Pac. Co.*,
  976 F.2d 1303 (9th Cir. 1992) ..................................................................... 12

*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ................................................................................... 1, 6

*Jung v. Ass'n of American Med. Colleges*,
  300 F. Supp. 2d 119 (D.D.C. 2004) ............................................................ 10

*Kamen v. American Telephone & Telegraph Co.*,
  791 F.2d 1006 (2nd Cir. 1986) ...................................................................... 4

*Karsten Mfg. Corp, v. U.S. Golf Ass'n*,
  728 F. Supp. 1429 (D. Ariz. 1990) .......................................................... 8, 10

*Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*,
  410 F. Supp. 2d 592 (E.D. Ky. 2006) ......................................................... 10

*Kipperman v. McCone*,
  422 F. Supp. 860 (N.D. Cal. 1976) ............................................................. 10

*Kreidler v. Pixler*,
  2006 WL 3539005 (W.D. Wash. Dec. 7, 2006) ...................................... 8, 10

*Lake v. Lake*,
  817 F.2d 1416 (9th Cir. 1987) ....................................................................... 7

*Lockman Found. v. Evangelical Alliance Mission*,
  930 F.2d 764 (9th Cir. 1991) ......................................................................... 5

*Lolavar v. de Santibanes*,
  430 F.3d 221 (4th Cir. 2005) ....................................................................... 10

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - iii -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

*Lyddon v. Rocha-Albertson*,
    2006 WL 3086951 (E.D. Cal. Oct. 30, 2006) .................................................. 8, 10

*McLaughlin v. Copeland*,
    435 F. Supp. 513 (Md. 1977) .................................................................... 10

*Miller v. Holzmann*,
    2007 WL 778568 (D.D.C. Mar. 6, 2007) ........................................................ 10

*MMCA Group, Ltd. v. Hewlett-Packard Co.*,
    2007 WL 1342586 (N.D. Cal. May 8, 2007) ................................................. 8, 10

*Olson v. Jenkins & Gilchrist*,
    461 F. Supp. 2d 710 (N.D. Ill. 2006) ........................................................... 9, 10

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) ...................................................................... 3

*Personalized Brokerage Services v. Lucius*,
    2006 WL 208781 (D. Minn. Jan. 26, 2006) ..................................................... 10

*Piedmont Label Co. v. Sun Garden Packing Co.*,
    598 F.2d 491 (9th Cir. 1979) ..................................................................... 8, 10

*Piper Aircraft v. Hartzell Propeller, Inc.*,
    454 U.S. 235 (1981) ...................................................................................... 5

*Potomac Capital Inv. Corp. v. Koninklijke*,
    1998 WL 92416 (S.D.N.Y. Mar. 4, 1998) ........................................................ 5

*Poulos v. Caesars World, Inc.*,
    379 F.3d 654 (9th Cir. 2004) ...................................................................... 12

*Professional Locate, v. Prime Inc.*,
    2007 WL 1624792 (S.D. Ala. June 4, 2007) .................................................... 10

*Reers v. Deutsche Bahn AG*,
    320 F. Supp. 2d 140 (S.D.N.Y 2004) ............................................................. 6

*Reserve Capital LLC v. CLB Dynasty Trust 2002*,
    2006 WL 1037321 (N.D. Ill. April 17, 2006) ................................................... 10

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ........................................................................ 7

*Second Amendment Foundation v. U.S. Conf. of Mayors*,
    274 F.3d 521 (D.C. Cir. 2001) ..................................................................... 10

*Silver Valley Partners, LLC v. Ray De Motte*,
    400 F. Supp. 2d 1262 (W.D. Wash. 2005) ............................................... 7, 8, 10

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*,
    __ U.S. __, 127 S. Ct. 1184 (2007) ................................................................. 5

*Stauffacher v. Bennet*,
    969 F.2d 455 (7th Cir. 1992) ....................................................................... 10

*Steinke v. Safeco Ins. Co. of America*,
    270 F. Supp. 2d 1196 (D. Mont. 2003) ......................................................... 10

*Tamburo v. Dworkin*,
    2007 WL 3046216 (N.D. Ill. Oct. 9, 2007) ..................................................... 10

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - iv -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

| | | |
|---|---|---|
| 1 | *Textor v. Bd of Regents of NnOrthern Illinois Univ.*, 711 F.2d 1387 (7th Cir. 1983) | 10 |
| 2, 3 | *Travelers Casualty & Surety Co. of America v. Telstar Construction Co.*, 252 F. Supp. 2d 917 (D. Ariz. 2003) | 4 |
| 4 | *Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004) | 12 |
| 5 | *U.S. v. Arrow Med. Equip. Co.*, 1990 WL 210601 (E.D. Pa. Dec. 18, 1990) | 10 |
| 6, 7 | *Underwagger v. Channel 9 Australia*, 69 F.3d 361 (9th Cir. 1995) | 10 |
| 8 | *USA v. Philip Morris Inc.*, 116 F. Supp. 2d 116 (D.D.C. Sept. 28, 2000) | 10 |
| 9 | *Windt v. Qwest Comms. Int'l Inc.*, 2006 WL 2987097 (D. N.J. Oct. 17, 2006) | 6 |
| 10 | *Youming Jin v. Ministry of State. Sec.*, 335 F. Supp. 2d 72 (D.D.C. 2004) | 10 |

**Federal Statutes and Rules**

18 U.S.C.
 §§ 1961(1), (5) .................................................................................................. 12
 §§ 1962(b)-(d) .................................................................................................. 12

