1

**The Honorable James L. Robart**

2

3

4

5

6

7

8                 **UNITED STATES DISTRICT COURT**

9     **FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

10

| | |
|---|---|
| VIVENDI S.A., and VIVENDI HOLDING I CORP., as the Assignee of a U.S. Elektrim Bondholder, <br><br> Plaintiff, <br><br> vs. <br><br> T-MOBILE USA, INC., T-MOBILE DEUTSCHLAND GMBH, T-MOBILE INTERNATIONAL AG, DEUTSCHE TELEKOM AG, and ZYGMUNT SOLORZ-ZAK, <br><br> Defendants. | Case No. CV06-1524 JLR <br><br> **ZYGMUNT SOLORZ-ZAK'S EVIDENTIARY OBJECTIONS TO DECLARATION OF TOMASZ DABROWSKI** |

11

12

13

14

15

16

17

18      Defendant Zygmunt Solorz-Zak ("Mr. Solorz") respectfully submits the following

19 Evidentiary Objections to the January 17, 2008 Declaration of Tomasz Dabrowski ("Dabrowski

20 Declaration") filed in support of Plaintiffs Vivendi S.A. ("Vivendi") and Vivendi Holding I

21 Corp.'s ("VH1") Opposition to Mr. Solorz's Motion to Dismiss the Third Amended Complaint.

22             **Objection as to All Polish Language Exhibits and Purported Translations**

23      The Dabrowski Declaration attaches Polish language documents *for the truth of the*

24 *matters asserted* (*see* Exhibits A-D), along with purported translations of certain parts of those

25 hearsay documents, without complying with the evidentiary rules that govern translations of

26

27 Case No.: CV06-1524 JLR

SOLORZ-ZAK'S EVID. OBJ. TO DABROWSKI DECL.  - 1 -

28

foreign language documents. *See* Fed. R. Evid. 604, 802, 901. It is well-settled that documents "translated from a foreign language must be properly authenticated and any interpretation must be shown to be an *accurate translation* done by a *competent translator*." *Kesel v. UPS, Inc.*, 2002 WL 102606, at *3 (N.D. Cal. Jan. 17, 2002) (emphasis added). Toward this end, the person translating the document must submit **a *sworn statement*** with the following**:**

> (1) describing his qualifications or expertise regarding language translation;

> (2) indicating that the translation is accurate;

> (3) indicating whether he personally translated the attached declarations for the declarant; and

> (4) explaining the circumstances under which the declarants signed the declarations in both languages (e.g., whether the declarant was advised of the content of the English language declarations before signing them).

*See Jack v. TWA, Inc.*, 854 F. Supp. 654, 659 (N.D. Cal. 1994).

Exhibits A-D to Dabrowski Declaration are inadmissible and should be stricken.

## Objections as to Particular Paragraphs of, and Exhibits to, Dabrowski Declaration

## Declaration Paragraph 2:

"In particular, I have had direct contact with the individual who has been in control of Elektrim since 2003, Zygmunt Solorz-Zak ("Solorz"). Through my involvement in these negotiations and my representation of Vivendi, I have specific knowledge of Elektrim's corporate structure and the influence that Solorz exercises over Elektrim's activities. Solorz consistently represented to myself and Vivendi that he was the decision maker for Elektrim and its related entities."

*Objections:* **Hearsay, lacks foundation, lacks personal knowledge, improper opinion and legal argument, bias.**

The statements by opposing counsel in this paragraph consist of or are based on inadmissible evidence. "In considering a motion to dismiss for lack of personal jurisdiction, the plaintiff must present ***admissible evidence*** to support the court's exercise of personal

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO DABROWSKI DECL.   - 2 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

jurisdiction." *Hancock v. Hitt,* 1998 WL 345392, at \*2 (N.D. Cal. June 9, 1998) (emphasis added). It is well-settled that inadmissible evidence submitted in connection with motions to dismiss is subject to being stricken. *See Travelers Casualty & Surety Company of America v. Telstar Construction Co.,* 252 F. Supp. 2d 917, 924 (D. Ariz. 2003) (holding that affidavits and exhibits submitted in opposition to a motion to dismiss must comply with the rules of evidence: "In the Ninth Circuit, regardless of the source of the evidence, proper foundation must be laid."). *See also, Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1028 (9th Cir. 2001) ("A plaintiff's belief . . . without evidence supporting that belief, is no more than speculation or unfounded accusation . . . [Plaintiff] failed to show personal knowledge. It is not enough for a witness to tell all she knows; she must know all she tells."); *Kamen v. American Telephone & Telegraph Co.,* 791 F.2d 1006, 1011 (2nd Cir. 1986) ("In accord with principles of fundamental fairness and by analogy to Rule 56(e) and (f), *it was improper for the district court, in ruling on the 12(b)(1) motion, to have considered the conclusory and hearsay statements contained in the affidavits . . .*") (citing to *Automatic Radio Manufacturing Co. v. Hazeltine Research, Inc.,* 339 U.S. 827, 831, 70 S. Ct. 894, 896 (1950) (emphasis added).

