The Honorable James L. Robart

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VIVENDI S.A., and VIVENDI HOLDING I CORP., as the Assignee of a U.S. Elektrim Bondholder, <br><br> Plaintiff, <br><br> vs. <br><br> T-MOBILE USA, INC., T-MOBILE DEUTSCHLAND GMBH, T-MOBILE INTERNATIONAL AG, DEUTSCHE TELEKOM AG, and ZYGMUNT SOLORZ-ZAK, <br><br> Defendants. | Case No. CV06-1524 JLR <br><br> **ZYGMUNT SOLORZ-ZAK'S EVIDENTIARY OBJECTIONS TO DECLARATION OF WOJCIECH KOZLOWSKI** |

Defendant Zygmunt Solorz-Zak ("Mr. Solorz") respectfully submits the following Evidentiary Objections to the January 17, 2008 Declaration of Wojciech Kozlowski ("Kozlowski Declaration") filed in support of Plaintiffs Vivendi S.A. ("Vivendi") and Vivendi Holding I Corp.'s ("VH1") Opposition to Mr. Solorz's Motion to Dismiss the Third Amended Complaint.

### Objections as to Particular Paragraphs of Kozlowski Declaration

### Declaration Paragraph 3:

"I agree that Article 1103 should be applied by the Polish court to establish if it has jurisdiction to hear the case where T-Mobile USA is named a defendant. Specifically, the court should apply Article 1103(3) which reads as follows: 'Actions other than actions named in the preceding title hereof [which title refers

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.   - 1 -

KEESAL, YOUNG & LOGAN
1301 Fifth Avenue, Suite 1515
Seattle, Washington 98101
(206) 622-3790

to cases where Polish courts, according to Polish law, enjoy exclusive subject matter jurisdiction, and which is not applicable to the case at issue] which are to reviewed by trial [sic], are subject to domestic [i.e., Polish] jurisdiction, if. . . the action pertains to. . .an obligation that <u>has arisen</u> or <u>is to be executed</u> in Poland.' (emphasis added). Hence, there are two subject matter connections which may allow the court to establish its jurisdiction over T-Mobile U.S.: (i) the place where the obligation was to be executed; OR (ii) the place where the obligation 'originated'."

**<u>Objections</u>:  *Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.***

The statements in this paragraph consist of or are based on inadmissible evidence.  "In considering a motion to dismiss for lack of personal jurisdiction, the plaintiff must present ***admissible evidence*** to support the court's exercise of personal jurisdiction." *Hancock v. Hitt*, 1998 WL 345392, at \*2 (N.D. Cal. June 9, 1998) (emphasis added). It is well-settled that inadmissible evidence submitted in connection with motions to dismiss is subject to being stricken.  *See Travelers Casualty & Surety Company of America v. Telstar Construction Co.*, 252 F. Supp. 2d 917, 924 (D. Ariz. 2003) (holding that affidavits and exhibits submitted in opposition to a motion to dismiss must comply with the rules of evidence: "In the Ninth Circuit, regardless of the source of the evidence, proper foundation must be laid."). *See also, Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1028 (9th Cir. 2001) ("A plaintiff's belief . . . without evidence supporting that belief, is no more than speculation or unfounded accusation . . . [Plaintiff] failed to show personal knowledge.  It is not enough for a witness to tell all she knows; she must know all she tells."); *Kamen v. American Telephone & Telegraph Co.*, 791 F.2d 1006, 1011 (2nd Cir. 1986) ("In accord with principles of fundamental fairness and by analogy to Rule 56(e) and (f), ***it was improper for the district court, in ruling on the 12(b)(1) motion, to have considered the conclusory and hearsay statements contained in the affidavits . . .***") (citing to *Automatic Radio Manufacturing Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831, 70 S. Ct. 894, 896 (1950) (emphasis added).