Federal Rules of Civil Procedure
 Rule 9(b) ..................................................................................................... 3, 12
 Rule 56(e) & (f) .................................................................................................. 4

Federal Rules of Evidence
 Rule 402 .............................................................................................................. 4
 Rule 403 .............................................................................................................. 4
 Rule 602 .............................................................................................................. 4
 Rule 802 .............................................................................................................. 4

**State Statute**

Wash. Rev. Code § 4.28.125 ..................................................................................... 9

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - v -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

## I. INTRODUCTION

The French, of course, are known for their excellent cuisine and for their culinary imagination; it was they who inspired an American entrepreneur to create the now-classic kitchen appliance, the Cuisinart food processor. Vivendi and its entrepreneurial American lawyers have now taken the French imagination process one step further: they have created the equivalent of a Cuisinart *law* processor into which they have dumped eight years of hard-fought European litigation pertaining to European transactions involving European companies – and *Voilà!* – a new concoction not found in any recipe (or law) book: an American RICO pie made exclusively with foreign ingredients.

By *mélange-ing* at high speeds the allegations in the TAC with inadmissible evidence from seven separate declarations, and by mixing distinct legal concepts pertinent to personal jurisdiction, common law conspiracy and RICO, Plaintiffs artfully attempt to create a new principle of law that allows foreign citizens to be yanked into Federal Court in the United States because their settlement discussions on the other side of the globe failed. *Incroyable!*

It is undisputed that Mr. Solorz has never conducted any business in the U.S. and has never been to the State of Washington. Plaintiffs have therefore failed to sustain their burden of satisfying the Constitutional due process requirements set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In their Opposition, Plaintiffs ignore those deficiencies and – *whirl* – they remix and add to the ingredients of the TAC, and now claim that Mr. Solorz is subject to the "conspiracy jurisdiction" theory[1] that has been rejected by this Court.

In his Motion to Dismiss, Mr. Solorz demonstrated that the supposed "jurisdictional" allegations against him in Paragraph 54 of the TAC – *i.e.*, Vivendi's **Paris**-based Orrick, Herrington & Sutcliffe attorney speaking on his **French** cell phone with a lawyer in **Poland** and

---

[1] *See, e.g.*, the following assertions that Plaintiffs make in their Opposition Brief:
- Mr. Solorz "is subject to this Court's jurisdiction because his co-conspirators . . . are subject to this Court's jurisdiction." (Opp., 1:7-10.)
- "This Court has personal jurisdiction over Solorz under the conspiracy theory of personal jurisdiction. . . . Solorz is responsible for the acts of his co-conspirators committed in the United States." (Opp., 8:24-9:2.)
- Mr. Solorz "entered into a conspiracy with the DT Defendants that has had significant effect *in this District*." (Opp., 12:26-13:1.) (Emphasis added.)

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - 1 -

KEESAL, YOUNG & LOGAN
1301 Fifth Avenue, Suite 1515
Seattle, Washington 98101
(206) 622-3790

his checking of his *French* e-mail account while in the U.S. – were completely fallacious and could not subject Mr. Solorz to personal jurisdiction in the U.S. In their Opposition, Plaintiffs ignore those allegations when convenient and then – *whirl* – they mix into their RICO concoction inadmissible declarations from a *Polish* Vivendi attorney and a *French* Vivendi executive. Plaintiffs claim that those declarations, which attach various hearsay news articles from the *Polish* press[2] and characterize privileged statements allegedly made during unsuccessful settlement negotiations in *Poland*[3] and at a meeting in *Poland* that Mr. Solorz could not attend,[4] somehow demonstrate for personal jurisdictional purposes that Mr. Solorz was involved in an "illegal and international conspiracy." (Opp., 1:14-15.) Plaintiffs' arguments are nonsensical.

Mindful that their European business dispute must at least *appear* to have *some* connection to the U.S. to avoid being tossed out like burnt quiche, Plaintiffs contend that they "have pled with specificity acts in furtherance of the conspiracy that took place in the United States . . . as well as adverse effects in the United States." (Opp., 13:21-14:2.) And just what do the *U.S.* "acts in furtherance of the conspiracy" include? According to Plaintiffs, the following:

> "On September 5, 2006 . . . and again on October 4, 2006, DT disseminated false *press releases* representing that T-Mobile had lawfully acquired PTC." (Opp., 13:21-14:2; TAC ¶ 10.) (Emphasis added.)

> "[O]n January 28, 2007, DT issued a misleading *press release* that, upon information and belief, was carried over US. Wires . . . ." (Opp., 13:21-14:2, TAC ¶ 12.) (Emphasis added.)

Plaintiffs' own purported expert, however, submitted a declaration in support of Plaintiffs' Opposition to Mr. Solorz's Motion to Dismiss that expressly *contradicts* Plaintiffs' position:

---

[2] *See* Declaration of Tomasz Dabrowski ("Dabrowski Decl."), ¶3 ("As the Polish press has reported . . . ."), ¶7 ("Solorz frequently speaks in the press interviews . . . ."). *See also* Mr. Solorz's Evidentiary Objections thereto.

[3] *See* Dabrowski Decl., ¶8 ("Solorz participated directly in many meetings throughout the negotiations regarding PTC, including the final rounds of discussion in Warsaw . . . ."); Declaration of Robert de Metz ("de Metz Decl."), ¶4 ("During 2004, 2005, and 2006, Vivendi engaged in settlement discussions with DT and Elektrim."). *See also* Mr. Solorz's Evidentiary Objections thereto.