The statements by opposing counsel in this paragraph further consist of impermissible legal argument and opinions. *See Condos v. Conforte*, 596 F. Supp. 197, 199 (D.C. Nev. 1984) (finding that affidavit consisting of "learned discussion as to law of probable cause" and affiant's expert opinion as to propriety of procedures followed in connection with preparation of criminal complaint amounted to legal argument rather than evidentiary facts and was required to be stricken.); *Flintkote Co. v. General Acc. Assur. Co.*, 410 F. Supp. 2d 875, 885 (N.D. Cal. 2006) (holding that portions of affiant's declaration that consisted of legal argument and opinions were inadmissible on motion for summary judgment). *See also* Fed. R. Evid. 402 (Relevance), 403 (Bias), 602 (Personal Knowledge) and 802 (Hearsay).[1]

---

[1] The authorities set forth in this paragraph are incorporated by reference into each of the separate evidentiary objections set forth herein.

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO DABROWSKI DECL.   - 3 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

### Declaration Paragraph 3:

"As Polish press has reported, Solorz holds 85% of the shares in Polaris Finance B.V., which in turn holds 71,87% shares in PAI Media. Additionally, Solorz holds directly 23,91 % shares in PAI Media. (See PAI Media declared a call for subscription of 66,94% of the shares in Elektrim, *Bankier.pl*, December 3, 2007, attached as exhibit A). Through PAI Media, Mr. Solorz owns approximately 35% of the share capital of Elektrim. As such, he controls the largest single stake in Elektrim."

*Objections:  Hearsay, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, improper opinion and legal argument, bias.*

### Exhibit A to Declaration

*Objections:  Hearsay, legally deficient translation.*

### Declaration Paragraph 4:

"Even though this is less than 50% of the Elektrim shares, it is sufficient to allow Solorz to exert de facto control over Elektrim because the majority of the other shareholders in Elektrim owned stakes of less than 5%. Indeed, this 35% stake enabled Solorz to control a majority of votes at Elektrim's shareholders' meetings. (According to Elektrim's bylaws, unless qualified majorities are required by law, a simple majority of shares is sufficient to adopt valid resolutions, including the appointment of Supervisory Board Members.) For example, at the shareholders' meeting on July 12, 2006, PAI Media represented 57% of the total number of votes. The year before, at the July 7, 2005 shareholders' meeting, PAI Media represented 56.96% of the votes. Thus, Solorz's 35% stake gave him decisive influence in (and thus control over) Elektrim."

*Objections:   Hearsay, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, improper opinion and legal argument, bias.*

### Declaration Paragraph 5:

"Solorz determines the composition of the Supervisory Board and, in turn, the Management Board (which was appointed by the Supervisory Board). From 2004 to 2007, the Elektrim Supervisory Board was composed of persons proposed by and/or connected with PAI Media, and thus with Solorz."

*Objections:   Hearsay, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, improper opinion and legal argument, bias.*

Case No.:  CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO DABROWSKI DECL.   - 4 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

### Declaration Paragraph 6:

"Additionally, Solorz's control over Elektrim is illustrated by the numerous admissions he has made in the Polish media.  Solorz has repeatedly represented himself to the Polish media as the "owner" of Elektrim and as its decision-maker."

*Objections:  Hearsay, lacks foundation, lacks personal knowledge, conclusory, improper opinion and legal argument, bias.*

### Declaration Paragraph 7:

"Solorz frequently speaks in press interviews about his strategic and operational plans for Elektrim, and the Elektrim Management Board followed Solorz's instructions.  (See "I have had enough of Elektrim," Forbes (Poland), February 2006, attached as exhibit B).  In these interviews, Solorz has repeatedly admitted that he controls Elektrim.  For example, in the press article of July 25, 2005 Solorz was approach how [sic] Elektrim is going to pay its creditors and stated "I am considering other ways of satisfying creditors' claims" (See "I can pay off the creditors", Puls Biznesu, July 25, 2005, attached as exhibit C).  Similarly, on October 19, 2005, Solorz was interviewed in connection with the secret transfer of Elektrim's disputed 48% stake in PTC to Mega.  Solorz was asked how the company was going to pay off its debts to the bondholders and answered: "I am working on alternative solutions.  Please wait calmly.  I am negotiating." (See "Solorz: I Hid PTC for Elektrim's Benefit," *Puls Biznesu*, Oct. 19, 2005, attached as exhibit D)."