The statements in this paragraph further consist of impermissible legal argument and

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.   - 2 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

opinions. *See Condos v. Conforte*, 596 F. Supp. 197, 199 (D.C. Nev. 1984) (finding that affidavit consisting of "learned discussion as to law of probable cause" and affiant's expert opinion as to propriety of procedures followed in connection with preparation of criminal complaint amounted to legal argument rather than evidentiary facts and was required to be stricken.); *Flintkote Co. v. General Acc. Assur. Co.*, 410 F. Supp. 2d 875, 885 (N.D. Cal. 2006) (holding that portions of affiant's declaration that consisted of legal argument and opinions were inadmissible on motion for summary judgment). *See also* Fed. R. Evid. 402 (Relevance), 403 (Bias), 602 (Personal Knowledge) and 802 (Hearsay).[1]

### Declaration Paragraph 4:

"The place of execution of a claim (*locus executionis*) is characteristic for contractual relationships and generally does not apply to tort claims. Even if one was to accept that this link can in fact be applied by the court to the obligation to redress arising from the defendant's alleged liability in tort, the place where such obligation should be executed is determined by default rules of the applicable substantive law. Should the court decide, for example, that defendants' liability in tort is governed by Polish substantive law, then, provided that the remedy awarded by the court would be money, the place of execution of the obligation to pay would be in the country where the plaintiff has his registered seat (Article 454 of the Polish Civil Code). To my knowledge, none of the Plaintiff's [sic] has his registered seat in Poland, therefore, assuming that the link of *locus executionis* is applicable to tort claims, which I doubt, its application would not allow the court to find that it has jurisdiction to hear the case against T-Mobile U.S."

***Objections:  Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.***

### Declaration Paragraph 5:

"The second, and last, possible colligation which the court in Poland would need to consider is whether the claim of plaintiffs arising from the alleged racketeering activity of defendants originated in Poland. Again, to answer that question, the court needs to decide first which substantive law governs the obligation of the tortfeasor to make good the damage caused to the harmed party, because that law would decide when the obligation arises."

---

[1] The authorities set forth in this paragraph are incorporated by reference into each of the separate evidentiary objections set forth herein.

Case No.:  CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.  - 3 -

*Objections:  Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 6:

"Therefore, the court in Poland, in order to decide the procedural issue of whether it has jurisdiction over T-Mobile U.S., would need first to determine which substantive law is applicable to the claim of the Plaintiffs.  By application of that law the court would be able to determine if the obligation "has arisen" in Poland."

*Objections:  Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 7:

"It follows that the proposition that Polish courts would have jurisdiction over a tort case if only "any tortfeasor is alleged to have carried out a tort on Polish territory" is too hasty, since it tacitly assumes that the fact of "carrying out" a tort in Poland according to the substantive law governing the Plaintiffs' claim vis-a-vis the Defendants should imply that such claim "has arisen" in Poland."

*Objections:  Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 8:

"I agree that criteria for finding the law which the Polish law recognizes as applicable to the obligations which do not arise out of legal acts, such as obligations having its source in tort, are indicated in Article 31 § 1 of the Polish Private International Law.  The cited paragraph, somewhat similarly to Article 1103(3) of the CCP, points to law of the country in which 'the event being the source of the obligation had occurred'."

*Objections:  Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, bias.*

### Declaration Paragraph 9:

"Professor Popiolek maintains that the cited article 31 § 1 of the Polish Private International Law 'does not give clear priority to the law of the state where the tort has been committed, as opposed to the law of the state where the damage occurred." and that "prevalent opinion" suggests that if "the tort is connected with many territories, the judge should be given freedom to determine the applicable law according to the circumstances o [sic] the particular case".  What

Case No.:  CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.  - 4 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

Professor Popiolek is really saying, is that in the causal chain giving rise to a claim, Polish private international law dives [sic] deference only, or primarily, to the last link, i.e., the fact that the damage that the plaintiff wants redressed did occur. However, it is not what the law says. The quoted paragraph points to the law of the country in which "the <u>event being the source</u> of the obligation had occurred'."