[4] *See* de Metz Decl., ¶11 ("I was invited to the last negotiating meeting in Warsaw by Mr. Solorz . . . . Upon our arrival, in Warsaw at the office of Elektrim, we were greeted by Dr. Olechowski who proceed [*sic*] to explain to me that Mr. Solorz, the host of the meeting, had to leave before our arrival.") *See also* Mr. Solorz's Evidentiary Objections thereto.

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - 2 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

"The mere publication of a ***press release*** by ***DT*** in general ***cannot be considered as a wrongful action contributable [sic] to Mr. Solorz-Zak***. . . . Whilst the ***press release was indeed published in Germany***, it is not asserted by Plaintiffs . . . that such publication was a press release made by Mr. Solorz-Zak himself. Rather, ***the statement in question was published on the website of DT*** (in collusion with Elektrim). . . . The mere conduct in collusion with a party (DT) acting in ***Germany does not mean that Mr. Solorz-Zak is thereby deemed to have committed a wrongful act in Germany***."[5] (Emphasis added.)

Contrary to Plaintiffs' contention, the DT Defendants' posting of a press release on their website in ***Germany*** cannot subject Mr. Solorz to personal jurisdiction in the U.S. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) (motion to dismiss for lack of personal jurisdiction granted in favor of British website operator). Plaintiffs' additional TAC allegations of purported "acts in furtherance of the conspiracy" in the U.S. are limited to the several cell phone calls and e-mails exchanged between a ***Polish*** lawyer for Elektrim and a ***French*** lawyer for Vivendi when the French lawyer happened to fortuitously be traveling somewhere in the U.S. other than the State of Washington. (*See* TAC, ¶¶ 53-54; Opp., 13:21-14:2.) Not only are the above "acts" insufficient for personal jurisdiction purposes, but they are inadmissible settlement statements that cannot form the basis of a subsequent lawsuit.[6]

Plaintiffs' Opposition is equally unpersuasive and ineffective in regard to the additional solid reasons why the Court should grant Mr. Solorz's Motion to Dismiss. Plaintiffs have failed to address in a meaningful manner, let alone rebut, the arguments and authorities presented by Mr. Solorz that demonstrate that (1) dismissal is appropriate under the doctrine of *forum non conveniens*; (2) Vivendi and VH1 are not proper plaintiffs; (3) Mr. Solorz is not a proper defendant; (4) the Court lacks subject matter jurisdiction over Vivendi's RICO claims; (5) Plaintiffs' RICO claims fail as a matter of law; (6) VH1's common law fraud claim is untenable; and (7) Plaintiffs have failed to satisfy Federal Rule 9(b)'s pleading requirements.

---

[5] *See* Declaration of Dr. Christof Siefarth, LL.M. ("Siefarth Decl."), ¶10.

[6] *See Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 654-655 (4th Cir. 1988) (Statements made by attorneys in course of settling prior related litigation between parties were inadmissible as statements made in course of settlement negotiations, though offering party claimed that remarks were not offered to prove liability on claims extinguished by settlements, where instant claim represented a continuation of feud between parties arising out of breakup of their business.)

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - 3 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

## II. MOTION TO STRIKE INADMISSIBLE EVIDENCE

"In considering a motion to dismiss for lack of personal jurisdiction, the plaintiff must present *admissible evidence* to support the court's exercise of personal jurisdiction." *Hancock v. Hitt,* 1998 WL 345392, at *2 (N.D. Cal. June 9, 1998) (emphasis added). It is well-settled that inadmissible evidence submitted in connection with motions to dismiss is subject to being stricken. *See Travelers Casualty & Surety Co. of America v. Telstar Construction Co.*, 252 F. Supp. 2d 917, 924 (D. Ariz. 2003) (holding that affidavits and exhibits submitted in opposition to a motion to dismiss must comply with the rules of evidence: "In the Ninth Circuit, regardless of the source of the evidence, proper foundation must be laid.").[7] The declarations of Tomasz Dabrowski, Wojciech Kozlowski, Robert de Metz, Dr. Christof Seifarth, Kenneth M. Weissberg, Bruno Curis and David Syed are replete with inadmissible evidence.[8]  Accordingly, for the Court's convenience, Mr. Solorz has separately filed Evidentiary Objections to those improper declarations and respectfully requests that they be stricken.

## III. THE TAC SHOULD BE DISMISSED ON *FORUM NON CONVENIENS* GROUNDS

In his Motion to Dismiss, Mr. Solorz demonstrated that the two requisite factors for dismissing this case pursuant to the doctrine of *forum non conveniens* have been satisfied: (1) another forum has jurisdiction to hear the case and, (2) trial in Washington would be oppressive

---

[7] *See also, Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1028 (9th Cir. 2001) ("A plaintiff's belief . . . without evidence supporting that belief, is no more than speculation or unfounded accusation . . . [Plaintiff] failed to show personal knowledge. It is not enough for a witness to tell all she knows; she must know all she tells."); *Kamen v. American Telephone & Telegraph Co.,* 791 F.2d 1006, 1011 (2nd Cir. 1986) ("In accord with principles of fundamental fairness and by analogy to Rule 56(e) and (f), *it was improper for the district court, in ruling on the 12(b)(1) motion, to have considered the conclusory and hearsay statements contained in the affidavits . . .*") (citing to *Automatic Radio Manufacturing Co. v. Hazeltine Research, Inc.,* 339 U.S. 827, 831, 70 S. Ct. 894, 896 (1950) (emphasis added); *See also Condos v. Conforte,* 596 F. Supp. 197, 199 (D.C. Nev. 1984) (finding that affidavit consisting of "learned discussion as to law of probable cause" and affiant's expert opinion as to propriety of procedures followed in connection with preparation of criminal complaint amounted to legal argument rather than evidentiary facts and was required to be stricken.); *Flintkote Co. v. General Acc. Assur. Co.,* 410 F. Supp. 2d 875, 885 (N.D. Cal. 2006) (holding that portions of affiant's declaration that consisted of legal argument and opinions were inadmissible on motion for summary judgment). *See also* Fed. R. Evid. 402 (Relevance), 403 (Bias), 602 (Personal Knowledge) and 802 (Hearsay).