*Objections:  Hearsay, conclusory, calls for speculation, improper opinion and legal argument, bias.*

### Exhibits B-D to Declaration

*Objections:  Hearsay, relevance, legally deficient translation.*

### Declaration Paragraph 8:

"Solorz participated directly in many meetings throughout the negotiations regarding PTC, including the final rounds of discussion in Warsaw at the end of March 2006, at which I was present.  Counsel representing Elektrim openly looked to Solorz for instruction and deferred to him in meetings where he was present.  In meetings and phone calls where Solorz was not present, they often stated that they would have to check with Solorz on various issues."

*Objections:  Hearsay, lacks foundation, lacks personal knowledge, improper opinion and legal argument, bias, and vague.*

Case No.:  CV06-1524 JLR

SOLORZ-ZAK'S EVID. OBJ. TO DABROWSKI DECL.   - 5 -

**Declaration Paragraph 9:**

"Mr. Piotr Nurowski, the member of the Supervisory Board of Elektrim delegated to fulfill the duties of the President (Chairman) of the Management Board of Elektrim, also deferred to Solorz."

*Objections:    Relevance, hearsay, lacks foundation, lacks personal knowledge, calls for speculation, improper opinion and legal argument, bias.*

**Declaration Paragraph 10:**

"It was clearly understood in the meetings with Elektrim's representatives that no actions would be taken by Elektrim unless Solorz approved.  Likewise, it was clearly understood that once Solorz agreed on the terms and details of a PTC settlement, Elektrim would take all actions necessary to approve an [sic] implement the settlement."

*Objections:    Relevance, lacks foundation, lacks personal knowledge, calls for speculation, improper opinion and legal argument, bias, inadmissible statements regarding settlement negotiations.*

**Declaration Paragraph 11:**

"When Solorz was not personally present in meetings, Professor Soltysinski, an attorney for Elektrim, was the lead negotiator for Elektrim.  Prof. Soltysinski reported to Solorz, and often communicated a position in negotiations as being Solorz's or Elektrim's position.  He also seemed careful to qualify any position or idea that did not have Elektrim's approval by expressly stating that qualification.  Thus, when Prof. Soltysinski agreed to something, I had no doubt that Solorz and Elektrim were thereby agreeing."

*Objections:    Relevance, hearsay, lacks foundation, lacks personal knowledge, calls for speculation, improper opinion and legal argument, bias, inadmissible statements regarding settlement negotiations.*

**Declaration Paragraph 13:**

"Attached is an October 19, 2005, letter that recently came to light in the Elektrim bankruptcy.  The letter shows that Elektrim's UK counsel, Skadden, Arps, Slate, Meagher and Flom LLP ("Skadden"), withdrew from representation of Elektrim because of "conduct that is on its face an effort to put in place and execute transactions that transfer all of Elektrim's principal assets to entities controlled by a single Elektrim shareholder at allegedly fraudulent values."  Skadden concluded that there "may very well be an ongoing fraud on Elektrim, including its creditors, stockholders and employees." (See October 19, 2005, letter from Skadden Arps, Slate, Meagher and

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO DABROWSKI DECL.   - 6 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

1    Flom, attached as exhibit E.)"

2    ***Objections:  Hearsay, relevance, lacks foundation, lacks personal knowledge, calls for***

3    ***speculation, improper opinion and legal argument, bias.***

4                            **Exhibit E to Declaration**

5    ***Objections:  Hearsay, relevance.***

6

7    DATED this 15th day of February, 2008.

8                                              /s/
                                         SAMUEL A. KEESAL, JR.
9                                        BEN SUTER
                                         ROBERT J. BOCKO, WSBA 15724
10                                       Attorneys for Defendant ZYGMUNT
                                         SOLORZ-ZAK
11                                       Keesal, Young & Logan
                                         1301 Fifth Avenue, Suite 1515
12                                       Seattle, Washington  98101

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    Case No.:  CV06-1524 JLR
      SOLORZ-ZAK'S EVID. OBJ. TO DABROWSKI DECL.   - 7 -

28