***Objections: Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.***

### Declaration Paragraph 10:

"The expression "the source of obligation" has a specific legal meaning. Polish civil law, like any other civil law, traditionally distinguishes between obligations which have their source in contract and those to which tort is source. Perhaps this legal meaning could be best conveyed by saying that in many of its decisions the Polish Supreme Court, when pointing to the "source of the obligation" which is considered within the case, means the tort causing the damage giving rise to the defendant's liability rather than the damage itself. It is, therefore, fallacious to say, as Professor Popiolek seems to do, that article 31 § 1 of the Polish Private International Law refers to the country where the damage occurred rather than the country where the tort was committed."

***Objections: Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.***

### Declaration Paragraph 11:

"It is true that the discussed Article 31 § 3 is worded in an open way. Therefore, I am aware of some legal theories -- to which Professor Popiolek apparently refers to as the "prevalent opinion" -- which insist that in the event where tort and damage resulting from it are connection [sic] to many territories Article 31 § 1 should be interpreted in such a way so as to allow the judge to select one of potentially applicable laws. What Professor Popiolek does not mention, however, is that even those controversial theories do not contend that the judge should have full discretion in choosing the law, but rather, that he should apply the law which is in the closest relation to the obligation giving rise to the plaintiffs claim. To establish that an act of racketeering committed by defendants from Germany, the United States and Poland against the Plaintiffs having their respective seats in France and the United States has the most tight relation with Polish law would require, in my opinion, more than just the fact that the shares of Polska Telefonia Cyfrowa Sp. Z o.o. (PTC) are shares of a Polish company. After all, if a Russian citizen stole a Toyota from a Polish citizen, nobody would argue that the case should be litigated in Japan."

Case No.: CV06-1524 JLR

SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.   - 5 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

*Objections:   Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 12:

"To the extent that I am informed about the facts of the case, and as far as Polish private international law is concerned, I would venture the opinion that the applicable law is either law of the United States (because this is where I understand the act racketeering is allege [sic] to have taken place) or the Republic of Austria (because the proceedings before the Vienna Arbitral Tribunal were of pivotal importance for the control of PTC being taken over by the Defendants and their affiliates), rather than Poland."

*Objections:   Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 13:

"Assuming that the Polish court decides that the claim of the Plaintiffs and the obligation of the Defendants take source in an event (i.e., tort) which occurred in Poland and, thus, that Polish substantive law should apply in the case (which is far from certain, but still not quite improbable), the court would need to establish whether the obligation itself "has arisen" in Poland. According to Polish civil law, the claim of the Plaintiffs arises out of the damage allegedly caused to them by the Defendants. Therefore, the obligation of the Defendants could be said to have arisen in Poland only if the court asserts that the damage was done in Poland."

*Objections:   Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 14:

"Again, this is far from clear where the damage took place. Surely the reason for the damage was the assumption of control over PTC by the companies from T-Mobile group. But, to my best knowledge, neither Vivendi S.A. nor Vivendi Holding I Corp. holds or held shares in PTC; the shares were controlled by another Polish company which in turn was controlled by Vivendi S.A. which in turn is controlling Vivendi Holding I Corp. According to Polish law, an argument could be made that in the chain of causality, the damage to Vivendi was caused by the loss of control over the PTC shares by the subsidiary directly controlling the shares, OR by the loss of value of shares in the subsidiary directly controlled by Vivendi, because of the loss of the value of the shares of the company who lost control over PTC shares. The difference is clear: in case the first theory is accepted, the damage to Vivendi took place in Poland; in the second instance, it occured [sic] in France."

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.   - 6 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

*Objections:   Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 15:

"Therefore, to find that "T-Mobile USA could be sued in the Polish courts, because the tort, or at least a part of the defendants' activity, is alleged to have been carried out on polish territory", as Professor Popiolek did, is a *non sequitur*. Although such an eventuality may not be excluded completely, it is not sure either.   Moreover, in my opinion it would require a significant amount of determination from the court to - through a multi-level legal reasoning - assume jurisdiction over T-Mobile U.S.A."