[8] The declarations, like the TAC, are filled with false, scandalous, unsupported and absurd allegations and statements pertaining to a non-existent and imaginary "conspiracy" that supposedly involves Mr. Solorz. Mr. Solorz adamantly disputes each and every such allegation and statement. Because his appearance in this Action is solely in connection with his Motion to Dismiss, he has neither the opportunity nor the obligation to come forward at this time to demonstrate the falsity of the accusations against him, but he reserves all rights.

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - 4 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

and vexatious for the defendants in proportion to the convenience to Plaintiffs. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, __ U.S. __, 127 S. Ct. 1184, 1190 (2007).

### A.  Plaintiffs Concede That An Adequate Alternative Forum Exists

Although Plaintiffs argue that the Defendants "cannot show that any of the European fora are adequate alternatives" (Opp., 14:14-15), Defendants have in fact clearly done so. Thus, for example, Mr. Solorz cited in footnote 46 of his Motion to Dismiss to the specific paragraphs of declarations before the Court indicating that he was amenable to service of process in **Poland**, **Germany** and **Austria**.[9] Those same declarations establish that even without consenting to jurisdiction, T-Mobile USA would be amenable to jurisdiction in at least **Poland**, **Germany** and **Austria**.[10] Finally, Plaintiffs concede that the German DT Defendants and Mr. Solorz would be subject to the jurisdiction of the **Polish** courts.[11] Thus, an adequate alternative forum (**Poland**) exists and has been identified. *See also* DT Defendants' Reply Brief at 2:12-4:13 regarding adequate additional fora, further justifying dismissal on *forum non conveniens* grounds.[12]

### B.  Plaintiffs' U.S. Suit Against Mr. Solorz Is Oppressive And Vexatious

As noted in Mr. Solorz's Motion to Dismiss, he lives and works in Poland; he is not a party to any of the contracts at issue in this European business dispute (most of which predated

---

[9] *See* Motion to Dismiss, fn. 46. *See also* September 25, 2007 Declaration of Professor Wojciech Popiolek in Support of the DT Defendants' Motion to Dismiss Third Amended Complaint ("Popiolek Decl."), ¶¶12 & 34 [*Poland*]. *See also* September 25, 2007 Declaration of Professor Paul Oberhammer in Support of the DT Defendants' Motion to Dismiss Third Amended Complaint ("Oberhammer Decl."), ¶¶11 [*Poland*], 13, 18, 27 [*Germany*] & 28 [*Austria*].

[10] *See* Popiolek Decl., ¶¶14-15 [*Poland*]; Oberhammer Decl., ¶27 [*Germany*] & ¶28 [*Austria*].

[11] *See* July 17, 2007 Declaration of Wojciech Koslowski, ¶6 [*Poland*].

[12] Plaintiffs' argument that the "European fora lack full discovery and robust concepts of fraud and conspiracy" is irrelevant to the requisite *forum non conveniens* analysis. *See Potomac Capital Inv. Corp. v. Koninklijke,* 1998 WL 92416 (S.D.N.Y. Mar. 4, 1998) ("[W]ere a forum considered inadequate merely because it did not provide for federal style discovery, few foreign forums could be considered 'adequate' – and that is not the law.") Moreover, it is well-settled with regard to the availability of a "remedy" in the alternative forum that "[t]his test is easy to pass; typically, a forum will be inadequate only where the remedy provided is 'so clearly inadequate or unsatisfactory, that it is no remedy at all.'" *Id.* (quoting *Piper Aircraft v. Hartzell Propeller, Inc.*, 454 U.S. 235, 254 (1981)). Thus, a defendant need only show that the foreign forum's laws provide potential redress for the injury alleged. *Id.* "[T]he fact that the substantive law may be less favorable is relevant only if it would completely deprive plaintiffs of any remedy or would result in unfair treatment." *Id.* Moreover, the unavailability of RICO claims in the alternative fora does not change this conclusion. The Ninth Circuit has expressly held that the loss of RICO claims does not suffice to bar dismissal for *forum non conveniens. See Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768-69 (9th Cir. 1991); *Capri Trading Corp. v. Bank Bumiputra Malaysia Berhad*, 812 F. Supp.1041, 1044 (N.D. Cal. 1993).