*Objections:   Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 16:

"Professor Popiolek's view that T-Mobile USA could be sued in the Polish courts, because the tort "is alleged to have been carried out on Polish territory" is misleading, because it implies that the court's jurisdiction over the defendant depends on the facts alleged by the plaintiff.  Should it really be the case, it would suffice for any plaintiff to merely allege that there exist any link between his claim and the territory of Poland which the CCP should recognizes [sic] as a basis for Polish jurisdiction.  Even if disproved in the course of the case, Polish court would retain its jurisdiction because of the *perpetuatio fori* principle, expressed in Article 1097 of the CCP (which provides that the domestic jurisdiction existing at the commencement of the proceeding continues, even when the ground thereto ceases to exist in the course of the case being reviewed)."

*Objections:   Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 17:

"In reality, allegation of the fact never justifies territorial jurisdiction of Polish courts.  Polish courts may adjudicate the case only if the factual circumstance recognized as basis for their jurisdiction is proven to actually take place.  In the event the circumstance relevant for jurisdiction is disproved or remains unproved, the claim must be dismissed or, if already concluded by a decision, the decision must be vacated on the ground of nullity of the previously completed proceeding."

Case No.:  CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.   - 7 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

*Objections:   Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 18:

"However, it should be noted that onus regarding the fact which justifies jurisdiction of Polish courts is on the plaintiff.  Therefore, if T-Mobile U.S.A. brings up the defense of the *forum non conveniens*, which I imagine it would, were the case ever to be filed in a Polish court, the Plaintiffs would be required to make a persuasive argument against themselves, i.e., convince the Polish court that in fact T-Mobile U.S.A. is subject to the court's jurisdiction.  The court is not deemed to have jurisdiction over a defendant with its seat abroad unless and until proven otherwise; the opposite is true: the court does not have jurisdiction over a defendant with its seat abroad as long as not proven to have it.  In a doubtful case, and certainly this case is doubtful, the defendant would receive the benefit of the court's doubt, i.e. in my opinion the motion to dismiss on the grounds of lack of jurisdiction would be granted."

*Objections:   Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 19:

"Polish judges are not elected, but appointed for life by the President.  However, a judge's rise in the judicial hierarchy depends mainly on how his work is perceived by the judges of higher courts.  At the same time, Polish judiciary is governed by bureaucracy; one of many forms of that bureaucracy are court statistics, which decide about the evaluation of the whole court and individual judges, thus influencing the judge's chances for a raise or promotion.  A high number of the cases disposed of is a reason for pride, whereas a high number of protracted proceedings is bad news.  Apart from efficiency, another very important factor taken into account when evaluating a judge is quality of his decision-making, measured by the number of cases that have been reversed or modified.  A decision which is changed or reversed on appeal happens to every judge; after all, some points of law are controversial and the court of appeals enjoys the privilege of the last word in such cases.  However, what judges believe should not happen is to have a decision vacated because of nullity of the proceeding.  Nullity can happen only in the rare cases where the proceedings were touched by a qualified defect, a perversion of justice.  Deciding a case without having a jurisdiction is one of those qualified defects.  Therefore, no reasonable judge would take a risk of extending the court's jurisdiction over a party whose status is seriously in doubt.  On the other hand, a case dismissed on a motion to dismiss on the grounds of lack of jurisdiction is a case disposed of, just like a case decided after a few years of a tiresome trial, only without the risk of protraction.  Therefore, every reasonable judge would dismiss the case when the defense of the *forum non conveniens* is raised and the decision has a good chance to stand after appellate review."

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

*Objections:  Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.*

### Declaration Paragraph 20:

"Therefore, I assess the chances that a Polish court accepts the case at issue as remote."

*Objections:  Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.*

### Declaration Paragraph 21:

"Professor Popiolek maintains that, although undeniably different from its American equivalent, Polish Civil Procedure can effectively be used in order to prove conspiracy in a tort dispute.  I respectfully disagree with Professor Popiolek."