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - 5 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

his association with Elektrim); he is not alleged to have had any contact with the U.S. in connection with the failed settlement discussions that form the basis for Plaintiffs' RICO claims; he does not speak, read or write English; and he has never done business in the U.S. or used the U.S. wires for business. Ignoring those facts and all considerations of fairness and reasonableness, as well as the applicable law, Plaintiffs argue that Mr. Solorz should be treated just like "two of the world's largest corporations." (Opp., 18:20.)[13]

In lieu of addressing the specific evidence set forth in the declarations in support of Mr. Solorz's Motion to Dismiss that clearly establish that forcing Mr. Solorz to litigate a business dispute in a country where he has never conducted business and in a state where he has never been would be oppressive and vexatious,[14] Plaintiffs arrogantly assert that "the fact that he has 'never set foot in the State of Washington' . . . [does not] make it burdensome to defend this case in Seattle." (Opp., 19:1-4.) Plaintiffs are simply wrong.[15]

## IV. THIS COURT LACKS PERSONAL JURISDICTION OVER MR. SOLORZ

### A. Plaintiffs Have Not Met Their Burden of Establishing Personal Jurisdiction

Plaintiffs have not sustained their burden of showing that Mr. Solorz had "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional conceptions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316. Plaintiffs have not even attempted to comply with their obligation to establish either general

---

[13] Plaintiffs' argument that Mr. Solorz should be required to litigate this European dispute in the State of Washington because they perceive him to have "vast resources" is contrary to the law. (Opp., 18:15.) *See Reers v. Deutsche Bahn AG,* 320 F. Supp. 2d 140, 162 (S.D.N.Y 2004) ("[D]efendants' financial resources cannot be a determinative factor in the *forum non conveniens* analysis."); *Gilstrap v. Radianz Ltd.*, 443 F. Supp. 2d 474, 489 (S.D.N.Y 2006) (fact that defendants have financial resources "does not mean that the Court should necessarily impose upon them the burden of litigating in an otherwise inconvenient forum.")

[14] *See also* Mr. Solorz's Motion to Dismiss at 14:19-20:19. Plaintiffs all but ignore Mr. Solorz's evidence and arguments that (1) all documents and witnesses are located in Europe; (2) allowing this case to be prosecuted in the United States will cause substantial inconvenience and prejudice; (3) Mr. Solorz and key witnesses will be substantially inconvenienced and prejudiced; and (4) the private and public factors, when balanced, also confirm that Plaintiffs' U.S. suit against Mr. Solorz is oppressive and vexatious.

[15] *See Windt v. Qwest Comms. Int'l Inc.*, 2006 WL 2987097, at *12 (D. N.J. Oct. 17, 2006) (litigating in U.S. forum was oppressive and vexatious where defendants were already involved in other similarly focused litigations in foreign jurisdictions and would be forced to stretch their resources over both sides of the ocean by hiring different counsel, flying witnesses and themselves across the Atlantic both ways on a regular basis and having to translate all relevant documents and testimonies).

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - 6 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

1  jurisdiction[16] or specific jurisdiction[17] over Mr. Solorz. Indeed, Plaintiffs do not dispute that Mr. Solorz has never set foot in the State of Washington or conducted any business whatsoever in the United States. Under *International Shoe,* this Court plainly lacks jurisdiction over Mr. Solorz.

### B. Plaintiffs' Conspiracy Jurisdiction Theory Does Not Withstand Scrutiny

In their Opposition Brief, Plaintiffs argue that Mr. Solorz "is subject to this Court's jurisdiction because his co-conspirators . . . are subject to this Court's jurisdiction." (Opp., 1:7-10). In so doing, Plaintiffs ignore the applicable Western District of Washington cases that Mr. Solorz cited in his Motion to Dismiss and they myopically argue that even though Mr. Solorz has no connection to Washington, this Court has conspiracy jurisdiction over him. As set forth below, Plaintiffs have not established – and cannot establish – jurisdiction over Mr. Solorz.

#### 1. This Court Has Considered – And Rejected – Conspiracy Jurisdiction

In an effort to convince this Court that utilizing a conspiracy jurisdiction theory would be appropriate in this case, Plaintiffs cite to cases from various other circuits, touting the theory as a "time honored notion" and claiming that it is "rooted in well-established [] law". (Opp., 9:4-12.) They inexplicably ignore, however, this Court's decision in *Silver Valley Partners, LLC v. Ray De Motte*, 400 F. Supp. 2d 1262 (W.D. Wash. 2005), wherein Judge Leighton expressly declined to assert personal jurisdiction over a defendant based on the conspiracy theory. *Id.* at 1268. In explaining his decision, Judge Leighton voiced his strong concern that the use of conspiracy jurisdiction to hale a defendant into a local court on the basis that the defendant was allegedly a

---

[16] For the Court to exercise *general jurisdiction* over Mr. Solorz, Plaintiffs must show that Mr. Solorz has engaged in *substantial, continuous, and systematic contacts with the State of Washington*. The Ninth Circuit has admonished that, "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

[17] "A court exercises *specific jurisdiction* where the cause of action *arises out of or has a substantial connection to the defendant's contacts with the forum*." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002) (emphasis added). For the Court to exercise specific jurisdiction over Mr. Solorz, Plaintiffs must sufficiently demonstrate that (1) Mr. Solorz *purposefully availed* himself of the privilege of conducting activities in the Washington, thereby invoking the benefits and protections of its laws; (2) Plaintiffs' claim must arise out of or relates to the Mr. Solorz's *forum-related activities*; and (3) the exercise of jurisdiction comports with fair play and substantial justice, *i.e.*, it must be *reasonable. See Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). If Plaintiffs fail to establish either of the first two prongs, the Court must find that personal jurisdiction is lacking. *See Schwarzenegger*, 374 F.3d at 802.

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - 7 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

co-conspirator would abuse "traditional notions of 'fair play and substantial justice.'" *Id.* Judge Lasnik expressed his approval of that decision the following year in *Kreidler v. Pixler*, 2006 WL 3539005, at *4 (W.D. Wash. Dec. 7, 2006) ("[T]he Court agrees with the logic in *Silver Valley Partners, LLC* which rejected the [conspiracy jurisdiction] theory.")