*Objections:  Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 22:

"It is my understanding that what is relevant here is not only a theoretical existence of a remedy or tools to prove that such remedy should be granted, but its real availability.  In other words, apart from "the law on the books" it is also relevant how the "law in action" looks like [sic].  If this understanding is correct, I would like to point out several issues which I find relevant for evaluation of suitability of the Polish civil procedure for the complex cases, such as those brought under RICO rules."

*Objections:  Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, conclusory, bias.*

### Declaration Paragraph 23:

"I would like to observe that one of the basic conditions allowing for an effective control of litigation, especially in the role of plaintiff, is stability of the system. Since the beginning of the year 2000, the CCP was changed by exactly ninety-six amending bills, out of which c. [sic] twenty should be classified as introducing general amendments of material importance to the procedure as a whole. Whereas in case of the substantive law the principle of *lex retro non agit* is prevalent, it is generally not the case for the amendments of the procedure. Needless to say, a sudden change of procedural standards can frustrate any

Case No.:  CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.  - 9 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

litigation strategy, and the chances for that are the greater, the more complex the case."

***Objections:   Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.***

### Declaration Paragraph 24:

"Therefore, I am of the opinion that the Polish civil procedure is not suitable for any complex and predictably long litigation, such as the case at issue seem [sic] to be."

***Objections:   Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.***

### Declaration Paragraph 25:

"Prof. Popiolek observes that the Polish procedure gives a more active role to a judge.  This is only partially true."

***Objections:   Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.***

### Declaration Paragraph 26:

"In December of 2007, a Global Class Actions Conference was held at the Centre for Socio-Legal Studies of the Oxford University in cooperation with the Stanford Law School.  Poland was represented by dr. [sic] Magdalena Sengayen, affiliated with Oxford University.   In her report about the state of the Polish system of justice, the author states:

*'A significant problem was noted by academic writers in the attitudes of the judiciary (lower levels of judiciary in particular): lack of confidence and flexibility in interpreting the plethora of new laws and even the old laws in the new reality.  Another is the lack of confidence of ordinary citizens in the justice system.  An effective and efficient justice system requires well-resourced courts, as well as good quality judges commanding public respect, and the situation is still not satisfactory in Poland.  Group litigation, which entails greater judicial control of litigation including wide judicial discretion to make management decisions, may be problematic to conduct in these conditions.'*

*'The Code of civil Procedure is still seen by the judiciary and academics as overly formalistic, and civil procedure as very complex and inaccessible.'*

*'In Polish court practice ... the role of the judge is often seen as being one of a passive observer in a purely adversarial procedure. ... At present, judges were*

Case No.:  CV06-1524 JLR

SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.   - 10 -

*observed to sometimes avoid taking initiative in the course of the proceedings, to steer clear from encouraging settlement between parties, or from simplifying, shortening proceedings. The impression of some scholars is also that in even the simplest of matters the judges refuse to take a decision based upon their own common sense, experience and opinion, and refer to experts for their views. . . . In some way relieved of their duty to actively lead the proceedings, the judges are not willing to risk taking initiative in making many vital decisions during the proceedings - even the simplest and most obvious facts often require confirmation by experts. This leads to increased costs and length of civil proceedings... . This approach makes judicial case management and case control, so crucial in managing group litigation, very difficult.'*

*'Overall, what is striking about the Polish Court procedure is its length, often disproportionate to the degree of complexity of the issues involved, let alone the value of the case.'"*

*Objections:    Improper opinion, improper legal argument, hearsay, relevance, lacks foundation, lacks personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.*

### Declaration Paragraph 27:

"It is my understanding that in the United States a judge has a broad discretion in managing the case. For example, to my modest knowledge of the subject, Rule 16 of the Federal Rules of Civil Procedure authorizes the court to require the parties to participate in a pretrial conference to consider the orderly administration of the case. Even if a judge does not take the initiative to set the conference, a party who perceives a need to organize the schedule of pretrial actions and commit his opponent to court-ordered deadlines can obtain assistance from the court."