### 2. Conspiracy Jurisdiction Does Not Exist In The Ninth Circuit

No published decision from the Ninth Circuit validates or accepts the conspiracy theory of personal jurisdiction. However, when the Ninth Circuit was presented with an analogous conspiracy theory in a venue context, the Court rejected the argument. *See Piedmont Co. v. Sun Garden Packing Co.*, 598 F.2d 491 (9th Cir. 1979)[18]. Numerous District Court Judges within the Ninth Circuit, like Judge Leighton and Judge Lasnik, have rejected the conspiracy theory of personal jurisdiction.[19] Plaintiffs have not cited any authority from within the Ninth Circuit where a Court has exercised conspiracy jurisdiction over a foreign defendant.[20]

### 3. Conspiracy Jurisdiction Requires Overt Acts Within The Forum State

Plaintiffs have argued that in order to assert conspiracy jurisdiction over a Polish citizen with no business contacts with the U.S. or the State of Washington, all that is constitutionally necessary is an allegation that a co-conspirator of the Polish citizen had some contact with the *U.S.* (as opposed to the State of Washington): "This Court has personal jurisdiction over Solorz under the conspiracy theory of personal jurisdiction. . . . Solorz is responsible for the acts of his co-conspirators committed *in the United States*." (Opp., 8:24-9:2; emphasis added.) This is

---

[18] In *Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 517 (S.D. Iowa 2007), the Court, citing the Ninth Circuit's decisions in *Piedmont* and in *Chirila v. Conforte,* 47 Fed.Appx. 838, 842-843 (9th Cir. 2002), rightly concluded that if the conspiracy jurisdiction theory was rejected by the Ninth Circuit when only venue was at stake, it would surely fail when more significant Constitutional rights were implicated: "Personal jurisdiction, unlike venue, is governed by strict constitutional standards. As a result, if the argument that *venue* could lie based on the acts of co-conspirators was unanimously rejected, it is unlikely the Supreme Court would embrace such a theory in the personal jurisdiction arena." (Emphasis in original.)

[19] *See also MMCA Group, Ltd. v. Hewlett-Packard Co*, 2007 WL 1342586, at *8 (N.D. Cal. May 8, 2007); *Karsten Mfg. Corp, v. U.S. Golf Ass'n*, 728 F. Supp. 1429, 1434 (D. Ariz. 1990); *Gen. Steel Domestic Sales, LLC v. Suthers*, 2007 WL 704477, at *5 (E.D. Cal. Mar. 2, 2007) (declining to adopt theory in RICO case).

[20] Plaintiffs inaccurately assert that the Court in *Lyddon v. Rocha-Albertson*, 2006 WL 3086951 (E.D. Cal. Oct. 30, 2006) exercised conspiracy jurisdiction. In fact, the Court specifically found that the defendant "purposefully availed himself of the privilege of conducting activities in California." *Id.* at 23.

---

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - 8 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

incorrect on several levels: *First*, because Mr. Solorz (a foreign citizen) was not served in the U.S., he is not subject to nationwide RICO personal jurisdiction; therefore, Washington's long-arm statute (Wash. Rev. Code § 4.28.125) is the only basis for exerting personal jurisdiction over him. *See* Mr. Solorz's Motion to Dismiss at 21:7-23. *Second*, that statute extends the Court's personal jurisdiction over non-residents to the full extent of the Constitution's Due Process Clause. *See Easter v. Amer. West Financial*, 381 F.3d 948, 960 (9th Cir. 2004); *Gen Ads, LLC v. Breitbart*, 435 F. Supp. 2d 1116, 1121 (W.D. Wash. 2006). Thus, even if conspiracy jurisdiction were a viable option in the Ninth Circuit, Plaintiffs must still comply with *International Shoe*. This is precisely the point that Judge Leighton and Judge Lasnik properly focused on in rejecting the conspiracy jurisdiction theory. Because Plaintiffs have conceded that they cannot comply with *International Shoe*, the analysis need go no further.

Nonetheless, it is significant that even those cases relied on by Plaintiffs from other jurisdictions all involved circumstances where the defendants over whom conspiracy jurisdiction was found had some meaningful contact with the forum state by participating in some manner in the conspiracy *in the forum state*. In this case, Plaintiffs have not made a single allegation suggesting that **Mr. Solorz** participated in any way, shape or form in a conspiracy **in the State of Washington** (or even in the U.S.) with ***anyone***.[21] Indeed, the following chart confirms that in no case have the courts *ever* allowed conspiracy jurisdiction without overt acts in the forum states:

---

[21] Plaintiffs' citation at Opp., 11:11-20, to *Cleft of the Rock Found. v. Wilson*, 992 F. Supp. 574 (E.D.N.Y. 1998) for the proposition that conspiracy jurisdiction can exist when the foreign defendant did not commit any overt act in a forum state is inaccurate. In *Cleft*, the court found numerous instances of contact by the defendants in the forum, including that: (1) the defendants developed three fraudulent schemes, each of which resulted in multiple meetings spanning several years in the forum at the plaintiffs' house and office (*id.* at 583); (2) the defendants presented false documents to the plaintiffs in the forum (*id.*); (3) the plaintiffs transferred their funds held in the forum to defendants (*id.* at 584); and (4) years of written and telephonic correspondence took place between the defendants and the plaintiffs while the plaintiffs were in the forum (*id.* at 583-584.). Likewise, in *Olson v. Jenkens & Gilchrist*, 461 F. Supp. 2d 710 (N.D. Ill. 2006), the acts leading to the assertion of personal jurisdiction over the Michigan defendants in Illinois was based on extensive cooperation and correspondence between the defendants and an Illinois law firm (also a defendant) including: (1) communications concerning a division of fees (*id.* at 724-726); (2) collaborations to develop a marketing strategy and legal opinion letter to push a fraudulent tax strategy (*id.*); (3) telephonic and electronic correspondence between the defendants (id.); and (4) complete participation by the Michigan defendant to conduct the scheme in Illinois (*id.*). In both cases, the court asserted jurisdiction over the defendants, not because the actions of the other conspirators was imputed to the defendants, but rather because they found personal jurisdiction based on the defendants' own actions of committing a tort in the state.