*Objections:    Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, calls for speculation, bias.*

### Declaration Paragraph 28:

"Under Articles 207 and 208 of the Polish CCP, the court may undertake certain preparatory actions before the first hearing. In particular, she can order that the defendant file a reply to the statement of claims and that parties exchange further communications (Article 207 § 2 of the CCP); she can issue a subpoena ordering attendance of parties, witnesses and expert witnesses to be heard during the trial (Article 208 § 1.1, 3 and 4); she can order production of documents from a third party (Article 208 § 1.2). However, except from the order that the defendant file a reply and that counsels be present at the hearing, rarely does the court exercise its powers."

Case No.:  CV06-1524 JLR

SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.   - 11 -

*Objections: Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.*

### Declaration Paragraph 29:

"Further, I understand that during pretrial conference(s), which may even take the form of a conference call, the court and the attorneys have a chance to discuss such procedural issues as they see important for the case (service; jurisdiction; schedule for discovery; consolidation or separation; joinder; etc.)."

*Objections: Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.*

### Declaration Paragraph 30:

"In the practice of Polish courts it is unimaginable that a judge calls parties or their attorneys. It is also not practiced (although procedurally conceivable) that a judge sets an informal meeting with the counsels to both parties to discuss the course of the proceedings in advance. On the contrary, such issues are usually discussed not earlier than during the first hearing (although it is quite often that parties raise formal defenses and objections in writing before)."

*Objections: Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.*

### Declaration Paragraph 31:

"I also believe that under the Federal Rules of Civil Procedure in complex cases the judge, either by himself or in coordination with parties, formulates a discovery plan and schedules dates for evidence motions and limits to the evidence collection."

*Objections: Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, calls for speculation, bias.*

### Declaration Paragraph 32:

"Save for the lack of pre-trial discovery, in Poland no such thing as a schedule for evidence collection exists. Evidence is collected quite spontaneously; it is not rare that witnesses called for one hearing must attend again, because a recess is ordered because of some formal reasons or, because of clear schedule, the hearing time ends."

Case No.: CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.   - 12 -

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 1515
SEATTLE, WASHINGTON 98101
(206) 622-3790

*Objections:  Improper opinion, improper legal argument, relevance, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.*

### Declaration Paragraph 33:

"If court orders are to be respected, there must be effective incentives to ensure compliance.  Two primary sanctions for violations of pretrial orders have developed: first, dismissal of the plaintiff's action for failure to prosecute, or default when the defendant is the violator, and second, imposition of fines or taxing of costs caused by the disobedience."

*Objections:  Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.*

### Declaration Paragraph 34:

"Both types of the above sanctions exist also in Polish procedure.  However, apart from dismissal for failure to give evidence and default decisions issued when the defendant fails to submit a reply when ordered and to appear on the first hearing without prior notice to the court, enforcement of other orders is close to nonexistent."

*Objections:  Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.*

### Declaration Paragraph 35:

"In particular, if a third party fails to produce a document as per court's order, the court may impose a fine up to PLN 1,000 (Articles 251 and 163 of the CCP). The fine may be imposed only once and the court has no tool to forcefully take the relevant document away from the third party who is in its possession.  If the subpoenaed witness fails to appear, or refuses to testify without a reason, the court may administer a fine up to PLN 1,000 and if need be, impose the fine for the second time and order that the witness be forcefully brought before the court (Article 274 § 1 and Article 276 § 2 of the CCP).  However, if the witness fined appears before the court within a week or at the closest hearing set by the court, he can give reasons for his failure to appear as ordered, in which case the court may take back the fine (Article 275 of the CCP).  In some extreme situations, for example, when a witness refuses to testify, the court may order that the witness be confined for a period not longer than one week (Article 276 § 2 of the CCP)."