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - 9 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

| Cases | RICO C/A Alleged? | Overt Act in State? | Consp. Jurisd. Found? |
|---|---|---|---|
| Underwagger v. Channel 9 Australia, 69 F.3d 361 (9th Cir. 1995) | No | No | No |
| Piedmont Co. v. Sun Garden Packing Co., 598 F.2d 491 (9th Cir. 1979) | No | No | No |
| Silver Valley Partners v. De Motte, 400 F. Supp. 2d 1262 (W.D. Wash. 2005) | No | No | No |
| Kreidler v. Pixler, 2006 WL 3539005 (W.D. Wash. 2006) | No | Yes | No |
| Hewitt v. Hewitt, 78 Wn. App. 447 (1995) | No | No | No |
| MMCA Grp. v. Hewlett-Packard, 2007 WL 1342586 (N.D. Cal. 2007) | No | No | No |
| Lyddon v. Rocha-Albertson, 2006 WL 3086951 (E.D. Cal. 2006) | No | Yes | No |
| Kipperman v. McCone, 422 F.Supp. 860 (N.D. Cal. 1976) | No | No | No |
| Steinke v. Safeco Ins. Co. of America, 270 F. Supp. 2d 1196 (D. Mont. 2003) | No | No | No |
| Karsten Mfg. Corp. v. U.S. Golf Ass'n, 728 F. Supp. 1429 (D. Ariz. 1990) | No | No | No |
| Lolavar v. de Santibanes, 430 F. 3d 221 (4th Cir. 2005) | No | No | No |
| McLaughlin v. Copeland, 435 F. Supp. 513, 533 (Md. 1977) | No | No | No |
| American Copper & Brass v. Mueller, 452 F. Supp. 2d 821 (W.D. Tenn. 2006) | No | No | No |
| Davis v. A & J Elec., 792 F.2d 74 (7th Cir. 1986) | No | Yes | No |
| Textor v. Bd of Regents, 711 F.2d 1387 (7th Cir. 1983) | No | Yes | No |
| Tamburo v. Dworkin, 2007 WL 3046216 (N.D. Ill. 2007) | No | No | No |
| Reserve Capital LLC v. CLB Dynasty Tr., 2006 WL 1037321 (N.D. Ill. 2006) | No | No | No |
| Cleary v. Philip Morris, Inc., 726 N.E. 2d 770 (Ill. App. Ct. 2000) | No | No | No |
| Professional Locate, v. Prime Inc., 2007 WL 1624792 (S.D. Ala. 2007) | No | No | No |
| Second Am. Found. v. U.S. Conf. of Mayors, 274 F. 3d 521 (D.C. Cir. 2001) | No | No | No |
| Allen v. Russian Federation, 522 F. Supp. 2d 167 (D.D.C. 2007) | No | No | No |
| Youming Jin v. Ministry of St. Sec., 335 F. Supp. 2d 72 (D.D.C. 2004) | No | Yes | No |
| Chirila v. Conforte, 47 Fed. Appx. 838 (9th Cir. 2002) | Yes | No | No |
| Gen. Steel Dom. Sales v. Suthers, 2007 WL 704477 (E.D. Cal. 2007) | Yes | No | No |
| Arkansas Blue Cross v. Philip Morris,, 1999 WL 202928 (N.D. Ill. 1999) | Yes | Yes | No |
| Stauffacher v. Bennet, 969 F.2d 455 (7th Cir. 1992) | Yes | No | No |
| Brown v. Kerkhoff, 504 F. Supp. 2d 464 (S.D. Iowa 2007) | Yes | Yes | No |
| AGS Intern. Services S.A. v. Newmont USA, 346 F. Supp. 2d 64 (D.C. 2004) | Yes | No | No |
| FC Investment Group v. IFX Mkts,, 479 F. Supp. 2d 30 (D.D.C. 2007) | Yes | No | No |
| Miller v. Holzmann, 2007 WL 778568 (D.D.C. 2007) | Yes | No | No |
| USA v. Philip Morris Inc., 116 F. Supp. 2d 116 (D.D.C. 2000) | Yes | No | No |
| Greater Newburyport. v. Pub. Serv. Co., 1983 WL 489274 (D. Mass. 1983) | No | Yes | Yes |
| Allstate Life Ins. Co. v. Linter Group Ltd., 782 F. Supp. 215 (S.D.N.Y. 1992) | No | Yes | Yes |
| Cleft of the Rock Found. v. Wilson, 992 F. Supp. 574 (E.D.N.Y. 1998) | No | Yes | Yes |
| United States v. Arrow Med. Equip. Co., 1990 WL 210601 (E.D. Pa. 1990) | No | Yes | Yes |
| Compass Mktg v. Schering-Plough Corp., 438 F. Supp. 2d 592 (D. Md. 2006) | No | Yes | Yes |
| Gemini Enter. Inc. v. WFMY Tele. Corp., 470 F. Supp. 559 (M.D.N.C. 1979) | No | Yes | Yes |
| Kentucky Speedway v. Nat'l Ass'n, etc., 410 F. Supp. 2d 592 (E.D. Ky. 2006) | No | Yes | Yes |
| Olson v. Jenkins & Gilchrist, 461 F. Supp. 2d 710 (N.D. Ill. 2006) | No | Yes | Yes |
| Personalized Brokerage Serv. v. Lucius, 2006 WL 208781 (D. Minn. 2006) | No | Yes | Yes |
| Dodson Int'l Parts, Inc. v. Altendorf, 181 F. Supp. 2d 1248 (D. Kan. 2001) | No | Yes | Yes |
| Jung v. Ass'n of American Med. Colls., 300 F. Supp. 2d 119 (D.D.C. 2004) | No | Yes | Yes |