*Objections:  Improper opinion, improper legal argument, lacks foundation, lacks personal knowledge, conclusory, calls for speculation, bias.*

Case No.:  CV06-1524 JLR
SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.   - 13 -

1

### Declaration Paragraph 36:

2

"All of the above remedies are a good example of the "law on the books" that simply does not work.  A fine in the amount of PLN 1,000 is not able to deter many violators in Poland.  I can imagine that an officer of a company accused of a fraud and conspiracy, if faced with the alternative of giving testimony which could be potentially harmful for that company and paying less than $400 would quickly ask for the bill.  The same can be said of a party ordered to produce a document.  Orders to forcibly bring a witness happen extremely rarely and would not be enforceable against witnesses residing permanently outside of Poland. Orders to arrest a witness never happen."

3

4

5

6

7

*Objections:   Improper opinion, improper legal argument, lacks foundation, lacks personal*

8

*knowledge, conclusory, calls for speculation, bias.*

9

### Declaration Paragraph 37:

10

"Moreover, even when the "law on the books" is concerned, the court has no tools whatsoever to coerce production or testimony from a party on the motion of the adversary.  If a party chooses not to produce, it simply cannot be punished otherwise than by displeasing the judge."

11

12

13

*Objections:   Improper opinion, improper legal argument, lacks foundation, lacks personal*

14

*knowledge, conclusory, calls for speculation, bias.*

15

### Declaration Paragraph 38:

16

"Polish procedure gives each party the right to appeal against many of the interlocutory decisions and orders of the court.  For example, a party may appeal against decision to grant or deny the motion to dismiss on the ground of lack of jurisdiction or other formal defenses; decision to deny the motion to exempt from costs; decision to deny the motion to free counsel; decision to dismiss or to accept an opposition against permissive intervention; order imposing fine or enforcing subpoena; decision to stay the proceedings or to commence the proceedings previously stayed; decision to deny the motion to exclude a judge; decision to refuse acceptance of an appeal (Article 394 of the CCP)."

17

18

19

20

21

*Objections:   Improper opinion, improper legal argument, lacks foundation, lacks personal*

22

*knowledge, conclusory, bias.*

23

### Declaration Paragraph 39:

24

"Most of the appeals, even if manifestly frivolous, stay the proceedings until such time that the appeal is reviewed by the upper court. Therefore, many appeals are filed by a party who has no real interest in winning the appeal, but aims to frustrate the trial.  For example, an affluent defendant may file a petition

25

26

27

Case No.:  CV06-1524 JLR

SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.   - 14 -

28

1  for exemption from costs or for a fee counsel.  Such motion would surely be
2  denied, but it is appealable.   A party who wishes to frustrate the taking of
   evidence may ignore court's orders and appeal against each fie.   Such
3  possibilities are plenty."

4  ***Objections:  Improper opinion, improper legal argument, relevance, lacks foundation, lacks***

5  ***personal knowledge, conclusory, calls for speculation, bias.***

6  **Declaration Paragraph 40:**

7  "For the above reasons I continue to believe that, as stated in my previous
   declaration of July 17, 2007, Polish procedure is not suitable for proving a case
8  based on alleged conspiracy."

9  ***Objections:  Improper opinion, improper legal argument, relevance, lacks foundation, lacks***

10 ***personal knowledge, conclusory, calls for legal conclusion, calls for speculation, bias.***

11

12 DATED this 15th day of February, 2008.

                                        /s/
13                                      SAMUEL A. KEESAL, JR.
                                        BEN SUTER
14                                      ROBERT J. BOCKO, WSBA 15724
                                        Attorneys for Defendant ZYGMUNT
15                                      SOLORZ-ZAK
                                        Keesal, Young & Logan
16                                      1301 Fifth Avenue, Suite 1515
                                        Seattle, Washington  98101
17

18

19

20

21

22

23

24

25

26

27 Case No.:  CV06-1524 JLR
   SOLORZ-ZAK'S EVID. OBJ. TO KOZLOWSKI DECL.   - 15 -
28