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - 10 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

The preceding chart, which includes all conspiracy jurisdiction cases cited by Plaintiffs, further confirms that conspiracy jurisdiction has *never* been allowed in a RICO case, and that in most cases, the courts *reject* conspiracy jurisdiction in practice even if they accept conspiracy jurisdiction in theory. The very recent case of *Allen v. Russian Federation*, 522 F. Supp. 2d 167 (D.D.C. 2007), from the D.C. Circuit which has accepted the conspiracy jurisdiction theory, illustrates this point. In *Allen,* investors in a Russian energy company sued several Russian defendants alleging expropriation of the investors' company. *Id.* at 171. The court rejected the plaintiff's assertion of conspiracy jurisdiction, stating that "while Plaintiff's Complaint contained allegations of the effects of the conspiracy on the United States, the acts that gave rise to Plaintiff's claims unquestionably occurred in the Russian Federation – not the United States." *Id.* at 198. This is precisely the situation here: every alleged act related to the supposed conspiracy occurred abroad and the supposed "effects" of the conspiracy on the U.S. are tenuous and imaginary. Plaintiffs have purposefully gone to great lengths to avoid naming the countries where the alleged acts of conspiracy supposedly occurred precisely because it would be glaringly obvious that *not a single event occurred in the United States, let alone in Washington*.

V. **VIVENDI LACKS STANDING TO SUE**

In the Opposition, Vivendi admits that Telco, not Vivendi, was the true owner of the PTC shares. It nevertheless claims that it may sue as a Telco shareholder because it purportedly suffered a "distinct" injury from the other Telco shareholder, Elektrim, which, Vivendi contends, not only purportedly benefited from the alleged wrongful conduct, but further participated in it. However, Vivendi has made no attempt to explain why Telco – the admitted owner of the shares – is not the proper party to pursue this action. Nor does it explain why it has pursued its claims against Mr. Solorz, rather than Elektrim, which it now contends is the alleged wrongdoer. Vivendi's self-serving, ever-changing arguments are clearly carefully chosen to suit its particular position at the moment, and warrant no consideration from this Court.

VI. **THE COURT LACKS RICO SUBJECT MATTER JURISDICTION**

Plaintiffs' RICO allegations fail both the "conduct" test and "effects" test, which examine

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - 11 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

whether material conduct occurred within the U.S. or whether the conduct abroad caused foreseeable effects within the U.S. *See Poulos v. Caesars World, Inc.*, 379 F.3d 654, 663-64 (9th Cir. 2004). This Court lacks subject matter jurisdiction over Plaintiffs' RICO allegations.

## VII. PLAINTIFFS' RICO CLAIMS FAIL AS A MATTER OF LAW

Plaintiffs lack standing to proceed with their RICO claims because they have failed to adequately allege a direct injury proximately caused by the alleged violation. *Holmes v. Secs. Investor Protection Corp.*, 503 U.S. 258, 268 (1992); *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1311 (9th Cir. 1992). Further, Plaintiffs make no attempt to demonstrate in their Opposition that they have properly alleged a pattern of racketeering activity. Plaintiffs have failed to demonstrate that they have satisfied both the "relatedness" and "continuity" requirements. *See Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004); 18 U.S.C. § 1961(1), (5); *H.J. Inc. v. N.W. Bell. Telephone Co.*, 492 U.S. 229, 237-38 (1989). Finally, Plaintiffs have not adequately stated a claim under 18 U.S.C. sections 1962(b)-(d).

## VIII. VH1'S COMMON LAW FRAUD CLAIM SHOULD BE DISMISSED

VH1 barely attempts to respond to Mr. Solorz's argument concerning the fact that it has failed to adequately allege common law fraud, and in fact, merely cites to arguments made in opposition to the DT Defendants' motion. VH1's common law fraud should be dismissed.

## IX. PLAINTIFFS HAVE NOT SATISFIED RULE 9(B)'S REQUIREMENTS

The Court should dismiss Plaintiffs' RICO claims against Mr. Solorz for failure to comply with Rule 9(b).

## X. CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed with prejudice.

RESPECTFULLY SUBMITTED this 15th day of February, 2008.

/s/
SAMUEL A. KEESAL, JR.
BEN SUTER
ROBERT J. BOCKO, WSBA 15724
Attorneys for Defendant ZYGMUNT SOLORZ-ZAK
Keesal, Young & Logan
1301 Fifth Avenue, Suite 1515
Seattle, Washington 98101

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S REPLY RE MOTION TO DISMISS, Etc. - 12 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790